# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., | ) 1:03cv5439 OWW DLB </br>) </br>) ORDER GRANTING PLAINTIFF CEMG'S </br>) MOTION TO FILE SECOND AMENDED </br>) COMPLAINT |
| Plaintiffs, | ) </br>) (Document 110) |
| v. | ) |
| RICHARD SINCLAIR, et al., | ) |
| Defendants. | ) |

Plaintiff California Equity Management Group, Inc. ("CEMG") filed the instant Motion to File a Second Amended Complaint on April 7, 2005. The motion was heard on May 13, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Timothy Ryan appeared on behalf of CEMG and Richard Sinclair appeared on behalf of Defendants.

## BACKGROUND

Fox Hollow of Turlock Owners' Association ("Association") filed the instant action against Defendants, the former owners and managers of a condominium project, on April 4, 2003. The complaint primarily alleges the misuse of association funds for Defendants' own purposes. The Court has jurisdiction based upon the Association's allegations that the misuse of funds violated 18 U.S.C. § 1961 of the Racketeer Influenced and Corrupt Organization Act ("RICO").

Thereafter, CEMG, the current owner of the development, filed a complaint against Defendants, in Case No. CV F 03-5774 OWW SMS, alleging violation of RICO statutes, conversion of rent proceeds, quiet title and reformation of a written instrument.

On April 24, 2003, Defendants in the federal actions filed a complaint in the Stanislaus County Superior Court, Case No. 332233, against CEMG and its principal, Andrew Katakis.

On May 6, 2003, Defendants in the federal action filed a complaint in the Stanislaus County Superior Court against the Association, Case No. 332675, alleging breach of Association regulations, enforcement of equitable servitudes, breach of fiduciary duties, violation of California Corporations Code section 8333, and declaratory relief.

On September 26, 2003, the Court consolidated the federal Fox Hollow and CEMG cases and the parties stipulated to removal and consolidation of Case No. 332675. Case No. 332233 was not removed and is still pending in state court.

In March and April 2005, the parties filed numerous motions. Plaintiff CEMG filed its Motion to file a Second Amended Complaint on April 7, 2005. The motion concerns CEMG's complaint filed on June 5, 2003 and amended on September 26, 2003.[1] Defendants filed their answer on April 12, 2004. The first amended complaint includes the following causes of action:

    1. Intentional Interference with Contract
    2. Conversion
    3. Unfair Trade Practices
    4. Slander of Title
    5. Declaratory Relief
    6. Quiet Title
    7. Reformation
    8. Declaratory Injunctive Relief
    9. Abuse of Process

---

[1] It appears that even counsel has confused the involved cases- he states that the complaint was filed on April 4, 2003, and amended on July 15, 2003. These are the dates involving the Fox Hollow complaint, not the CEMG complaint.

      10. Conspiracy

      11. Racketeering Influence and Corrupt Organizations Act

      12. Accounting

CEMG seeks to amend the complaint to include the theory of mutual mistake in support of its cause of action for reformation of certain trust deeds.

Defendants filed their opposition on April 28, 2005.

CEMG filed its reply on May 3, 2005.

On May 11, 2005, Defendants filed a "supplemental opposition."

## DISCUSSION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. <u>Loehr v. Ventura County Cmty. Coll. Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. <u>Swanson v. United States Forest Serv.</u>, 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).

B.   <u>Analysis</u>

CEMG seeks to amend its first amended complaint to assert the theory of unilateral and mutual mistake in support of its reformation cause of action.[2] CEMG explains that it is the

---

[2] The reformation cause of action in the first amended complaint alleges that title to certain garages was omitted as a result of a mistake on the part of its successor in interest, which mistake was either known by Defendants or concealed from CEMG's predecessors in interest through fraud on the part of Defendants.

3

successor in interest to all of the units within Fox Hollow.  Title to certain garages in the development is one issue in this action.  Currently, title to some of the garages remains with Defendants despite the fact that the corresponding units were subject to foreclosure.  CEMG seeks to reform these deeds so that they include both the unit *and* the respective garages.  CEMG believes it was the intention of the parties to the transaction that title to the garages would pass with each corresponding unit, but due to either unilateral mistake or mutual mistake, the trust deeds did not include title to the garages.

CEMG also seeks to add causes of action concerning wrongfully withheld sums, including causes of action for breach of contract, money had and received, and bad faith retention of security deposit.  CEMG explains that it brought three actions in small claims court to recover monies wrongfully withheld by Lairtrust, Capstone, and Richard Sinclair.  According to CEMG, the small claims court "accepted Richard Sinclair's representation that these matters were being litigated in these consolidated matters."  Motion, at 6.  CEMG therefore seeks to add these causes of action.

CEMG contends that since the action has not moved beyond the initial discovery phase and the Court has not issued a scheduling order, Defendants will not be prejudiced by the proposed amendments.  CEMG also points out that none of the proposed additional causes of action are barred by the applicable statutes of limitations.

In opposition, Defendants incorrectly argue that CEMG does not have standing to bring the motion because default has been entered against it.  Although Defendants filed an application for default and affidavit in support thereof on March 3, 2005, the clerk has not entered default, and will not likely enter default given that CEMG filed its answer to Defendants' complaint on March 9, 2005.

In their supplemental opposition, Defendants argue that allowing the amendment would prejudice Defendants because discovery is well under way and would be futile because the amendments do not state a claim for relief.

CEMG is granted leave to amend to file a second amended complaint to assert the theory of unilateral and mutual mistake in support of its reformation cause of action, and to add causes

of action concerning wrongfully withheld sums, including causes of action for breach of contract, money had and received, and bad faith retention of security deposit.  Although Defendants argue that prejudice will result because "discovery is well under way," this does not necessarily cause prejudice.  The case has not yet been scheduled and therefore no discovery deadlines have been set.  The parties will be allowed ample opportunity for discovery after the filing of the second amended complaint.

As for Defendants' claim of futility, they argue that the existing claims and the new proposed claims are without merit and that Plaintiffs have suffered no damage.  This, of course, is not for the Court to decide at this juncture.  Defendants further argue that the claims are barred by California's Proposition 64.  Proposition 64, passed in November 2004, amends California Business and Professions Code section 17204 to allow a citizen to bring a lawsuit only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition."  The purpose behind Proposition 64 was to prohibit "representative" actions on behalf of the general public where the individual bringing the suit was entirely unaffected by the business practice.  This is not the case here.  Certainly, Plaintiffs contend that they have lost property or money, despite Defendants blanket claim to the contrary.  Moreover, even assuming Proposition 64 applies to the current action, the California Supreme Court is currently considering whether the amendment applies retroactively.  See Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America, --- Cal. Rptr. 3d ---, 2005 WL 1155521, *18, n. 10 (May 17, 2005).

Accordingly, IT IS HEREBY ORDERED that CEMG's Motion to File a Second Amended Complaint is GRANTED.  CEMG SHALL file the second amended complaint within fifteen (15) days of the date of service of this order.  Defendants SHALL file an answer to the second amended complaint within twenty (20) days of the date of filing.

IT IS SO ORDERED.

**Dated:   May 23, 2005**           **/s/ Dennis L. Beck**
3b142a           UNITED STATES MAGISTRATE JUDGE