# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:03cv5439 OWW DLB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL<br><br>(Document 87) |
| Plaintiffs, | | |
| v. | | |
| RICHARD SINCLAIR, et al., | | |
| Defendants. | | |

Defendants filed the instant Motion to Disqualify Plaintiffs' Counsel Timothy Ryan on March 16, 2005. The motion was heard on May 13, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Timothy Ryan appeared on behalf of CEMG and Richard Sinclair appeared on behalf of Defendants.

## BACKGROUND

Plaintiff Fox Hollow of Turlock Owners' Association ("Association") filed the instant action against Defendants, the former owners and managers of a condominium project, on April 4, 2003. Defendants include Richard Sinclair ("Sinclair"), Brandon Sinclair, Lairtrust, Mauctrust and Capstone. The complaint primarily alleges the misuse of association funds for Defendants' own purposes. The Court has jurisdiction based upon Plaintiff's allegations that the misuse of funds violated 18 U.S.C. § 1961 of the Racketeer Influenced and Corrupt Organization Act ("RICO").

1

1    Thereafter, California Equity Management Group ("CEMG"), the current owner of the
2 development, filed a complaint against Defendants, in Case No. CV F 03-5774 OWW SMS,
3 alleging violation of RICO statutes, conversion of rent proceeds, quiet title and reformation of a
4 written instrument.
5    On April 24, 2003, Defendants in the federal actions filed a complaint in the Stanislaus
6 County Superior Court, Case No. 332233, against CEMG and its principal, Andrew Katakis.
7    On May 6, 2003, Defendants in the federal action filed a complaint in the Stanislaus
8 County Superior Court against the Association, Case No. 332675, alleging breach of Association
9 regulations, enforcement of equitable servitudes, breach of fiduciary duties, violation of
10 California Corporations Code section 8333, and declaratory relief.  Sinclair acted as Defendants'
11 attorney in both state court proceedings.
12    On June 27, 2003, the Association filed a motion in state court seeking an order to
13 disqualify Sinclair as Plaintiffs' (in the state action) attorney based on Sinclair's prior formation
14 and representation of the Association.  Prior to the hearing on the motion, Sinclair voluntarily
15 withdrew as counsel and attorney Michael Abbott substituted in as new counsel.
16    On September 26, 2003, the Court consolidated the federal Fox Hollow and CEMG cases
17 and the parties stipulated to removal and consolidation of Case No. 332675.  Case No. 332233
18 was not removed and is still pending in state court.
19    On December 2, 2004, the Court granted in part the Association's motion for summary
20 judgment in Case No. 332675.  The Court granted Plaintiffs in that case (Sinclair, et al.,) 20 days
21 to file an amended complaint.
22    On December 10, 2004, Mr. Abbott filed a motion to withdraw as attorney of record.
23 Prior to the hearing, Sinclair, as "co-counsel," filed a first amended complaint on behalf of
24 Lairtrust, Mauctrust and Capstone.  On January 21, 2005, the Court granted Mr. Abbott's motion
25 to withdraw and ordered him to submit a proposed order.  However, he did not submit the order
26 until March 9, 2005.  On May 11, 2005, the Court signed the Order.
27    In March and April 2005, the parties filed numerous motions.  The instant Motion to
28 Disqualify Plaintiffs' Counsel Timothy Ryan ("Ryan") was filed on March 16, 2005.  The two

main grounds for disqualification are (1) Ryan will be called as a material witness to testify at trial; and (2) Ryan represents interests adverse to former and existing clients in the same subject matter and no written consent has been obtained.

Plaintiffs filed their opposition on April 1, 2005.

Defendants filed their reply on May 6, 2005.

## DISCUSSION

A. Background Facts

    1. Defendants' Background Facts

Sinclair explains in his declaration that Fox Hollow had one owner until a lender, represented by Ryan, foreclosed on a single unit. The multiple ownership required the commencement of the Association, which was created and operated by Defendants. Katakis, represented by Ryan, gained control of the Association and became the attorney for the Association. Prior to this, Defendants were officers and directors of the Association and were property owners within Fox Hollow subject to the Association. Sinclair alleges that Katakis and Ryan changed the rules of the Association and assessed large dues against some of the Defendants in an effort to squeeze them out. He also alleges that Ryan and his former law firm became a Trustee for the Association and foreclosed upon Defendants and assisted in taking their property and all remaining interests in the residential lots not owned by Katakis. Sinclair points out that Katakis is now the sole voting power of the Association.

In his declaration, Brandon Sinclair explains that he owned one lot within Fox Hollow. In 2001, Katakis began acquiring deeds of trust and buying lots within Fox Hollow. He alleges that Katakis used the Association for his own personal benefit, took control of it, and had Ryan foreclose for the Association and take his property. Katakis and the Association now own all residential lots within Fox Hollow, and he is the sole beneficiary of the Association. He contends that Ryan's representation of Katakis was adverse to his rights, the rights of other owners, and the rights of the Association. He believes that Katakis took away his property using confidential information Ryan obtained from the Association. He further states that Defendants do not consent to Ryan's representation of the Association or the Trustee.

2.      Plaintiffs' Background Facts

Ryan explains that he, his firm and his former firm have obtained numerous judgments against Sinclair and his clients involving the Fox Hollow development. Sinclair named Ryan as a defendant in the pending state case and then moved to disqualify him, as he has done here.

In his declaration, Katakis explains that he is the President of the Association and the President of CEMG. He retained Ryan's prior law firm in 2003 and substituted Ryan's new firm when it opened. Ryan has advised Katakis that he has been named as a defendant and may be called as a witness. Katakis consulted outside counsel and opted to have Ryan continue his representation.

B.      Grounds for Disqualification

1.      Material Witness

Defendants cite Rule 5-210 of the Rules of Professional Conduct of the State Bar of California for the proposition that an attorney cannot act as an advocate and a witness before a jury unless certain conditions are met. Defendants contend that Ryan[1] will be called as an "integral witness in this jury trial matter" because he handled the foreclosures of their duplexes "as the attorney for [the Association], the Trustee and attorney for the Trustee, as well as for [] Katakis who will be the sole beneficiary of [] Ryan's actions and is the sole shareholder of [the Association]." Defendants also contend that Ryan will be called to testify regarding his actions against the current lot owners and his actions involving a breach of fiduciary duty, loyalty, negligence and breach of confidentiality to present and former clients.

Rule 5-210 provides:

A member shall not act as an advocate before a jury which will hear testimony from the member unless:

(A) The testimony relates to an uncontested matter; or

(B) The testimony relates to the nature and value of legal services rendered in the case; or

---

[1] Defendants refer to Ryan as "Defendant Ryan." On March 16, 2005, the same day this motion was filed, Defendants filed an "amendment" to the First Amended Complaint naming Ryan as Doe 1 and Ryan's former law firm as Doe 2. Plaintiffs have filed a motion to drop Ryan as an improper party and Defendants have filed a statement of non-opposition. Accordingly, this argument is moot.

(C) The member has the informed written consent of the client. If the member represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the member is employed and shall be consistent with principles of recusal.

The trial court has discretion to order withdrawal of counsel in instances where an attorney should testify on behalf of the client. Lyle v. Superior Court, 122 Cal.App.3d 470 (1981). In balancing the need to maintain professional responsibility with the client's interest in competent representation by an attorney of his or her choice, the trial court should resolve the close case in favor of the client's right to representation of his or her choice. Id., at 482. "If a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." Id.

Where the client has provided written consent, the Court must ask, based on the evidence, whether a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process has been made. Smith, Smith & Kring v. Superior Court, 60 Cal.App.4th 573, 579 (1997).

Here, Ryan explains in his declaration that upon receiving service of Defendants' doe amendment naming him as a Doe defendant, he drafted a letter to his clients explaining that Mr. Sinclair claims that Ryan is a material witness and will be called to testify at trial. Declaration of Timothy Ryan ("Ryan Dec."), ¶ 6. He informed the clients that the matter could be impacted by his potential dual role in any eventual trial, and advised his clients to seek the opinion of another attorney to evaluate their options. Ryan Dec., ¶ 6. After a reasonable opportunity to seek the advice of outside counsel, Ryan's clients asked him to remain as counsel of record. Ryan Dec., ¶ 7. Ryan contends that this letter is protected by the attorney-client privilege. Ryan Dec., ¶ 7.

As Ryan obtained his clients' informed, written consent, the test becomes whether there is a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process. Plaintiffs argue, and this Court agrees, that Defendants' argument that they were former clients of Ryan and will somehow suffer if Ryan continues his representation of Plaintiffs is baseless. This will be discussed in more detail below.

5

1   Nor have Defendants demonstrated any injury to the integrity of the judicial process.
2   Prior to ordering disqualification of counsel based on the opposing party's intent to call counsel
3   as a witness, the court must determine whether counsel's testimony is genuinely needed.
4   Reynolds v. Superior Court, 177 Cal.App.3d 1021, 1027 (1986).  Defendants have provided little
5   more than vague, generalized areas in which Ryan may be called to testify.  This is insufficient to
6   allow the Court to determine whether his testimony is genuinely needed.

7       2.    Representation of Adverse Interests

8   The crux of Defendants' argument is that because Ryan represents the Association, he
9   also represented each Fox Hollow lot owner, past and present, as well as the present and former
10  board members of the Association, which includes all Defendants.  Defendants contend that case
11  law bars dual representation of a corporation and its managers in all derivative actions and cases
12  involving small corporations and partnerships.
13  For purposes of this argument, the applicable standard of conduct is set forth in Rule 3-
14  310(E), which provides as follows:

15      (E) A member shall not, without the informed written consent of
       the client or former client, accept employment adverse to the client
16     or former client where, by reason of the representation of the client
       or former client, the member has obtained confidential information
17     material to the employment.

18  Defendants argument is flawed on a very basic level- Ryan's representation of the
19  Association, alone, does not make any of the Defendants, who may have been past members of
20  the Association or subject to its regulations, "clients."  Pursuant to Rule 3-600(A), an attorney for
21  an organization must treat the organization itself as the client and *may* also represent the
22  organization's directors, officers, employees, members, shareholders, or other constituents,
23  subject to the provisions of Rule 3-310.  Ryan contends that he has never represented any
24  Defendants in any capacity, has been defending Plaintiffs against Defendants' claims for six
25  years, and has never talked to Defendants, except for exchanging pleasantries with Sinclair after
26  hearings.  Ryan further contends that Defendants have never provided him with confidential
27  information, nor can it be said that any Defendant was under the belief that Ryan was
28

1  representing their interests at any time, given that Ryan has been defending suits by Defendants
2  since September 2000.
3        The case law cited by Defendants does not further their position.  Most of the cases cited
4  discuss dual representation of a partnership and a partner, which of course involves different
5  concerns and interests than an organization such as the Association.  The Association cannot be
6  analogized to a partnership, or even a corporation.  In other words, there is no basis for finding
7  that any of the Defendants are, or were, clients of Mr. Ryan.
8        Accordingly, Defendants' Motion to Disqualify Mr. Ryan is DENIED.

12  IT IS SO ORDERED.
13  **Dated:     May 23, 2005**                    **/s/ Dennis L. Beck**
    3b142a                                         UNITED STATES MAGISTRATE JUDGE