1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

FOX HOLLOW OF TURLOCK
OWNERS' ASSOCIATION, et al.,

                            Plaintiffs,

            v.

RICHARD SINCLAIR, et al.,

                            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:03cv5439 OWW DLB

ORDER DENYING AS MOOT PLAINTIFFS'
MOTION TO DISQUALIFY
RICHARD SINCLAIR AS COUNSEL

(Document 87)

17      Plaintiffs filed the instant Motion to Disqualify Richard Sinclair as Defendants' Counsel

18 on April 1, 2005.  The motion was heard on May 13, 2005, before the Honorable Dennis L. Beck,

19 United States Magistrate Judge.  Timothy Ryan appeared on behalf of CEMG and Richard

20 Sinclair appeared on behalf of Defendants.

21                              **BACKGROUND**

22      Plaintiff Fox Hollow of Turlock Owners' Association ("Association") filed the instant

23 action against Defendants, the former owners and managers of a condominium project, on April

24 4, 2003.  Defendants include Richard Sinclair ("Sinclair"), Brandon Sinclair, Lairtrust, Mauctrust

25 and Capstone.  The complaint primarily alleges the misuse of association funds for Defendants'

26 own purposes.  The Court has jurisdiction based upon Plaintiff's allegations that the misuse of

27 funds violated 18 U.S.C. § 1961 of the Racketeer Influenced and Corrupt Organization Act

28 ("RICO").

1

1    Thereafter, California Equity Management Group ("CEMG"), the current owner of the

2    development, filed a complaint against Defendants, in Case No. CV F 03-5774 OWW SMS,

3    alleging violation of RICO statutes, conversion of rent proceeds, quiet title and reformation of a

4    written instrument.

5    On April 24, 2003, Defendants in the federal actions filed a complaint in the Stanislaus

6    County Superior Court, Case No. 332233, against CEMG and its principal, Andrew Katakis.

7    On May 6, 2003, Defendants in the federal action filed a complaint in the Stanislaus

8    County Superior Court against the Association, Case No. 332675, alleging breach of Association

9    regulations, enforcement of equitable servitudes, breach of fiduciary duties, violation of

10   California Corporations Code section 8333, and declaratory relief.  Sinclair acted as Defendants'

11   attorney in both state court proceedings.

12   On June 27, 2003, the Association filed a motion in state court seeking an order to

13   disqualify Sinclair as Plaintiffs' (in the state action) attorney based on Sinclair's prior formation

14   and representation of the Association.  Prior to the hearing on the motion, Sinclair voluntarily

15   withdrew as counsel and attorney Michael Abbott substituted in as new counsel.

16   On September 26, 2003, the Court consolidated the federal Fox Hollow and CEMG cases

17   and the parties stipulated to removal and consolidation of Case No. 332675.  Case No. 332233

18   was not removed and is still pending in state court.

19   On December 2, 2004, the Court granted in part the Association's motion for summary

20   judgment in Case No. 332675.  The Court granted Plaintiffs in that case (Sinclair, et al.,) 20 days

21   to file an amended complaint.

22   On December 10, 2004, Mr. Abbott filed a motion to withdraw as attorney of record.

23   Prior to the hearing, Sinclair, as "co-counsel," filed a first amended complaint on behalf of

24   Lairtrust, Mauctrust and Capstone.  On January 21, 2005, the Court granted Mr. Abbott's motion

25   to withdraw and ordered him to submit a proposed order.  However, he did not submit the order

26   until March 9, 2005.  On May 11, 2005, the Court signed the Order.

27   In March and April 2005, the parties filed numerous motions.  The instant motion to

28   disqualify Sinclair was filed on April 1, 2005.  The Association argues that Sinclair was retained

2

to incorporate the Association; Sinclair was the first president of the Association; Sinclair acted as the Association's counsel of record, operated the Association and defended the Association for two years in a receivership action.  The Association does not consent to Sinclair's representation of Lairtrust, Mauctrst and Capstone based on their prior "substantial relationship."

### DISCUSSION

"A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in the furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every manner pertaining thereto.' " *Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.,* 36 Cal.App.4th 1832, 1837-38, 43 Cal.Rptr.2d 327 (1995) (citations omitted).  "The issue of disqualification 'ultimately involves a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility.' " *Id.* at 1838, 43 Cal.Rptr.2d 327 (quoting *In re Complex Asbestos Litigation,* 232 Cal.App.3d 572, 586, 283 Cal.Rptr. 732 (1991)); *Comden v. Superior Court,* 20 Cal.3d 906, 915, 145 Cal.Rptr. 9, 576 P.2d 971 (1978).

The applicable standards of professional responsibility are found in the Rules of Professional Conduct of the State Bar of California. For purposes of this motion, the applicable standard of conduct is set forth in Rule 3-310(E), which provides as follows:

> (E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

For the most part, rule 3-310(E) has been invoked in two situations – where the attorney successively represents clients with potential or actual adverse interests.  *See Flatt v. Superior Court,* 9 Cal.4th 275, 283 (1994).  According to *Flat,* when the facts involve successive representation, the "governing test requires that the client demonstrate a 'substantial relationship' between the subjects of the antecedent and current representations" in order to obtain disqualification of the target attorney.  *Id.* at p. 283, 26 Cal.Rptr.2d 537, 885 P.2d 950; *Jessen v. Hartford Casualty Insurance Company*, 3 Cal.Rptr.3d 877, 881.

1       This is a "successive representation" case as was *Jensen.* The California Supreme Court

2   reaffirmed the rule requiring a "substantial relationship" successive representation cases in

3   *People ex rel. Dept of Corporations v. SpeeDee Oil Change Systems,* 20 Cal. 4th 1135, 86

4   Cal.Rptr. 816, 980 P.2d 371 (1999).   Actual possession of confidential information need not be

5   proven in order to disqualify the former attorney; if the former client cannot establish that

6   confidences were in fact revealed, it is enough to show a "substantial relationship" between the

7   former and current representation. *H.F. Ahmanson & Co. v. Saloman Bros., Inc.* 229 Cal.App. 3d

8   1445, 1459 (1991).  If the former client can establish the existence of a substantial relationship

9   between representations, the courts will conclusively presume the attorney possesses confidential

10  information adverse to the former client. *Id.*  The conclusive presumption of knowledge of

11  confidential information has been justified as a rule of necessity, "for it is not within the power of

12  the former client to prove what is in the mind of the attorney. Nor should the attorney have to

13  'engage in a subtle evaluation of the extent to which he acquired relevant information in the first

14  representation and of the actual use of that knowledge and information in the subsequent

15  representation.' *Id.*

16      Here, Sinclair does not dispute the extent of his prior relationship with the Association.

17  He was apparently hired by the Association in August 2000 in connection with its incorporation,

18  operation and collection of Homeowners dues.  He also defended the Association in state court

19  actions.  On the surface, there appears to be a "substantial relationship" between the former and

20  current representation sufficient to warrant disqualification.  However, the Association that exists

21  today and that is the party in the instant action, is a different entity than existed at time of

22  Sinclair's representation which diminishes the danger of revealing client confidences.  Moreover,

23  Sinclair is being sued by the Association in this action for breach of fiduciary duties arising out

24  of his prior management of the Association and therefore an argument can be made that the

25  Association was waived any conflict that may have existed.

26      The Court need not resolve these issues in the present motion.  At the hearing, Mr.

27  Sinclair recognized that despite there being no clear authority for the Court to disqualify him in

28  this case, his continuing representation of the Defendants given the potential for their interest to

4

become adverse, is not advisable.  Accordingly, Mr. Sinclair represented that he was in the process of obtaining counsel to represent himself and the other Defendants.  Based on these representations, it appears that despite the interesting issues raised, the Association's motion is moot and is therefore DENIED without prejudice to renewing the request to disqualify Sinclair if new counsel has not substituted in for Defendants within 30 days.

IT IS SO ORDERED.

**Dated:    May 25, 2005**          _____/s/ Dennis L. Beck_____
3b142a                              UNITED STATES MAGISTRATE JUDGE