1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9   FOX HOLLOW OF TURLOCK              )   1:03cv5439 OWW DLB
    OWNERS'ASSOCIATION, et al.,        )
                                       )   ORDER DENYING PLAINTIFFS'
10                                     )   MOTION FOR SANCTIONS
                                       )
11              Plaintiffs,            )   (Document 125)
                                       )
12       v.                            )
                                       )
13   RICHARD SINCLAIR, et al.,         )
                                       )
14                                     )
                                       )
15              Defendants.            )
                                       )

16

17       Plaintiffs Fox Hollow of Turlock's Owner's Association, CEMG and Andrew Katakis

18   (collectively "the Association") filed the instant Motion for Sanctions Against Richard Sinclair

19   for Filing Matters as "Counsel of Record" while not Designated as such on April 27, 2005.  The

20   motion was heard on May 27, 2005, before the Honorable Dennis L. Beck, United States

21   Magistrate Judge.  Timothy Ryan appeared on behalf of CEMG and Richard Sinclair appeared on

22   behalf of Defendants.

23                              **BACKGROUND**

24       The parties and the Court are well familiar with the background of this case and the Court

25   will not reiterate its history.  In the present motion, the Association asserts that despite not being

26   the attorney of record for any party in this action (including himself), attorney Richard Sinclair

27   has signed and filed a first amended complaint and a request for entry of default and signed a

28   declaration under penalty of perjury where he claims that he is "one of the attorneys for the

1

1  Plaintiffs in this action."  While Mr. Sinclair was the original attorney, the Association points out

2  that he withdrew as counsel and new counsel assumed that role.  The Court recently granted

3  Michael Abbott's motion to withdraw; however the parties he represented have not filed a

4  substitution of attorney identifying new counsel.  Mr. Sinclair has not substituted in as attorney

5  of record and the Association argues he cannot as he has a conflict in representing the parties

6  against the Association.  The Association argues that his signature on the pleadings does not

7  satisfy the requirements of Rule 11a and therefore the amended complaint and request for entry

8  of default are void.  The Association argues that Mr. Sinclair knowingly violated Rule 11a in

9  order to file the amended complaint and avoid judgment.  The Association requests that the

10  amended complaint be stricken and that Sinclair be sanctioned for filing the request for entry of

11  default.

12        The Association also contends that sanctions are warranted under 28 USC sec 1927 and

13  the court's inherent equitable power based on Mr. Sinclair's tactics engaged in for the sole

14  purpose of avoiding judgment and causing additional attorneys fees and expenses.

15                                   **DISCUSSION**

16  A.        Legal Standards

17  _____1.        Rule 11

18  _____Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and

19  other paper shall be signed by at least one attorney of record in the attorney's individual name..."

20  Rule 11(b) further provides that by presenting a pleading or written motion to the Court, an

21  attorney is certifying that the motion is not being presented for "any improper purpose, such as to

22  harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the

23  "allegations and other factual contentions have evidentiary support . . ."  Fed.R.Civ.Proc.

24  11(b)(1) and (3).

25         Rule 11 is intended to deter dilatory or abusive pretrial tactics and to streamline litigation

26  by excluding baseless filings.  Cooter & Gell v. Hartmarx Corp, 496 U.S. 384 (1996).  Rule 11

27  provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or

28  without factual foundation, or is brought for an improper purpose.  Estate of Blue v. County of

2

<u>Los Angeles</u>, 120 F.3d 982, 985 (9th Cir. 1997).  Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry."  <u>Id.</u> (internal citations omitted). Whether Rule 11 has been violated is measured by an objective standard.  <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 831 (9th Cir. 1986).

If a violation is found, the Court may, in its discretion, may impose an "appropriate sanction."  The sanction must be limited to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed.R.Civ.Proc. 11(c)(2).  Monetary sanctions are not awarded where the Rule 11 violation consists of frivolous contention of law. Fed.R.Civ.Proc. 11(c)(2)(A).

Rule 11 has a "safe harbor" provision.  Pursuant to Rule 11(c)(1)(A), a motion for sanctions may not be filed until 21 days after it is served.  During this time, the party served with the motion has the opportunity to correct the violation by withdrawing the offending pleading. <u>Barber v. Miller</u>, 146 F.3d 707, 711 (9th Cir. 1998).

2.      28 U.S.C. § 1927

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Unreasonably and vexatiously" requires a showing of "bad faith, improper motive, or reckless disregard of the duty owed to the court."  <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998).  Sanctions awarded pursuant to section 1927 must be supported by a subjective finding of bad faith.  <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.</u>, 210 F.3d 1112, 1118 (9th Cir. 2000).

B.      <u>Analysis</u>

1      Given the circumstances and history of this case, the Court does not find Sinclair's

2  actions in filing the first amended complaint or request for default sanctionable.  Mr. Sinclair was

3  the attorney of record in the original action before it was removed to this Court.  New counsel

4  substituted in; however, at the time of the filing of the amended complaint, there was a motion to

5  withdraw pending.  The Association answered the first amended complaint which they now seek

6  to strike and served it on Sinclair as counsel.  Mr. Ryan also dealt with Mr. Sinclair as counsel

7  for the defendants in discussing many of the motions and other issues in this case since the filing

8  of the first amended complaint and the request for entry of default.  The Court sees no prejudice

9  to the Association from Sinclair's filing especially in light of the Court's recent order that

10  Sinclair retain substitute counsel.  While Sinclair's conduct in representing himself as the

11  attorney for the defendants may not have been advisable, the Court finds no bad faith, improper

12  motive or reckless disregard of his duties.  Mr. Sinclair represents that he has now obtained

13  counsel who will substitute in for defendants so that this case can proceed on the merits.

14      Based on the foregoing, the motion for sanctions against Mr. Sinclair is HEREBY

15  DENIED without prejudice to the Association refiling the motion should new counsel fail to

16  substitute in for defendants pursuant to the Court's Order of May 25, 2005.

17      IT IS SO ORDERED.

18  **Dated:   June 1, 2005**                    **/s/ Dennis L. Beck**
      3b142a                        UNITED STATES MAGISTRATE JUDGE