UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:03cv5439 OWW DLB |
| Plaintiffs, | | ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS |
| v. | | (Document 124) |
| RICHARD SINCLAIR, et al., | | |
| Defendants. | | |

Plaintiffs filed the instant Motion for Sanctions Based on Defendants' Doe Amendment and Motion to Disqualify Plaintiffs' Counsel Timothy Ryan on April 27, 2005. The motion was heard on May 27, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Timothy Ryan ("Ryan") appeared on behalf of Plaintiffs and Richard Sinclair ("Sinclair") appeared on behalf of Defendants.

**BACKGROUND**

The parties are familiar with the procedural and factual background of the action. The Court will only summarize the facts relevant to the instant motion.

On March 16, 2005, Defendants filed an "Amendment to First Amended Complaint" naming Ryan as a doe defendant. On that same day, Defendants filed a Motion to Disqualify Ryan as Plaintiffs' Counsel based on (1) Ryan's status as a potential witness; and (2) Ryan's alleged conflict of interest.

1

1	On March 28, Plaintiffs served the instant Motion for Sanctions on Sinclair.  The motion is based on Defendants' March 16, 2005, Doe Amendment and Motion to Disqualify Ryan.

On April 1, 2005, Plaintiffs filed their opposition to the Motion to Disqualify Ryan and a Motion to Drop Ryan as an Improper Party.

On April 27, 2005, Plaintiffs filed the instant Motion for Sanctions.

On May 6, 2005, Defendants filed their reply to the opposition to the Motion to Disqualify Ryan and their Statement of Non-opposition to Plaintiffs' Motion to Drop Ryan as an Improper Party.

Defendants filed their opposition to the instant motion on May 13, 2005.

On May 24, 2005, the Court denied Defendants' Motion to Disqualify Ryan.

On May 25, 2005, the Court entered Findings and Recommendation that the Motion to Drop Ryan as an Improper Party be granted.

Plaintiffs filed their reply on May 26, 2005.

## DISCUSSION

A.	Legal Standard

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name..." Rule 11(b) further provides that by presenting a pleading or written motion to the Court, an attorney is certifying that the motion is not being presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the "allegations and other factual contentions have evidentiary support . . ." Fed.R.Civ.Proc. 11(b)(1) and (3).

Rule 11 is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. Cooter & Gell v. Hartmarx Corp, 496 U.S. 384 (1996).  Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997).  Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry." Id. (internal citations omitted).

1  Whether Rule 11 has been violated is measured by an objective standard. <u>Zaldivar v. City of Los
2  Angeles</u>, 780 F.2d 823, 831 (9th Cir. 1986).

3   Rule 11 has a "safe harbor" provision. Pursuant to Rule 11(c)(1)(A), a motion for
4  sanctions may not be filed until 21 days after it is served. During this time, the party served with
5  the motion has the opportunity to correct the violation by withdrawing the offending pleading.
6  <u>Barber v. Miller</u>, 146 F.3d 707, 711 (9th Cir. 1998).

7   If a violation is found, the Court may, in its discretion, impose an "appropriate sanction."
8  The sanction must be limited to "what is sufficient to deter repetition of such conduct or
9  comparable conduct by others similarly situated." Fed.R.Civ.Proc. 11(c)(2).

10 B. <u>Analysis</u>

11  Plaintiffs contend that Defendants' Doe Amendment had no reasonable basis in law and
12 was only intended to delay, harass and increase Plaintiffs' legal fees. Plaintiffs argue that the
13 Doe Amendment was improper because (1) Sinclair is not the attorney of record and therefore his
14 signature on the Doe Amendment does not satisfy the certification aspects of Rule 11(a); (2) the
15 amendment was not filed pursuant to Rules 15 and 21; and (3) even if the correct procedure was
16 used, the amendment is a "sham" because Sinclair was not ignorant of Ryan's existence and role
17 as attorney for the Association when he filed the original complaint (or at least when he filed the
18 First Amended Complaint).

19  As to Defendants' Motion to Disqualify Ryan, Plaintiffs assert that the motion was
20 supported by "some mythical conflict of interest" supported by neither facts nor law. Plaintiffs
21 contend that the motion was based on nothing more than "outright speculation" and was based on
22 a conflict manufactured for the sole purpose of bringing the motion.

23  Sanctions are proper for Defendants' Doe Amendment and Defendants' Motion to
24 Disqualify Ryan. That the procedurally improper Doe Amendment *and* the Motion to Disqualify,
25 which was based in part on Ryan's alleged new status as a defendant, were filed on the same day
26 is suggestive of the questionable motive behind the pleadings. It is obvious that this action and
27 the involved parties are quite contentious, and the timing of these pleadings illustrates the heated
28 nature of this action. Given this background, the Doe Amendment and the related Motion to

Disqualify appear to be frivolous and brought for an improper purpose. Insofar as the Motion to Disqualify also alleges a conflict of interest, the Court determined that the arguments were factually and legally baseless in the order denying the motion, and it does not alter the decision to award sanctions.[1]

Defendants argue that Plaintiffs' motion should be denied because it failed to comply with the 21 day safe harbor provision of Rule 11. However, a review of the time frame set forth above confirms that Defendants were provided with the requisite safe harbor period yet chose not to withdraw the offending pleadings. The motion was filed more than 21 days after it was served. The motion was served 14 days after Defendants' Doe Amendment and Motion to Disqualify Ryan were filed. Defendants did not withdraw or correct either pleading. As a result, Plaintiffs' counsel was forced to oppose the Motion to Disqualify and file a Motion to Drop Ryan as an Improper Party. Although Defendants eventually filed a Statement of non-opposition to the Motion to Drop Ryan as an Improper Party, Plaintiffs had to file the motion in the first instance.

C.    <u>Sanctions</u>

Plaintiffs request sanctions in the amount of $5,400.00. According to his declaration, Ryan's hourly rate is $225.00. Declaration of Timothy Ryan ("Ryan Dec."), ¶ 3. He spent seven hours opposing the Motion to Disqualify, for a total of $1,575. He spent five hours opposing the Doe Amendment, for a total of $1,125. He spent six hours drafting the instant Motion for Sanctions, for a total of $1,350. He anticipates spending another three hours drafting a reply and another three hours preparing for and attending the hearing on the motion, for an additional $1,350. Ryan Dec., ¶¶ 3-6.

Plaintiffs are entitled to recover the costs associated with opposing the Motion to Disqualify ($1,575.00), opposing the Doe Amendment ($1,125.00), and drafting the instant motion ($1,350.00). Plaintiffs' counsel anticipated an additional three hours to draft a reply and three hours to prepare for and attend the hearing. Plaintiffs filed a reply brief and may therefore recover the anticipated three hours ($675.00). However, because counsel appeared at the hearing

---

[1] Because the Court decided to award sanctions pursuant to Rule 11, it will not review Plaintiffs' request for sanctions under 28 U.S.C. § 1927.

1  telephonically and the hearing was extremely brief, Plaintiffs cannot recover any costs related
2  thereto.  Accordingly, the Court finds that sanctions in the amount of $4,725.00 are sufficient to
3  deter similar conduct in the future.

## ORDER

Plaintiffs' motion for sanctions is GRANTED.  Defendants SHALL PAY SANCTIONS to Plaintiffs' counsel in the amount of $4,725.00.  This amount shall be paid on or before June 30, 2005.  Failure to comply with this order will result in further sanctions.

IT IS SO ORDERED.

**Dated:   June 1, 2005**                         **/s/ Dennis L. Beck**
3b142a                                            UNITED STATES MAGISTRATE JUDGE