1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

| 9  FOX HOLLOW OF TURLOCK OWNERS' )    No. CV-F-03-5439 OWW/DLB
| 10 ASSOCIATION,                  )
|                                  )    ORDER GRANTING DEFENDANTS'
| 11                               )    MOTION TO STRIKE FOR FAILURE
|                                  )    TO COMPLY WITH RULE 15(a)
| 12            Plaintiff,         )    (Doc. 275), STRIKING THIRD
|                                  )    AMENDED COMPLAINT (Doc.
| 13       vs.                     )    273), DENYING PLAINTIFF
|                                  )    CEMG'S MOTION FOR RELIEF
| 14 RICHARD SINCLAIR, et al.,     )    UNDER RULE 60(b) FOR LEAVE
|                                  )    FOR LATE FILING OF CORRECTED
| 15                               )    THIRD AMENDED COMPLAINT AS
|            Defendant.            )    MOOT (Doc. 288), AND
| 16                               )    DIRECTING PLAINTIFF CEMG TO
|                                  )    FILE CORRECTED THIRD AMENDED
| 17 _____)    COMPLAINT WITHIN 20 DAYS OF
|                                       THE FILING DATE OF THIS
| 18                                    ORDER

19

20

21

22        This is a consolidated action.  The lead case is *Fox Hollow*

23 *of Turlock Owners' Association v. Richard Sinclair, et al.*, No.

24 CV-F-03-5439 OWW/DLB.  Consolidated with the lead case is

25 *California Equity Management Group, Inc. v. Mauctrst LLC, et al.*,

26 No. CV-F-03-5774 OWW/SMS, and *Laitrust LLC, et al. v. Fox Hollow*

                                    1

*of Turlock Home Owners' Association, et al.,* Stanislaus County
Superior Court Action No. 332675.  Pursuant to the Stipulation
and Order to Consolidate Actions filed on October 6, 2003, (Doc.
22), all pleadings are to be filed in No. CV-F-03-5439 OWW/DLB.

By Order filed on May 24, 2005, Plaintiff California Equity
Management Group, Inc. ("CEMG") was given leave to file a Second
Amended Complaint.  (Doc. 147).  The Second Amended Complaint
filed on May 25, 2005, (Doc. 149), named as Plaintiff in the
caption Fox Hollow of Turlock Owners' Association ("Association")
instead of CEMG.  By Stipulation and Order filed on August 5,
2005, (Doc. 244), the Second Amended Complaint filed on May 25,
2005 was stricken and CEMG ordered to file a Second Amended
Complaint by August 24, 2005.  On August 26, 2005, CEMG filed a
Second Amended Complaint, (Doc. 246).  Defendants filed a motion
to strike the Second Amended Complaint as untimely filed, (Doc.
247) and a motion for more definite statement, (Doc. 251).  By
Order filed on March 30, 2007, (Doc. 272), the motion to strike
was denied, and the motion for more definite statement was
granted in part and denied in part.

On April 12, 2007, a Verified Third Amended Complaint was
filed, (Doc. 273).  The caption of the Third Amended Complaint
lists the Association as Plaintiff, not CEMG.  The Verification,
signed by attorney Timothy M. Ryan, declares:

> I am one of the attorneys for Fox Hollow of
> Turlock Owners' Association, a party to this
> action.  Such party is absent from the county
> of aforesaid where such attorneys have their
> offices, and I make this verification for and

2

> on behalf of that party for that reason.  I
> am informed and believe and on that ground
> allege that the matters stated in the
> foregoing document are true.

Defendants move to dismiss the Third Amended Complaint on the grounds (1) that CEMG did not file the Third Amended Complaint within 10 days of the entry of the March 30, 2007 Order as required by Rule 12(e), Federal Rules of Civil Procedure, and (2) that the Association filed the Third Amended Complaint without first obtaining leave of court or the consent of Defendants as required by Rule 15(a), Federal Rules of Civil Procedure.

In opposing this motion, attorneys with The Ryan Firm, counsel for Plaintiffs Association, CEMG, and Andrew Katakis, have submitted declarations.  Timothy M. Ryan avers in pertinent part:

> 3.  I assigned the task of revising the
> CEMG's second amended complaint to an
> associate, Barry G. Coleman.
>
> 4.  He is an experienced lawyer and has
> drafted numerous pleadings before, including
> revising complaints after pleadings
> challenges.  I therefore believed he would
> revise this complaint in accord with the
> court's ruling.
>
> 5.  Mr. Coleman presented me with a final
> draft of the third amended complaint for my
> signature.  I asked Mr. Coleman if this was a
> final draft and if he had carefully checked
> it.  Mr. Coleman stated that he had carefully
> reviewed the final draft and that it was
> correct in all aspects.  I relied upon these
> representations in signing the complaint and
> the verification.  I was unaware that the
> third amended complaint was on an incorrect
> caption at the time I signed the third

3

1    amended complaint and verification.

2  Barry G. Coleman avers in pertinent part:

3        3.  I was assigned to draft and prepare a
         third amended complaint on behalf of CEMG
4        based on this court's March 30, 2007 order.

5        4.  I searched our computer database for a
         draft of the second amended complaint to
6        revise it.  I located a file labeled second
         amended complaint dated August 23, 2005.  I
7        did not find any other saved draft of the
         second amended complaint, and therefore, I
8        believed this was the correct draft from
         which to work.

9
10       5.  I printed a copy of the court's order and
         set it alongside the draft of the second
11       amended complaint I had printed from The Ryan
         Firm [sic] saved files.  I reviewed each of
12       the sections of the court's order regarding
         the various causes of action mentioned in the
13       order and how they corresponded to the draft
         of the second amended complaint from which I
14       was working.  Each of the causes of action
         referenced in the court's order were in the
         draft of the second amended complaint I was
15       revising and the causes of action bore the
         same number as referred to in the order.

16
17       6.  Both the order and the draft I was
         working from were on a Fox Hollow caption,
         which fostered the belief that I was using
18       the correct caption.

19       7.  I carefully checked the revisions against
         the order to ensure that I was making the
20       proper corrections as to the allegations.  As
         an example, I revised the twentieth cause of
21       action to reflect the period for which an
         accounting was sought and revised the twenty
22       first [sic], twenty second [sic] and twenty
         third [sic] causes of action to reflect that
23       there was a written contract.

24       8.  I prepared the verification to conform to
         the caption I believed to be proper, thereby
25       improperly naming Fox Hollow instead of CEMG,
         as the Plaintiff.  When I reviewed the final
26       draft I believed that the caption was

                              4

correct, that the verification was consistent
with what I believed was the correct caption.

9.   I presented the final version to Mr. Ryan
for his signature and he asked me directly if
I had carefully reviewed it and if everything
was correct.   I assured him that it was.
Based upon my representations Mr. Ryan signed
the third amended complaint and verification
as I had prepared them.   I later first
learned that I had filed CEMG's third amended
complaint on the wrong caption when the [sic]
Ryan Firm received Defendants' motion to
strike Fox Hollow's third amended complaint.

10.   I contacted Mr. Truax and attempted to
informally resolve this matter, but we were
unable to do so.

Attached to the opposition to the motion is a "Notice of Errata

and Filing of Third Amended Complaint".   The "Notice of Errata

and Filing of Third Amended Complaint" lists CEMG as the

plaintiff, but the caption is stated as the Superior Court of the

State of California for the County of Stanislaus.   The Notice of

Errata states:

NOTICE IS HEREBY GIVEN that the third amended
complaint of California Equity Management
Group, Inc. was inadvertently filed on the
wrong caption, with a defective verification.
Therefore, a corrected copy of the third
amended complaint on the corrected caption
and corrected verification is hereby filed
without change to the allegations in the
previously filed third amended complaint.   A
true and correct copy of the corrected third
amended complaint is attached hereto as
Exhibit 'A.'

The Verified Third Amended Complaint attached to the Notice of

Errata as Exhibit A lists CEMG as the plaintiff but the caption

is stated as the Superior Court of the State of California for

the County of Stanislaus.

CEMG and Fox Hollow recognize that the Third Amended Complaint is defective and seek to correct it, relying on Rule 60(b)(1), Federal Rules of Civil Procedure.

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final ... order ... for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ....

Resolution of a motion to vacate judgment under Rule 60(b)(1) is within the court's discretion.

In **Pioneer Investment v. Brunswick**, 507 U.S. 380 (1993), the Supreme Court addressed the meaning of "excusable neglect" for purposes of the Bankruptcy Rules in a situation where the creditors' attorney failed to file documents within the time required by the rules.  The Supreme Court stated in pertinent part:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395.  The Ninth Circuit holds that the equitable test set out in **Pioneer** applies to Rule 60(b)(1).  *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000);

1    *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

2        Here, the declarations submitted on behalf of CEMG

3    demonstrate that the failure to name CEMG in the caption of the

4    Third Amended Complaint and the incorrect verification was the

5    result of the mistake and carelessness of counsel.  Counsel

6    represents three different parties in this consolidated action.

7    "The Ninth Circuit has adopted a forgiving approach to excusable

8    neglect, accepting even 'weak' reasons if they reveal mere

9    'negligence and carelessness, not ... deviousness or

10   willfulness.'" *E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 430

11   F.Supp.2d 1064, 1088 (E.D.Cal.2005), citing *Bateman v. United*

12   *States Postal Service, supra*, 231 F.3d at 1225.

13       Defendants note that the "Notice of Errata and Filing of

14   Third Amended Complaint" and the pleading attached to it as

15   Exhibit A demonstrates continued carelessness by counsel.

16   However, Defendants have not articulated any prejudice, the delay

17   in filing an appropriately captioned Third Amended Complaint on

18   behalf of CEMG has not been long, and the mistakes in the

19   captions clearly are the result of simple mistake and oversight.

20       Defendants further contend: "Fox Hollow's request that CEMG

21   be allowed to file the proposed corrected Third Amended Complaint

22   should be denied because Fox Hollow cannot make said request on

23   behalf of CEMG, CEMG has not sought leave to file the Amended

24   Complaint and the proposed Third Amended Complaint is still

25   defective."

26       Defendants' contentions exalt form over substance.  The Ryan

1  Firm represents both the Association and CEMG in this

2  consolidated litigation.  The Third Amended Complaint attached as

3  as Exhibit A to the Notice of Errata must be corrected to reflect

4  filing in this Court, but that is easily remedied.

<u>CONCLUSION</u>

6      For the reasons stated above:

7      1.  Defendants' motion to strike the Third Amended Complaint

8  filed on April 12, 2007 is GRANTED.

9      2.  Plaintiff CEMG shall file a Third Amended Complaint

10  within 20 days of the filing date of this Order.[1]

11  IT IS SO ORDERED.

12  **Dated:    June 4, 2007**            ___/s/ Oliver W. Wanger___
                                     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24  _____

25      [1]On June 1, 2007, Plaintiff CEMG filed a motion for relief
    under Rule 60(b) for leave to file its corrected Third Amended
    Complaint, noticing the motion for hearing on July 23, 2007.
26  Plaintiff's motion is denied as moot.

8