```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


FOX HOLLOW OF TURLOCK OWNERS'   )  1:03-cv-5439 OWW DLB
ASSOCIATION, a California       )
Nonprofit Mutual Benefit        )  SCHEDULING CONFERENCE ORDER
Corporation,                    )
                                )  Discovery Cut-Off: 6/1/09
           Plaintiff,           )
                                )  Non-Dispositive Motion
     v.                         )  Filing Deadline: 6/15/09
                                )
RICHARD SINCLAIR, an individual,)  Dispositive Motion Filing
et al.,                         )  Deadline: 7/1/09
                                )
           Defendants.          )  Settlement Conference Date:
                                )  6/16/09 10:00 Ctrm. 9
_____)
                                )  Pre-Trial Conference
AND CONSOLIDATED ACTIONS        )  Date:  9/18/09 11:00 Ctrm.
                                )  3
_____)
                                   Trial Date: 10/20/09 9:00
                                   Ctrm. 3 (JT-10 days)
```

I.  Date of Scheduling Conference.

    June 13, 2008.

II. Appearances Of Counsel.

    McCormick, Barstow, Sheppard, Wayte & Carruth by D. Greg Durbin, Esq., and Adam Wahlquist, Esq., appeared on behalf of Plaintiffs and Defendants Fox Hollow of Turlock Owners Association and California Equity Management Group, Inc., and Defendant Andrew Katakis.

1

Neumiller & Beardslee by Lisa Blanco Jimenez, Esq., appeared on behalf of Defendants Richard Sinclair, Brandon Sinclair, Greg Mauchley, Mauctrst LLC, Stanley M. Flake as trustee of Capstone Trust, Stanley M. Flake as trustee of the Julie Insurance Trust, Stanley M. Flake, individually, Lairtrust, LLC, Capstone LLC, Deborah Sinclair, and Diana Mauchley.

Michael Lee Abbott, Esq., appeared on behalf of Defendants S.E. Incorporated and Stanley M. Flake, as trustee of the F. Hans Trust.

## III. Summary of Pleadings.

### The Actions

1. This case is a consolidation of three (3) actions: An action commenced by Plaintiff Fox Hollow of Turlock Owners' Association ("Plaintiff Fox Hollow HOA"), case number 1:03-cv-5439 OWW DLB (the "Fox Hollow Action"), an action commenced by Plaintiff California Equity Management Group, Inc. ("Plaintiff CEMG"), case number 1:03-cv-5774 OWW SMS (the "CEMG Action"); and an action originally commenced by Plaintiff Lairtrust LLC and others, in the Stanislaus County Superior Court, case number 322675, and consolidated by stipulation of the parties and order of this Court (the "Lairtrust Action"). The Court has designated the Fox Hollow Action as the lead case.

### Counsel of Record

2. The CEMG/Fox Hollow Parties have been represented in this case by D. Greg Durbin and McCormick, Barstow since February 20, 2008. Prior to that time, Mr. Ryan and his firm represented the CEMG/Fox Hollow Parties.

3. Mr. Truax and his firm have appeared in the Fox Hollow

Action and the CEMG Action on behalf of at least Defendants Richard C. Sinclair, Brandon Sinclair, Gregory V. Mauchley, Mauctrst LLC, Stanley M. Flake, Trustee of Capstone Trust, Capstone LLC, and Lairtrust LLC.  The representation of Defendants Diane Mauchley, SE, a California corporation, Stanley M. Flake, Trustee, F. Hans Trust UDT dated February 3, 1993 and Stanley M. Flake, Trustee, The Julie Insurance Trust, UDT dated January 29, 1993, in the CEMG Action is less clear.  Although Mr. Abbot and his firm appeared for these Defendants by filing an answer on their behalf to the Verified Complaint and Verified First Amended Complaint in the CEMG Action (see Docket #17 in Case No. 1:03-cv-5774 OWW SMS, and Docket #80 in Case No. 1:03-cv-5439 OWW DLB), he withdrew on May 11, 2005 (Docket #140).  Mr. Richard Sinclair and his office appear to continue as counsel of record for the Plaintiffs in the Lairtrust Action (Docket #80).  The Defendants in the Fox Hollow Action and the CEMG Action and the Plaintiffs in the Lairtrust Action will be referred to collectively as the "Sinclair Parties."

IX.   Discovery Plan and Cut-Off Date.

    1.   Response to the Verified Third Amended Complaint shall be filed on or before July 14, 2008.

    2.   The parties shall file their initial disclosures on or before August 21, 2008.

    3.   The parties are ordered to complete all discovery on or before June 1, 2009.

    4.   The parties are directed to disclose all expert witnesses, in writing, on or before January 14, 2009.  Any supplemental expert disclosures will be made on or before

3

February 13, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 15, 2009, and heard on July 17, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than July 1, 2009, and will be heard on August 3, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling

such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   September 8, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   October 20, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   10 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

    1.   A Settlement Conference is scheduled for June 16, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons

5

having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and

defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

XV. Related Matters Pending.

    1.   There are related matters pending in the Superior Court of California, Stanislaus County, Case Number 332675 and U.S. District Court, Eastern District of California Case Number 1:03-cv-5774 OWW SMS, consolidated.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

///

**XVII.      Effect Of This Order.**

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 14, 2008**                        /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE