IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>RICHARD SINCLAIR, et al.,<br><br>　　　　Defendants. | No. CV-F-03-5439 OWW/DLB<br><br>MEMORANDUM DECISION CONDITIONALLY GRANTING NEUMILLER & BEARDSLEE'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS (Doc. 333); GRANTING IN PART AND DENYING IN PART DEFENDANT RICHARD SINCLAIR'S MOTION FOR CONTINUANCE OF ALL MATTERS UNTIL MARCH 21, 2010 AND FOR TRIAL POSTPONEMENT (Doc. 340); DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED AND SUPPLEMENTAL COMPLAINT (Doc. 336); AND DIRECTING DEFENDANTS TO APPEAR ON MONDAY, MARCH 1, 2010 AT 11:00 A.M. AND SHOW CAUSE WHY THEY SHOULD NOT BE REQUIRED TO ENGAGE COUNSEL OF THEIR CHOICE |

Before the Court is Neumiller & Beardslee's motion to withdraw as counsel for Defendants, Defendant Richard Sinclair's

1

amended motion for continuance of all matters due to attorney disability, and Plaintiffs' motion for leave to file a consolidated amended and supplemental complaint.  No appearance, either personally or telephonically was made at the hearing by Defendant Richard Sinclair or any of the other individual or entity Defendants.

This case is a consolidation of three actions: An action commenced by Plaintiff Fox Hollow of Turlock Homeowners' Association against Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, LLC, Capstone, LLC, Mauctrst, LLC, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 OWW/DLB ("Fox Hollow Action"); an action commenced by California Equity Management Group, Inc. against Mauctrst LLC, Gregory Mauchley, Diana Mauchley, Lairtrust LLC, Richard Sinclair, Deborah Sinclair, Sinclair Enterprises, Inc., Capstone, LLC, Brandon Sinclair, Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CV-F-03-5774 OWW/DLB ("CEMG Action"); and an action commenced by Lairtrust LLC, Mauctrst LLC, and Capstone LLC against Fox Hollow of Turlock Owners' Association, Andrew Katakis, and California Equity Management Group, Inc. in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Actions").

Most of the Defendants in the Fox Hollow and CEMG Actions commenced, as Plaintiffs, an action in the Stanislaus County

Superior Court, against Fox Hollow and CEMG, Case No. 332233 (the "State Court Action"). This case was stayed to permit trial of the state case with the expectation that the state case would likely resolve the need for trial in the federal case. On August 18, 2009, the Superior Court issued a Statement of Decision, finding for Defendants on the Fifth Amended Complaint and for Cross-Defendants Richard Sinclair, Gregory Mauchley and Mauctrst on the Cross-Complaint for abuse of process. Plaintiffs in the State Court Action have filed an appeal, which is pending.

Plaintiffs' motion to file an amended complaint was filed on January 8, 2010 as a counter-motion to the motion to withdraw as counsel. Rule 230(c), Local Rules of Practice, provides:

> Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition. If a counter-motion or other related motion is filed, the Court may continue the hearing on the original and all related motions so as to give all parties reasonable opportunity to serve and file oppositions and replies to all pending motions.

Plaintiffs assert that the motion to amend is a counter-motion to Neumiller's motion to withdraw because the motion to withdraw "will directly impact Plaintiffs' ability to obtain leave to file a Consolidated Amended and Supplemental Complaint as it impermissibly contemplates leaving several of the entity defendants without representation" and because Mr. Sinclair's request for continuance requests that the current trial date be

3

postponed and the Counter-Motion "substantively address[es] any adjustment of the schedule for this Action."

By opposition filed on January 19, 2010, Neumiller, acting on behalf of Defendants, argues that the motion to amend is not a counter-motion to Neumiller's motion to withdraw:

> The entity defendants being without representation following a granting of the Motion for Leave to Withdraw could not preclude Katakis and his entities, who are represented by counsel, from filing a new pleading with leave of court or otherwise proceeding in this litigation. Second, the fact that Mr. Sinclair filed an Ex Parte Application for Continuance and Trial Postponement does not present grounds for Katakis to bring a counter-motion as against the Motion for Leave to Withdraw, which is distinct from the Ex Parte Application. Third, and finally, the inclusion of a proposed schedule adjustment in the Counter-Motion is not sufficient to create a relationship between the Counter-Motion on the one hand and the Motion for Leave to Withdraw and Ex Parte Application on the other hand. The primary purpose of the Counter-Motion is to obtain leave to file a new pleading, and not to obtain a schedule adjustment.

No opposition to the substantive merits of the motion to amend has been filed. Neumiller is correct that the motion to amend is not related or counter to the motion to withdraw, as it addresses the continuing claims asserted while the withdrawal motion concerns only the legal representation of the defendants. Further, the briefing on the motion is not complete and, even if Defendants had filed a substantive opposition to the motion to amend, the reply brief would not be filed until the day of the hearing. Richard Sinclair, who seeks to be substituted as

counsel, moves for a continuance of all matters until late March, 2010.  Plaintiffs' motion to amend is DENIED WITHOUT PREJUDICE. Plaintiffs may re-notice the motion for hearing on March 1, 2010 at 11:00 a.m.

On December 21, 2009, the law firm of Neumiller & Beardslee ("Neumiller") filed a motion for leave to withdraw as counsel for Defendants in the Consolidated Federal Actions.  Neumiller's motion is supported by the Declaration of Lisa Blanco Jimenez that Defendants have breached their retainer agreement by failing to pay fees and costs.  (Doc. 333-3).  Ms. Jimenez further avers:

> 3.  Neumiller has been unable to make contact with Richard Sinclair or Brandon Sinclair since early November 2009, except through the legal assistant to Richard Sinclair.  It was earlier agreed that Richard Sinclair, who is a practicing attorney, would assume the representations of all Defendants in this case and on the appeal of Case No. 332233. Thus, the recent inability to communicate with Richard Sinclair has made it difficult to continue with the representation of all Defendants.

At the hearing, Ms. Jimenez represented that she has been unable to communicate with any of the other individual Defendants or the Entity Defendants.

The motion to withdraw was noticed for hearing on January 25, 2009.  On January 12, 2009, Richard Sinclair lodged a proposed Substitution of Attorney, substituting himself as counsel of record in lieu of Neumiller & Beardslee.  On January 14, 2010, Plaintiffs and Defendants Fox Hollow of Turlock Owners' Association and California Equity Management Group, Inc., and

Defendant Andrew Katakis (collectively "Fox Hollow") filed an opposition to the motion to withdraw, based on the assertion that Richard Sinclair, although a licensed attorney, cannot represent the entity defendants because of a potential conflict of interest. The Order substituting Richard Sinclair as counsel of record was signed and filed on January 15, 2010. (Doc. 347). The Order substituting Richard Sinclair as counsel of record lists only his name; none of the other Defendants are listed. The Order substituting Richard Sinclair as counsel of record was vacated by Order filed on January 19, 2010 because of Fox Hollow's objections to Neumiller's motion to withdraw.

Fox Hollow opposes Neumiller's motion to withdraw. Fox Hollow asserts that granting Neumiller's motion will leave the Entity Defendants, Lairtrust, LLC, Capstone, LLC, Mauctrst LLC, and Sinclair Enterprises, without representation. Richard Sinclair, who is a licensed attorney, cannot represent the Entity Defendants, Fox Hollow contends, because he was involved in the formation of Fox Hollow and previously represented Fox Hollow, that are now adverse parties, and because of the potential for a conflict of interest between Mr. Sinclair and the Entity Defendants.

Neumiller correctly responds that the prohibition on corporate self-representation does not preclude the granting of a motion to withdraw. *See Vang v. Home Loan Funding, Inc.*, 2008 WL 3286825 (E.D.Cal.2008), ruling that an attorney may be allowed to withdraw without offending the rule against corporate self-

6

representation, citing *Ferruzzo v. C. & D. Enterprises, Inc.,* 104 Cal.App.3d 501, 504 (1980).

As to Fox Hollow's contention that the motion to withdraw be denied because of Mr. Sinclair's conflicts of interest, Neumiller asserts that Fox Hollow has put the cart before the horse because neither Neumiller nor any other party has yet to seek to substitute Mr. Sinclair as counsel for the other Defendants.

Neumiller's assertion is belied by Ms. Jimenez's declaration in which she avers that Neumiller intended to substitute Mr. Sinclair as counsel for all Defendants. Neither Neumiller nor Mr. Sinclair respond to Fox Hollow's contentions that Mr. Sinclair cannot represent the Entity Defendants in this action.

Neumiller's motion to withdraw as counsel for Defendants is **GRANTED** on the conditions that (1) the Entity Defendants obtain counsel other than Richard Sinclair within 30 days.

On January 12, 2010, Richard Sinclair filed an amended ex parte application for continuance of all matters due to his physical disability until March 21, 2010 and for trial postponement. This motion was filed before the January 15, 2010 Order substituting Mr. Sinclair as counsel (and, of course, before the January 15, 2010 Order was vacated).

Fox Hollow objects to Mr. Sinclair's application, in part because Mr. Sinclair filed the application prior to being substituted as counsel of record by the Court.

Mr. Sinclair avers:

3. Neumiller & Beardslee is seeking to be

relieved as counsel and I will be becoming counsel or an associate counsel of record once new counsel is obtained.

4. I am filing concurrently herewith a Substitution of Attorney for myself replacing Neumiller & Beardslee, making me attorney of record in pro per. Once I am no longer disabled, it is my intention to file Substitution of Attorney replacing Neumiller & Beardslee for the remainder of my clients.

5. Attached ... as Exhibit 'A' is a letter from one of my doctors, dated November 6, 2009, from Dr. Upinder Basi, M.D. On the advice of my doctors, I was originally unable to practice law for 90 days until after February 6, 2010, while they sought to resolve my disability.

6. On November 30, 2009, two cervical disks were removed from my neck and bone grafts were set to replace the disks and metal plates were screwed in place. This was done to prevent quadraplegia.

7. There is still damage to my spinal cord which is healing, slowly. I am heavily medicated, taking, among other medications, Hydrocodone 10-325's, 1-2 every 3 hours plus muscle relaxers. This impedes my ability to concentrate.

8. All Counsels are aware of this disability and the State Court matters and Appellate Court matters involving many of these same parties and this subject matter have been stayed until 2 weeks after the 6th of February, 2010 ... It is inappropriate for counsel to pursue matters knowing that I am unable to protect my interests and the interests of my clients.

9. On January 7, 2010, I obtained new x-rays of my neck and spinal column and met with my surgeon, Dr. Alexander Davis, to review the progress of the replacement cadaver 'cervical disks.' He has again objected to the continued court stress of my work during the healing process. He has extended my restrictions from the sixth of February, 2010

> to the 1ˢᵗ of March, 2010 ... I will
> thereafter need approximately three weeks to
> prepare substitutions, and get up to speed in
> this and the balance of my calendar.
>
> 10. I request this Court to postpone the
> trial date so that I will have time to
> complete my disability and get up to trial
> speed as counsel in pro per and to become or
> obtain counsel for the rest of my clients to
> replace Neumiller and Beardslee. I also
> request the Court to postpone all matters
> herein until after the 21ˢᵗ of March, 2010,
> to give my time to recuperate and catch up.
> My office had previously asked counsel of
> record to make these requests and apprise the
> Court.

Attached to Mr. Sinclair's declaration as Exhibit A is a letter dated November 6, 2009 from Dr. Basi:

> Mr. Sinclair suffers from a significant
> medical condition, which at this time
> prevents him from being physically active.
>
> He is unable to stand, sit and walk without
> great difficulty. We would ask that he be
> excused from activities related to his
> profession for a period of 90 days.

Attached as Exhibit C is an "Excuse Slip" dated January 8, 2010 signed by Dr. Davis which states: "Patient will be out of work until 3-1-2010 due to recovering from his recent cervical spine surgery."

Fox Hollow objects to the substitution of Mr. Sinclair as counsel of record and to his request for continuance of scheduled dates.

Fox Hollow argues that Mr. Sinclair is precluded by the California Rules of Professional Conduct from substituting in as counsel of record when he is disabled. Fox Hollow cites

California Rule of Professional Conduct 3-700:

> Rule 3-700 Termination of Employment
>
> ...
>
> (B) Mandatory Withdrawal.
>
> A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:
>
> ...
>
> (3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

Fox Hollow argues that Mr. Sinclair "is not in a position to assert that he is not suffering from such a mental or physical condition since he is using that very condition as the basis for seeking to postpone all dates in the present case for at least two (2) months."

Neumiller replies that Fox Hollow's contention that Mr. Sinclair cannot represent himself *in pro per* because of his present disability is "bizarre."

Given the unchallenged grounds for the withdrawal of Neumiller, i.e., failure to pay fees and inability to contact and communicate with Mr. Sinclair and the other defendants, the fact that Mr. Sinclair is temporarily disabled does not, of itself, preclude him from representing himself *in pro per*. Further, California Rules of Court 3.1332(c)(2) & (3) provides that, although continuances of trials are disfavored, circumstances,

such as the illness of a party or trial counsel may indicate good cause. If Mr. Sinclair's disability persists, there may come a point where the case will have to be resolved notwithstanding his physical problem, despite the delays that have occurred in this case.

Fox Hollow argues that the substitution of Mr. Sinclair as counsel should be denied because "it is clearly made for the purpose of delay." Fox Hollow cites *Fritz v. Spalding*, 682 F.2d 783 (9th Cir.1982), as authority that the Court may deny the substitution of Mr. Sinclair as counsel of record on the basis of delay.

*Fritz* involved an appeal from the denial petition for writ of habeas corpus based on the petitioner's claim that his constitutional rights were violated when his motion to represent himself in the criminal proceeding below was denied. The trial court had denied the motion for self-representation, finding it to be a tactic for delay. The Ninth Circuit discussed the grounds for denial of a motion for self-representation, ruling that delay per se is not a sufficient ground for denial of the constitutional right of self-representation; that a defendant may have bona fide reasons for not asserting his constitutional right until the day of trial; and that he may not be deprived of that right absence an affirmative showing of purpose to secure delay. 682 F.2d at 784.

Relying on *Fritz*, Fox Hollow argues that the coupling of the substitution of attorney filed by Mr. Sinclair with his motion

for continuance is "strong evidence of a purpose to delay."

*Fritz* and the constitutional right to self-representation in criminal cases has doubtful application to Mr. Sinclair's substitution and his request for continuance. Neumiller cannot be forced to remain as counsel of record for Mr. Sinclair and the other defendants solely because the substitution will result in delay. Moreover, unless Fox Hollow has evidence that Mr. Sinclair and his doctors are lying, he has a serious medical condition that necessitates the continuance. While Fox Hollow is concerned that Mr. Sinclair will keep returning to seek additional continuances, that will be dealt with if and when it occurs.

Richard Sinclair's motion for continuance is GRANTED to March 1, 2010. Richard Sinclair and the other individual defendants are ordered to appear, either personally or telephonically, on Monday, March 1, 2010. The individual defendants must show cause why they should not be required to engage counsel of their choice to represent them and why a firm schedule for resolution of this action adopted. All parties presently represented by Neumiller are hereby ordered to respond to communications to them from Neumiller involving this action.

Counsel for Fox Hollow of Turlock Owners' Association, Greg Durbin, shall prepare and lodge a form of order consistent with this Memorandum Decision within five (5) court days following service of this Memorandum Decision.

///

IT IS SO ORDERED.

**Dated:    February 5, 2010**                    **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE