**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD SINCLAIR, et al.**<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION, et al.**<br><br>　　　　**Defendants.** | 1:03-cv-05439-OWW-DLB<br><br>**MEMORANDUM DECISION REGARDING PLAINTIFFS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, SEVER AND STAY DEFENDANTS' CROSS-COMPLAINT  (Docs. 431, 432)** |

## I. <u>INTRODUCTION</u>.

This case is a consolidation of three actions: An action commenced by Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow") against Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, LLC, Capstone, LLC, Mauctrst, LLC, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 OWW/DLB ("Fox Hollow Action"); an action commenced by California Equity Management Group, Inc. ("CEMG") against Mauctrst LLC, Gregory Mauchley, Diana Mauchley, Lairtrust LLC, Richard Sinclair, Deborah Sinclair, Sinclair Enterprises, Inc., Capstone, LLC, Brandon Sinclair, Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 OWW/DLB ("CEMG Action"); and an action commenced by Lairtrust LLC, Mauctrst LLC, and Capstone LLC against

**1**

1  Fox Hollow, Andrew Katakis, and California Equity Management Group,
2  Inc. in the Stanislaus County Superior Court, Case No. 322675
3  ("Lairtrust Action"), removed to this Court and consolidated with
4  the Fox Hollow and CEMG Actions by Order filed on October 6, 2003
5  ("Consolidated Federal Actions").

6  On August 10, 2010, Defendants Gregory Mauchley, Richard
7  Sinclair, and Brandon Sinclair ("Defendants") filed cross-claims
8  against Plaintiffs. (Doc. 425).  Plaintiffs Fox Hollow and CEMG
9  ("Plaintiffs") filed a motion to dismiss, or in the alternative,
10 sever and stay the cross-complaint on September 3, 2010. (Docs.
11 431, 432).  Plaintiffs also filed a motion for more definite
12 statement on September 3, 2010.  (Docs. 434, 435).

13 Defendants filed opposition to Plaintiffs' motion to dismiss
14 or stay the cross-claims on October 25, 2010.   (Doc. 443).
15 Plaintiffs filed a reply on November 1, 2010.  (Doc. 445).

## II. **FACTUAL BACKGROUND**.

17 Defendants' cross-claims assert twenty-seven causes of action
18 against Plaintiffs arising out of various transactions and conduct
19 related to a property development known as Fox Hollow of Turlock
20 ("the Property").[1]  Defendants unsuccessfully asserted most of
21 their cross-claims in an action filed on April 24, 2003 in the
22 Stanislaus County Superior Court.  Judgment was entered against
23 Defendants in the state court action on August 18, 2009, and
24 Defendants filed a notice of appeal of the judgment on October 19,
25 2009. Resolution of Defendants appeal of the state court judgment

---

[1] An exhaustive factual background regarding the Property is set forth in the Memorandum Decision regarding Defendants' motion to dismiss Plaintiffs' Consolidated Complaint.

**2**

is pending in the California Court of Appeal.

*Inter alia*, Defendants cross-claims allege that Plaintiffs breached a settlement agreement entered into in 2007 relating to the Property, refused to put Lairtrust LLC on the Board of Directors as required by the Conditions, Covenants, and Restrictions (CCR's) applicable to the Property, and refused to effect repairs and landscaping in violation of Plaintiffs duties under the CCR's.

### III. LEGAL STANDARD.

**A. Colorado River Doctrine**

Plaintiffs seek dismissal or a stay of Defendants' cross-claims based on the Colorado River Doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under *Colorado River*, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter. *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817)). This doctrine "is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir.2005) (internal quotation marks omitted).

Colorado River provides a two-part inquiry for determining whether a federal district court should abstain from adjudicating a claim when there is a related state court proceeding. First, the two suits must be parallel; they must involve substantially the

same parties litigating substantially the same issues. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). The second part of the Colorado River inquiry entails a balancing test. The relevant factors include whether both proceedings involve the same res, the relative inconvenience of the federal forum, the need to avoid piecemeal litigation, the order in which the proceedings were filed, whether state or federal law provides the rule of decision, whether the state action protects the federal plaintiffs' rights, the relative progress of the two proceedings, the presence or absence of concurrent jurisdiction, the availability of removal and the vexatious or contrived nature of the federal claim. *See*, *e.g.*, *Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7*, 125 F.3d 546, 549-50 (7th Cir. 1997).

**B. Landis Stay**

Plaintiffs also contend that a stay of the cross-claims is appropriate under *Landis v. North American Co.*, 299 U.S. 248, 254, (1936). When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

When there is an independent proceeding related to a matter before the trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id*. However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer v. State. of Cal.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

### IV. <u>DISCUSSION</u>.

Defendants' opposition concedes that the pending state court action will resolve issues entailed by the cross-claims. (*See* Opposition at 4)(contending that "state proceedings will not dispose of *all* claims raised" by the cross-complaint) (emphasis added). Because resolution of the pending state court action will bear upon Defendants' cross-claims, and because moving forward on the cross-claims without awaiting a decision in the state court action would risk inconsistent results and entail significant waste of resources, a stay is appropriate with respect to the majority of the cross-claims. *See Ssangyong Corp.*, 708 F.2d at 1465.

Defendants contend that claims based on Plaintiffs' wrongful conduct during and after the state court trial and Plaintiffs' purported breach of the 2007 settlement agreement will not be resolved by the pending state court action. (Opposition at 4-5). Plaintiffs' respond that the alleged breach of the 2007 settlement agreement was an issue raised in the state court trial, and that Plaintiff's lack standing to assert claims based on the alleged

**5**

wrongful conduct of Plaintiffs during and after the state court trial.  During the November 8 hearing on Plaintiffs' motions, the court directed Plaintiffs to file a separate motion addressing the breach of settlement claim and the standing issue. Accordingly, Plaintiffs' request to stay the cross-claims under *Landis* is GRANTED, except as to claims arising out of (1) Plaintiff's alleged breach of the 2007 settlement agreement; and (2) Plaintiff's alleged conduct during and after trial of the state court action. Plaintiffs may file a separate motion regarding such claims.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendants' cross-claims are STAYED, except for claims arising out of (i) Plaintiffs' alleged breach of the 2007 settlement agreement, and (ii) Plaintiffs' alleged conduct during and after trial of the state court action;

2) Plaintiffs may file a separate motion regarding the claims that are not stayed within fifteen (15) days following electronic service of this decision;

3) Plaintiffs' motion for a more definite statement is terminated without prejudice in light of the stay, and

4) Plaintiffs shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   January 20, 2011**               /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE