**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD SINCLAIR, et al.** | 1:03-cv-05439-OWW-DLB |
| Plaintiffs, | **MEMORANDUM DECISION REGARDING PLAINTIFFS' MOTIONS TO SEVER AND STAY (Docs. 477, 480)** |
| v. | |
| **FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION, et al.** | |
| Defendants. | |

## I. INTRODUCTION.

This case is a consolidation of three actions: An action commenced by Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow") against Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, LLC, Capstone, LLC, Mauctrst, LLC, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 OWW/DLB ("Fox Hollow Action"); an action commenced by California Equity Management Group, Inc. ("CEMG") against Mauctrst LLC, Gregory Mauchley, Diana Mauchley, Lairtrust LLC, Richard Sinclair, Deborah Sinclair, Sinclair Enterprises, Inc., Capstone, LLC, Brandon Sinclair, Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 OWW/DLB ("CEMG Action"); and an action commenced by Lairtrust LLC, Mauctrst LLC, and Capstone LLC against

1

Fox Hollow, Andrew Katakis, and California Equity Management Group, Inc. in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Actions").

On August 10, 2010, Defendants Gregory Mauchley, Richard Sinclair, and Brandon Sinclair ("Individual Defendants") filed a "cross-complaint" against Plaintiffs.[1] (Doc. 425). Plaintiffs Fox Hollow and CEMG ("Plaintiffs") filed a motion to dismiss, or in the alternative, sever and stay Individual Defendants' cross-complaint on September 3, 2010. (Docs. 431, 432).

On January 19, 2011, Defendant Lairtrust LLC filed a counterclaim against Plaintiffs asserting generally the same types of claims advanced by Individual Defendants. (Doc. 471).

On January 21, 2011, the court issued a memorandum decision granting Plaintiffs' motion to stay as to all claims asserted in Individual Defendants cross-complaint except for claims arising out of "(i) Plaintiffs' alleged breach of the 2007 settlement agreement, and (ii) Plaintiffs' alleged conduct during and after trial of the state court action." (Doc. 473). The court denied Plaintiffs' motion to stay claims arising out of "(i) Plaintiffs' alleged breach of the 2007 settlement agreement, and (ii) Plaintiffs' alleged conduct during and after trial of the state court action;" the court authorized Plaintiffs to file separate

---

[1] The only pleadings recognized by the Federal Rules of Civil Procedure are defined by Fed. R. Civ. P. 7 and do not include a cross-complaint. Rather, the proper pleadings are third party complaints against new parties, counterclaims against existing defendants, and cross-claims against co parties. See Fed. R. Civ. P. 7, 13. The parties designations are employed to avoid confusion.

**2**

motions regarding these claims. (Doc. 473).

Claims arising out of Plaintiffs' alleged breach of the purported 2007 settlement agreement are the focus of Plaintiffs' motions to stay and sever Individual Defendants' cross-complaint (Doc. 477) and Lairtrusts' counterclaim (Doc 480).

## II. **FACTUAL BACKGROUND**.

This action arises out of an alleged fraudulent scheme concerning a thirty-five unit town home residential development in Turlock, California, known as Fox Hollow of Turlock ("the Property"). Plaintiff Fox Hollow is the home owners' association ("HOA") for the Property. Plaintiff CEMG is the record owner of lots contained within the Property, the successor in interest to lenders who extended loans secured by lots within the Property, and is the assignee of the rights of certain tenants who entered into leases for units contained in the Property. Mauctrst, Lairtrust, and Capstone are limited liability companies ("LLC Defendants")that were allegedly used to convert HOA funds, effect property transfers, obtain loans, prosecute dilatory lawsuits, and to carry out other parts of the alleged schemes that form the basis for Plaintiffs' claims. Individual Defendants Gregory Mauchley, Richard Sinclair, and Brandon Sinclair are individuals who were principals, directors, or employees of the LLC Defendants during times relevant to the parties' respective claims.

Individual Defendants' cross-complaint asserts twenty-seven causes of action against Plaintiffs arising out of various transactions and conduct related to the Property. Individual Defendants unsuccessfully asserted most of these claims in an action filed on April 24, 2003 in the Stanislaus County Superior

Court. Judgment was entered against Individual Defendants in the state court action on August 18, 2009; Individual Defendants appealed. Resolution of Individual Defendants' appeal of the state court judgment is currently pending in the California Court of Appeal.

### III. <u>LEGAL STANDARD</u>.

Plaintiffs contend that a stay of Defendants' claims arising out of the purported 2007 settlement agreement is appropriate under *Landis v. North American Co.*, 299 U.S. 248, 254, (1936). When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

When there is an independent proceeding related to a matter before the trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id*. However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal

issues" in the action for which the stay is requested. *Lockyer v. State. of Cal.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

## IV. DISCUSSION.

Plaintiffs assert that one of the issues currently pending before the California Court of Appeal is the validity of the purported 2007 settlement agreement. Plaintiffs submit, *inter alia*, an order of the California Superior Court denying Individual Defendants' motion to enforce the settlement agreement (RJN Ex. D); a Notice of Appeal filed by various plaintiffs in the state-court action (RJN Ex. E); and Individual Defendants' opening brief on their appeal in the state court action (RJN Ex. A).

Judicial notice of the pleadings and orders reflected in exhibits A, D, and E to Plaintiffs' request for judicial notice is appropriate.[2]  It is beyond dispute that one of the issues currently under review by the California Court of Appeal is the existence and enforceability of the 2007 settlement agreement; Individual Defendants do not contend otherwise.

Individual Defendants do not state that they will be harmed in any way by a stay, nor does anything in the court's record suggest that a stay would prejudice Individual Defendants. The hardship, inefficiency, and inequity to parties from litigating settlement claims already heard, decided, and on appeal in the state court is obvious. Absent a stay, Plaintiffs will be forced to re-litigate issues already decided in state court and will face the possibility of inconsistent decrees from courts of concurrent jurisdiction. The orderly course of justice will be promoted by a stay.

---

[2] The court takes judicial notice only of the pleadings, not the matters asserted therein.

**5**

As resolution of the parties' appeal before the state court will bear on Plaintiffs' claims arising out of the purported 2007 settlement agreement, Plaintiffs' motions to stay are GRANTED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' motion to stay Individual Defendant's cross-complaint (Doc. 477) is GRANTED;

2) Plaintiffs' motion to sever and stay Lairtrusts' counter claim is GRANTED; and

3) Plaintiffs shall file a form of order consistent with this memorandum decision within five days of receiving electronic service of this decision.

IT IS SO ORDERED.

**Dated: April 28, 2011**         /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE