```
D. Greg Durbin, # 81749
John M. Dunn, # 166482
Daniel S. Cho, # 260902
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
```
(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys Plaintiffs, Defendants and Cross-Defendants
FOX HOLLOW OF TURLOCK OWNERS
ASSOCIATION and CALIFORNIA EQUITY
MANAGEMENT GROUP, INC. and Defendant and
Cross-Defendant ANDREW KATAKIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; et. al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>MAUCTRST LLC; et. al.,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | Case No.  1:03-CV-05439-OWW-DLB<br><br>(Consolidated with 1:03-CV-5774 OWW SMS and Stanislaus County Superior Court Case No. 322675)<br><br>**STIPULATED PROTECTIVE ORDER RE UNION BANK; CHICAGO TITLE; AND BUDGET FINANCE COMPANY DOCUMENTS** |

These consolidated proceedings include on the one hand, Plaintiffs, Defendants, and

Cross-Defendants FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION ("FHTOA"),

CALIFORNIA EQUITY MANAGEMENT GROUP, INC. ("CEMG"), and Defendant and Cross-

Defendant ANDREW KATAKIS ("Mr. Katakis") (collectively, the "CEMG/Fox Hollow

Parties"); and on the other hand, Defendants and Cross-Complainants RICHARD SINCLAIR,

GREGORY MAUCHLEY, BRANDON SINCLAIR, Defendant and Counterclaimant

LAIRTRUST, LLC, and Defendants MAUCTRST LLC, STANLEY M. FLAKE (individually

and as trustee of the Julie Insurance Trust, and as Trustee of the Capstone Trust), and CAPSTONE, LLC (collectively, the "Defendants"):

1. **GOOD CAUSE STATEMENT**

Pursuant to the Order issued by this Court on May 6, 2011 [Doc. No. 570] following the hearing on Defendant RICHARD SINCLAIR'S Motions to Quash subpoenas for document production issued in March 2011 to Union Bank of California, N.A. ("Union Bank"), Chicago Title Insurance Co. ("Chicago Title") and Budget Finance Co. ("Budget Finance") (collectively, "Motions to Quash"), the Plaintiffs and Defendant RICHARD SINCLAIR (the "Parties") submit as follows:

2. **PURPOSES AND LIMITATIONS**

Disclosure of the documents produced pursuant to the subpoenas issued to <u>Union Bank, Chicago Title and Budget Finance Company</u> are likely to involve production of financial statements, tax returns and other financial documents pertaining to RICHARD SINCLAIR for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order relating to such documents produced under said subpoenas. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles with respect to the documents produced – namely, financial statements, tax returns and other financial documents – in response to the foregoing subpoenas to Union Bank, Chicago Title, and/or Budget Finance Company.

The parties further acknowledge that any party seeking to seal attachments to a motion for summary judgment or other dispositive motion or documents identified in any Joint Petrial Order shall be required to comply with Local Rule 141 (Fed. R. Civ. P. 39).

3.   **DEFINITIONS**

3.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.2 <u>"CONFIDENTIAL"</u> Information or Items: all financial statements, tax returns, and other financial documents pertaining to RICHARD SINCLAIR (regardless of how it is generated, stored or maintained) produced by Union Bank, Chicago Title, and/or Budget Finance Company under the subpoenas issued that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.5 <u>Disclosed Financial Material</u>: all financial statements, tax returns and other financial documents pertaining to RICHARD SINCLAIR, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced in response to the subpoenas issued to Union Bank, Chicago Title, and/or Budget Finance Company.

3.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

STIPULATED PROTECTIVE ORDER

3.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.11 <u>Producing Entity</u>: shall mean Union Bank, Chicago Title, or Budget Finance Company that produces Disclosed Financial Material in this action under subpoena.

3.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.13 <u>Protected Material</u>: any Disclosed Financial Material that is designated as "CONFIDENTIAL."

3.14 <u>Receiving Party</u>: a Party that receives Disclosed Financial Material from a Producing Entity.

4. **<u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. **DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material – *i.e.*, financial statements, tax returns, or other financial documents - that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosed Financial Material that qualifies for protection under this Order must be clearly so designated as such.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Party asserting protection shall inform any other Party to this action of any items produced by a Producing Entity which it contends is CONFIDENTIAL, specifically identifying such material. Further, if only a portion or portions of the material on a page qualifies for protection, the Party asserting protection also must clearly identify the protected portion(s).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Party asserting protection identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Party asserting protection shall inform any other Party to this action of any items produced by a Producing Entity which it contends is CONFIDENTIAL, specifically identifying such material. Further, if only a portion or portions of the information or item warrant protection, the Party asserting protection, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Party seeking protection's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

7
STIPULATED PROTECTIVE ORDER

make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled until the court rules on the challenge.

### 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Entity in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure and Use of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) In accordance with the Court's May 18, 2011 Order [Doc. # 583], the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) In accordance with the Court's May 18, 2011 Order [Doc. # 583], Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) In accordance with the Court's May 18, 2011 Order [Doc. # 583], use of Protected Material produced pursuant to the subpoenas to Union Bank, Chicago Title and Budget Finance are restricted to this action, which necessarily includes, but is not limited to use by:

1. the court and its personnel;

2. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

4. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **MISCELLANEOUS**

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

12. **FINAL DISPOSITION.** Within 60 days after the final disposition of this action, as defined in paragraph 5, each Receiving Party must destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

1  It is so stipulated through counsel of record.

2

3  Dated: May 31, 2011                McCORMICK, BARSTOW, SHEPPARD,
                                       WAYTE & CARRUTH LLP

4

5                                      By:        /s/ Daniel S. Cho
                                              D. Greg Durbin
6                                             John M. Dunn
                                              Daniel S. Cho
7                                       Attorneys Plaintiffs, Defendants and Cross-
                                        Defendants FOX HOLLOW OF TURLOCK
8                                       OWNERS ASSOCIATION and CALIFORNIA
                                        EQUITY MANAGEMENT GROUP, INC. and
9                                       Defendant and Cross-Defendant ANDREW
                                                      KATAKIS
10

11
   Dated: May 27, 2011
12

13                                      By:        /s/ Richard C. Sinclair
                                               RICHARD C. SINCLAIR
14                                                  In Pro Per

15

16

17  It is so ORDERED.

        Dated this 1st day of June, 2011.
18

19
                                            ___/s/ Dennis L. Beck_____
20                                             US MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

12

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order that was issued by the United States District Court, Eastern District of California, on _____ [date] in the case of FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al. v. MAUCTRST, LLC et al., case no. 1:03-CV-05439-OWW-DLB (Consolidated with 1:03-CV-5774 OWW SMS and Stanislaus County Superior Court Case No. 322675).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I fully agree to submit to the jurisdiction of the United States District Court, Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn in signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                            [signature]