# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:03cv5439 OWW DLB<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL<br>(Document 571)<br><br>ORDER IMPOSING MONETARY SANCTIONS |
| Plaintiffs, | | |
| v. | | |
| RICHARD SINCLAIR, et al., | | |
| Defendants. | | |

Plaintiffs, Defendants and/or Cross Defendants Fox Hollow of Turlock Owners Association ("Fox Hollow"), California Equity Management Group, Inc., ("CEMG") and Andrew Katakis (collectively "Plaintiffs") filed the instant Motion to Compel Responses to Requests for Production of Documents on May 11, 2011.[1]  The motion was heard on June 3, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.  D. Greg Durbin appeared on behalf of Plaintiffs.  Curtis Rindlisbacher appeared on behalf of Defendant Gregory Mauchley.  Neither Richard Sinclair nor Brandon Sinclair made an appearance.

---

[1] The Motion to Compel was originally filed against six Defendants.  The motion was withdrawn as to the three entity Defendants and Plaintiffs agreed to continue the motion as it relates to Defendant Mauchley.  This order therefore pertains to Defendants Richard Sinclair and Brandon Sinclair only.

1

**BACKGROUND**

This action consists of three consolidated actions: (1) an action brought by Fox Hollow on April 4, 2003, primarily alleging misuse of association funds in violation of the Racketeer Influenced and Corrupt Organization Act by Defendants Richard Sinclair, Brandon Sinclair, Lairtrust LLC, Mauctrst, LLC and Capstone LLC; (2) an action brought by CEMG, the current owner of the development, against Defendants, alleging violation of RICO statutes, conversion of rent proceeds, quiet title and reformation of a written instrument; and (3) an action commenced by Defendants, in the Stanislaus County Superior Court, against CEMG and its principal, Andrew Katakis, alleging breach of Fox Hollow regulations, breach of fiduciary duties and violation of California Corporations Code section 8333.

On July 21, 2010, after obtaining leave of Court, Fox Hollow and CEMG filed a Consolidated Complaint. The Complaint involves an allegedly fraudulent scheme concerning a 35-unit town home complex in Turlock, California, known as Fox Hollow of Turlock ("the Property"). Fox Hollow is the Homeowners' Association for the Property and CEMG is the record owner of lots contained within the Property, the successor in interest to lenders who extended loans secured by lots within the Property, and the assignee of the rights of certain tenants who entered into leases for units within the Property. Defendants and cross-claimants Mauctrst, Lairtrust and Capstone are limited liability companies that were allegedly used to convert Fox Hollow funds, effect property transfers, obtain loans, prosecute dilatory lawsuits and carry out other parts of the alleged schemes that form the basis for the RICO claims in the Consolidated Complaint.

On August 10, 2010, Defendants filed a cross claim against CEMG, Fox Hollow and Andrew Katakis.

Pursuant to the August 20, 2010, Supplemental Scheduling Conference Order, discovery is due by June 15, 2011. Trial is set for December 6, 2011.

**DISCOVERY AT ISSUE**

Plaintiffs move to compel responses to their Requests for Production of Documents and Tangible Things, Set Number One. Specifically, Plaintiffs request further responses from

1  Richard Sinclair on Request Numbers 1 through 157, and from Brandon Sinclair on Request
2  Numbers 1 through 135.  Plaintiffs also request monetary sanctions.
3    The Requests for Production were served in December 2010.  In January 2011,
4  Defendants provided an identical response to each request: "Existing Exhibits from Superior
5  Court of California, Stanislaus County and Master Document Ex A, attached hereto with
6  supplements to follow when and if located and not privileged or objected to."  Declaration of D.
7  Greg Durbin ("Durbin Dec."), ¶ 6.  No documents were produced.
8    After attempts to meet and confer, Richard Sinclair provided a supplemental response in
9  May 2011.  The response referenced a list and produced a few documents relating to a 2008 loan
10 and various basic documents related to three other loans.  Durbin Dec., ¶ 11, Exh. C.
11   Plaintiffs filed the instant motion on May 11, 2011.  Despite Plaintiffs' repeated attempts
12 to coordinate the meet and confer process pursuant to Local Rule 251, Mr. Sinclair failed to
13 meaningfully participate in the process and the filing of a joint statement.[2]  Declaration of Daniel
14 Cho, ¶ 3.  As a result, Plaintiffs filed a report in lieu of the joint statement on May 27, 2011.  Mr.
15 Sinclair filed an "opposition" on May 31, 2011.

## **DISCUSSION**

17 A. Discovery Responses
18   Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery
19 regarding any matter, not privileged, that is relevant to the claim or defense of any party,
20 including the existence, description, nature, custody, condition, and location of any books,
21 documents, or other tangible things and the identity and location of persons having knowledge of
22 any discoverable matter."
23   Richard Sinclair and Brandon Sinclair's initial January 2011 responses, as well as
24 Richard Sinclair's May 2011 supplemental responses, are wholly inadequate and demonstrate
25 that Defendants made no reasonable effort to respond to discovery as required by Federal Rule of

---

[2] According to Mr. Sinclair, on May 11, 2011, Plaintiffs suggested two dates during which time could be set aside to meet and confer.  Mr. Sinclair advised them of his unavailability on the offered dates and instead suggested June 2, the *day before* the hearing, or several dates *after* the hearing.  Opposition, at 2.

Civil Procedure 34.  The responses failed to indicate whether Defendants had responsive documents and/or whether documents were being withheld pursuant to a privilege.  When a small number of documents were produced, Richard Sinclair failed to indicate to which request(s) the documents were related.  Defendants have also failed to produce numerous documents identified in their Rule 26 initial disclosures.

The responses also failed to set forth any specific privileges or objections.  Defendants have been afforded numerous opportunities to properly assert privileges and/or objections but have continuously refused to do so.  This failure waives any assertion of privileges or other objections.  Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir.2005).

Based on the above, Plaintiffs' motion is GRANTED.  The Court ORDERS Richard Sinclair and Brandon Sinclair to provide supplemental responses within fourteen (14) days of the date of service of this order.[3]  In providing supplemental responses, Defendants are directed to the requirements of Federal Rule of Civil Procedure 34(b)(2).  Defendants must provide a response to *each* request that specifically that states either (1) Defendants have no responsive documents in their possession, custody or control; or (2) Defendants are producing all responsive documents.  Defendants must also specifically identify all documents produced.

B.    Sanctions

Federal Rule of Civil Procedure 37(a)(5) permits the award of expenses where a discovery motion is granted.  The Court finds that an award of attorney's fees is appropriate here.  Defendants have not acted in good faith in attempting to resolve this dispute and their responses to discovery were not substantially justified.

According to the Declaration of D. Greg Durbin, he spent a total of 10.8 hours on this matter at a rate of $295 per hour.  Daniel Cho has spent 4.0 hours at an hourly rate of $175.  Durbin Dec. ¶¶ 20, 21.  This totals an award of $3,886.00.  This amount is imposed as sanctions

---

[3] Although the discovery deadline is June 15, 2011, any further motion practice for issues related to this motion will be permitted.

jointly against Richard Sinclair and Brandon Sinclair.  Defendants are ORDERED to pay this amount to Mr. Durbin within fourteen (14) days of the date of service of this order.

### ORDER

    Defendants Richard Sinclair and Brandon Sinclair are ORDERED to provide supplemental responses and pay sanctions in the amount of $3,886.00 within fourteen (14) days of the date of service of this order.

    IT IS SO ORDERED.

Dated:  June 3, 2011        /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE