1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD SINCLAIR, et al.**<br><br>                    **Plaintiffs,**<br><br>    **v.**<br><br>**FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION, et al.**<br><br>                    **Defendants.** | **1:03-cv-05439-OWW-DLB**<br><br>**MEMORANDUM DECISION REGARDING MOTION FOR SUMMARY JUDGMENT (Doc. 478)** |

**I. <u>INTRODUCTION</u>.**

This case is a consolidation of three actions: An action commenced by Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow") against Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, LLC, Capstone, LLC, Mauctrst, LLC, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 OWW/DLB ("Fox Hollow Action"); an action commenced by California Equity Management Group, Inc. ("CEMG") against Mauctrst LLC, Gregory Mauchley, Diana Mauchley, Lairtrust LLC, Richard Sinclair, Deborah Sinclair, Sinclair Enterprises, Inc., Capstone, LLC, Brandon Sinclair, Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 OWW/DLB ("CEMG Action"); and an action commenced by Lairtrust LLC, Mauctrst LLC, and Capstone LLC against

Fox Hollow, Andrew Katakis, and California Equity Management Group, Inc. in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Actions").

On August 10, 2010, Defendants Gregory Mauchley, Richard Sinclair, and Brandon Sinclair ("Inidividual Defendants") filed a cross-complaint against Plaintiffs. (Doc. 425).  Plaintiffs Fox Hollow and CEMG ("Plaintiffs") filed a motion to dismiss, or in the alternative, sever and stay Individual Defendants cross-complaint on September 3, 2010.  (Docs. 431, 432).  On January 21, 2011, the court issued a memorandum decision granting in part Plaintiffs' motion to stay and terminating Plaintiff's motion for a more definite statement without prejudice.  (Doc. 473 at 6).  The court denied Plaintiffs' motion to stay claims arising out of "(i) Plaintiffs' alleged breach of the 2007 settlement agreement, and (ii) Plaintiffs' alleged conduct during and after trial of the state court action;" the court authorized Plaintiffs to file a separate motion to stay regarding these claims.  Individual Defendants' claims arising out of the purported 2007 agreement have been stayed.  (Doc. 563).

Plaintiffs filed a motion for summary judgment on February 4, 2011; Plaintiffs motion seeks judgment on Individual Defendants' claims arising out of ownership interests in Lot 1 during and after trial of the state court action.  (Doc. 478).  Individual Defendants filed opposition on March 14, 2011.  (Doc. 493).  Plaintiffs filed a reply on March 21, 2011.  (Doc. 505).  The court heard Plaintiffs' motion on May 2, 2011.

**2**

## II.  **FACTUAL BACKGROUND**.

This action arises out of an alleged fraudulent scheme concerning a thirty-five unit town home complex in Turlock, California, known as Fox Hollow of Turlock ("the Property"). Plaintiff Fox Hollow is the home owners' association ("HOA") for the Property.  Plaintiff CEMG is the record owner of lots contained within the Property, the successor in interest to lenders who extended loans secured by lots within the Property, and the assignee of the rights of certain tenants who entered into leases for units contained in the Property. Mauctrst, Lairtrust, and Capstone are limited liability companies ("LLC Defendants")that were allegedly used to convert HOA funds, effect property transfers, obtain loans, prosecute dilatory lawsuits, and to carry out other parts of the alleged schemes that form the basis for Plaintiffs' claims. Individual Defendants Gregory Mauchley, Richard Sinclair, and Brandon Sinclair are individuals who where principals, directors, or employees of the LLC Defendants during times relevant to the parties' respective claims.

Individual Defendants' cross-complaint asserts twenty-seven causes of action against Plaintiffs arising out of various transactions and conduct related to the Property.  Individual Defendants unsuccessfully asserted most of their cross-claims in an action filed on April 24, 2003 in the Stanislaus County Superior Court.  Judgment was entered against Individual Defendants in the state court action on August 18, 2009; Individual Defendants appealed.  Resolution of Individual Defendants' appeal of the state court judgment is currently pending in the California Court of Appeal.

**3**

1    On January 21, 2011, the court issued a memorandum decision
2   granting Plaintiffs' motion to stay as to all claims asserted in the
3   counter-complaint except for claims arising out of "(i) Plaintiffs'
4   alleged breach of the 2007 settlement agreement, and (ii)
5   Plaintiffs' alleged conduct during and after trial of the state
6   court action." (Doc. 473).  On April 29, 2011, the court issued a
7   memorandum decision granting Plaintiffs' motion to stay claims
8   arising out of the purported 2007 settlement agreement. (Doc. 563).
9   Defendants' only remaining unstayed cross-claims are those arising
10  out of "conduct during and after trial of the state court action;"
11  these claims are the target of Plaintiffs' instant motion for
12  summary judgment.

13    The cross-complaint's allegations concerning the unstayed
14  claims are unclear.  The only allegations asserted in the cross-
15  complaint that appear to qualify as allegations concerning "conduct
16  during and after trial of the state court action" are contained at
17  pages 12 through 13 of the cross-complaint in paragraphs 33 through
18  36.[1]  Paragraph 34 of the cross-complaint alleges that "Richard
19  Sinclair as a member manager of Lairtrust LLC acquired legal title
20  to Lot 1 [of the Property]."  In paragraphs 35 through 36 of the
21  cross-complaint, Individual Defendants allege that Andrew Katakis,
22  acting on behalf of the Fox Hollow HOA: (1) violated certain
23  provisions of the Conditions, Covenants, and Restrictions ("CC&R's")

24

25  [1] Individual Defendants' represent that "in addition to the incidents described
    in [paragraphs 33-36], cross-defendants committed several other wrongful acts
26  during and after the trial as well." (Doc. at ).  Despite Individual Defendants'
    representation that they would seek to file an amended cross-complaint to clarify
27  their allegations concerning Plaintiffs conduct during and after the state court
    trial, they have not done so. (Doc. 443 at 6)(stating "Cross-complaints...will
28  file a motion requesting [leave] to amend their [cross-complaint] to include
    these allegations.").

**4**

by failing to make repairs on Lot 1 within the Property and by failing to place Sinclair and/or Lairtrust on the Board of Directors of the HOA; (2) inadequately accounted for reserve accounts maintained by the Fox Hollow HOA; (3) "assessed extra assessments on Lot 1 and then proceeded to wrongfully foreclose;" and (4) refused to remove "a judgment lien from Richard C. Sinclair that Richard Sinclair had paid off years earlier despite written requests for Defendant to do so."  (Doc. 425 at 12-13).

### III. **LEGAL STANDARD**.

Summary judgment/adjudication is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).

Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  With respect to an issue as to which the non-moving party will have the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's

1  case." *Soremekun*, 509 F.3d at 984.

2       When a motion for summary judgment is properly made and

3  supported, the non-movant cannot defeat the motion by resting upon

4  the allegations or denials of its own pleading, rather the

5  "non-moving party must set forth, by affidavit or as otherwise

6  provided in Rule 56, 'specific facts showing that there is a genuine

7  issue for trial.'" *Soremekun*, 509 F.3d at 984. (quoting *Anderson v.*

8  *Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed.

9  2d 202 (1986)). "A non-movant's bald assertions or a mere scintilla

10  of evidence in his favor are both insufficient to withstand summary

11  judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

12  "[A] non-movant must show a genuine issue of material fact by

13  presenting affirmative evidence from which a jury could find in his

14  favor." *Id.* (emphasis in original). "[S]ummary judgment will not lie

15  if [a] dispute about a material fact is 'genuine,' that is, if the

16  evidence is such that a reasonable jury could return a verdict for

17  the nonmoving party." *Anderson*, 477 U.S. at 248. In determining

18  whether a genuine dispute exists, a district court does not make

19  credibility determinations; rather, the "evidence of the non-movant

20  is to be believed, and all justifiable inferences are to be drawn

21  in his favor." *Id.* at 255.

22                    **IV. <u>DISCUSSION</u>.**

23       Plaintiffs' motion for summary judgment asserts that Individual

24  Defendants lack standing to prosecute claims arising out of

25  ownership interest in Lot 1 during or after the state court trial

26  because none of the Individual Defendants owned Lot 1 during the

27  operative time periods. Individual Defendants do not dispute that

28  none of them owned Lot 1 during or after the state court trial. Nor

1  do the Individual Defendants provide any legal authority for the
2  proposition that individual members of a limited liability company
3  ("LLC") have standing to pursue claims arising out of ownership
4  interests held solely by the LLC.

5      In California, an LLC is a hybrid business entity formed under
6  the Corporations Code consisting of at least two members who own
7  membership interests. *See* Cal. Corp. Code § *1700 et seq.* An LLC
8  has a legal existence separate from its members. *E.g., Paclink*
9  *Communications Internat. v. Superior Court*, 90 Cal. App. 4th 958,
10 963 (Cal. Ct. App. 2001). While members actively participate in the
11 management and control of the company, they have limited liability
12 for the company's debts and obligations to the same extent enjoyed
13 by corporate shareholders. *Denevi v. LGCC, LLC*, 121 Cal. App. 4th
14 1211, 1214 n.1 (Cal. Ct. App. 2004). "Like corporate shareholders,
15 members of a limited liability company hold no direct ownership
16 interest in the company's assets." *Id*.

17     Members of an LLC do not have an ownership interest in property
18 to which the LLC holds title. *E.g., Kwok v. Transnation Title Ins.*
19 *Co.*, 170 Cal. App. 4th 1562, 1570-71 (Cal. Ct. App. 2009). Where
20 the gravamen of a complaint is injury to an LLC's property, the
21 right of action lies with the LLC, not individual members of the
22 LLC. *See Everest Investors 8 v. McNeil Partners*, 114 Cal. App. 4th
23 411, 426 (Cal. Ct. App. 2003) (discussing application of *Paclink* in
24 partnership context). Members of an LLC lack individual standing
25 to prosecute claims for injury to the LLC's property. *E.g.,*
26 *Paclink*, 90 Cal. App. 4th at 962, 965-66.

27     It is undisputed that none of the Individual Defendants were
28 owners of Lot 1 during the time period relevant to the remaining

**7**

unstayed claims asserted in the cross-complaint.  As Individual
Defendants lack standing to sue for claims arising out of any LLC's
ownership interest in Lot 1 during and after trial of the state
court action, Plaintiffs are entitled to summary judgment on such
claims.  Plaintiffs' motion is GRANTED.

### ORDER

For the reasons stated, IT IS ORDERED:

1) Plaintiffs motion for summary judgment is GRANTED; and

2) Plaintiffs shall file a form of order consistent with this
memorandum decision within five (5) days of electronic service
of this decision.

IT IS SO ORDERED.

**Dated:    June 13, 2011**                 **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE