UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SINCLAIR, et al., <br><br> Defendants. | 1:03cv5439 OWW DLB <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL <br> (Document 589) <br><br> ORDER STRIKING EXHIBIT A TO DECLARATION OF RICHARD SINCLAIR <br> (Document 590) |

Defendant Richard Sinclair filed the this Motion to Disqualify John Dunn, D. Greg Durbin, Daniel Cho and the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, as counsel for Plaintiffs CEMQ, Andrew Katakis and Fox Hollow of Turlock Owners' Association on May 25, 2011. Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

**PROCEDURAL BACKGROUND**

As is relevant to this motion, Mr. Sinclair presented an almost identical motion to this Court in 2005. Mr. Sinclair moved to disqualify Timothy Ryan, counsel for Plaintiffs at the time, and presented arguments almost identical to those he presents now.

The Court denied Mr. Sinclair's first motion on May 24, 2005. Mr. Sinclair presented the same two arguments he presents to the Court now: (1) that Mr. Ryan, who Mr. Sinclair had recently attempted to name as a Doe Defendant, was a material witness and would be called to

testify in the state court case; and (2) that Mr. Ryan was representing adverse interests without consent.

As to his first argument, the Court found as follows:

> Here, Ryan explains in his declaration that upon receiving service of Defendants' doe amendment naming him as a Doe defendant, he drafted a letter to his clients explaining that Mr. Sinclair claims that Ryan is a material witness and will be called to testify at trial. Declaration of Timothy Ryan ("Ryan Dec."), ¶ 6. He informed the clients that the matter could be impacted by his potential dual role in any eventual trial, and advised his clients to seek the opinion of another attorney to evaluate their options. Ryan Dec., ¶ 6. After a reasonable opportunity to seek the advice of outside counsel, Ryan's clients asked him to remain as counsel of record. Ryan Dec., ¶ 7. Ryan contends that this letter is protected by the attorney-client privilege. Ryan Dec., ¶ 7.
>
> As Ryan obtained his clients' informed, written consent, the test becomes whether there is a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process. Plaintiffs argue, and this Court agrees, that Defendants' argument that they were former clients of Ryan and will somehow suffer if Ryan continues his representation of Plaintiffs is baseless. This will be discussed in more detail below.
>
> Nor have Defendants demonstrated any injury to the integrity of the judicial process. Prior to ordering disqualification of counsel based on the opposing party's intent to call counsel as a witness, the court must determine whether counsel's testimony is genuinely needed. Reynolds v. Superior Court, 177 Cal.App.3d 1021, 1027 (1986). Defendants have provided little more than vague, generalized areas in which Ryan may be called to testify. This is insufficient to allow the Court to determine whether his testimony is genuinely needed.

The Court also rejected Mr. Sinclair's contention that Mr. Ryan represented adverse interests:

> Defendants argument is flawed on a very basic level- Ryan's representation of the Association, alone, does not make any of the Defendants, who may have been past members of the Association or subject to its regulations, "clients." Pursuant to Rule 3-600(A), an attorney for an organization must treat the organization itself as the client and may also represent the organization's directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 3-310. Ryan contends that he has never represented any Defendants in any capacity, has been defending Plaintiffs against Defendants' claims for six years, and has never talked to Defendants, except for exchanging pleasantries with Sinclair after hearings. Ryan further contends that Defendants have never provided him with confidential information, nor can it be said that any Defendant was under the belief that Ryan was representing their interests at any time, given that Ryan has been defending suits by Defendants since September 2000.
>
> The case law cited by Defendants does not further their position. Most of the cases cited discuss dual representation of a partnership and a partner, which of course involves different concerns and interests than an organization such as the Association. The Association cannot be analogized to a partnership, or even a corporation. In other words, there is no basis for finding that any of the Defendants are, or were, clients of Mr. Ryan.

Based on Mr. Sinclair's motion to disqualify and his attempt to name Mr. Ryan as a Doe Defendant, Plaintiffs filed a motion for Rule 11 sanctions on April 25, 2005. On June 2, 2005, the Court granted sanctions in the amount of $4,725.00, finding:

> Sanctions are proper for Defendants' Doe Amendment and Defendants' Motion to Disqualify Ryan. That the procedurally improper Doe Amendment and the Motion to Disqualify, which was based in part on Ryan's alleged new status as a defendant, were filed on the same day is suggestive of the questionable motive behind the pleadings. It is obvious that this action and the involved parties are quite contentious, and the timing of these pleadings illustrates the heated nature of this action. Given this background, the Doe Amendment and the related Motion to Disqualify appear to be frivolous and brought for an improper purpose. Insofar as the Motion to Disqualify also alleges a conflict of interest, the Court determined that the arguments were factually and legally baseless in the order denying the motion, and it does not alter the decision to award sanctions.

## **DISCUSSION**

A.   <u>Motion to Disqualify</u>

On February 22, 2008, CEMG, Fox Hollow and Mr. Katakis substituted D. Greg Durbin of the law firm McCormick, Barstow, Sheppard, Wayte & Caruth as counsel in place of Timothy Ryan. Mr. Sinclair now moves to disqualify Mr. Durbin and other attorneys from McCormick Barstow, contending that they "stepped into" Mr. Ryan's shoes. He presents the same arguments- that the attorneys will be called as witnesses in this matter because "they have worn too many hats" and that they are representing adverse interests without consent. Motion, at 8.

As set forth above, this Court has ruled on these issues in connection with Mr. Sinclair's first motion to disqualify. It is clear from a review of his past and current pleadings that Mr. Sinclair copied a significant portion of his prior motion in drafting the current motion.

Mr. Sinclair presents no new facts that would alter the Court's prior rulings. He contends that this motion is based on events subsequent to 2008, yet the events he complains of do not, in any way, rise to the level of warranting disqualification. It is obvious that Mr. Sinclair blames Mr. Durbin and John Dunn for the failure of the 2007 Settlement Agreement negotiated in the state court action, but his anger does not transform these accusations into a basis for disqualification. Similarly, his claims of adverse representation based on the purchasing of Lot 1 in 2007 and subsequent events in 2008-2010, fail given that this Court previously determined that Mr. Ryan did not represent Mr. Sinclair in the first instance. If Mr. Durbin and Mr. Dunn

3

simply "stepped into" Mr. Ryan's shoes, as Mr. Sinclair contends, there can be no finding of misconduct.

Simply stated, Mr. Sinclair's perceived wrongs effected by Mr. Durbin and Mr. Dunn do not alter the relevant facts upon which this Court's prior rulings were based. Mr. Sinclair's attempt to disqualify Mr. Durbin and Mr. Dunn based on the same legal theories and without new, relevant factual information, convinces the Court that this motion is yet another attempt to delay these proceedings and/or increase the costs of litigation in violation of Federal Rule of Civil Procedure 11(b).

B.  Exhibit A to Mr. Sinclair's May 25, 2011, Declaration

In support of his motion, Mr. Sinclair submits his declaration. As Exhibit A, he attaches an August 23, 2010, complaint filed with the State Bar of California. However, although Mr. Sinclair declares under penalty of perjury that the facts contained within his Declaration are true and correct, he does not declare under penalty of perjury that the facts contained within the State Bar Complaint are true and correct. The State Bar Complaint itself is not signed under penalty of perjury and is therefore inadmissible hearsay. Fed. R. Civ. Proc. 43; Fed. R. Evid. 801; Local Rule 142.

**ORDER**

Based on the above, Mr. Sinclair's motion to disqualify is DENIED. By separate order, the Court will issue an order to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(c)(3).

The State Bar Complaint, attached as Exhibit A to the Declaration of Richard Sinclair, is STRICKEN.

IT IS SO ORDERED.

Dated:   **June 24, 2011**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE