**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD SINCLAIR, et al.**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION, et al.**<br><br>    **Defendants.** | 1:03-cv-05439-OWW-DLB<br><br>**MEMORANDUM DECISION REGARDING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (Doc. 485)** |

## I. INTRODUCTION.

This case is a consolidation of three actions: An action commenced by Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow") against Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, LLC, Capstone, LLC, Mauctrst, LLC, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 OWW/DLB ("Fox Hollow Action"); an action commenced by California Equity Management Group, Inc. ("CEMG") against Mauctrst LLC, Gregory Mauchley, Diana Mauchley, Lairtrust LLC, Richard Sinclair, Deborah Sinclair, Sinclair Enterprises, Inc., Capstone, LLC, Brandon Sinclair, Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 OWW/DLB ("CEMG Action"); and an action commenced by Lairtrust LLC, Mauctrst LLC, and Capstone LLC against

1

Fox Hollow, Andrew Katakis, and California Equity Management Group, Inc. in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Actions").

On January 19, 2011, Defendant Lairtrust LLC ("Lairtrust") filed a counterclaim against Plaintiffs. (Doc. 471). The majority of Lairtrust's counterclaim has been stayed. (*See* Doc. 563). The only claims that are not stayed are claims arising out of conduct related to Lot 1 of the Fox Hollow Property during the time period from 2007 to 2009; these claims are the subject of Plaintiff's motion for more definite statement filed February 14, 2011. (Doc. 485).

Lairtrust filed opposition on March 28, 2011. (Doc. 510). Plaintiffs filed a reply to Lairtrust's opposition on April 4, 2011. (Doc. 531).

## II. **FACTUAL BACKGROUND**.

This action arises out of an alleged fraudulent scheme concerning a thirty-five unit town home complex in Turlock, California, known as Fox Hollow of Turlock ("the Property"). Plaintiff Fox Hollow is the home owners' association ("HOA") for the Property. Plaintiff CEMG is the record owner of lots contained within the Property, the successor in interest to lenders who extended loans secured by lots within the Property, and the assignee of the rights of certain tenants who entered into leases for units contained in the Property. Mauctrst, Lairtrust, and Capstone are limited liability companies ("LLC Defendants")that were allegedly used to convert HOA funds, effect property

**2**

transfers, obtain loans, prosecute dilatory lawsuits, and to carry out other parts of the alleged schemes that form the basis for Plaintiffs' claims.

The court has stayed all claims asserted in Lairtrust's counterclaim except for claims arising out of "Plaintiffs' alleged conduct during and after trial of the state court action." (*See* Docs. 473; 563). Lairtrust's allegations concerning the unstayed claims are unclear, but it appears Lairtrust's unstayed counterclaims are based on the following alleged conduct carried out by Plaintiffs: (1) Katakis assessed extra assessments on Lot 1 and then wrongfully foreclosed on Lot 1 during the operative time period; (2) the Fox Hollow HOA's accounting for Lot 1 contained "numerous discrepancies" during the operative time period; and (3) Katakis excluded Lairtrust from voting and participating in the HOA.

### III. **LEGAL STANDARD**.

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but [*9] which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Ninth Circuit has held that the federal rules ordinarily do not require the pleader to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990) (reviewing a Rule 12(b)(6) motion). "A motion for a more definite statement is used to attack unintelligibility, not mere lack of

**3**

detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). A motion for a more definite statement should be denied "where the information sought by the moving party is available and/or properly sought through discovery." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). "Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

## IV. **DISCUSSION**.

Lairtrust's counterclaim asserts twelve causes of action. It is unclear from the face of the counterclaim which of the twelve causes of action are based on conduct that is outside the scope of the issues that have already been stayed. For example, *inter alia*, Lairtrust's fraud cause of action does not reference specific conduct but rather makes general allegations that may or may not concern conduct and issues that are subject to the order staying portions of Lairtrust's counterclaim. Because the complaint is unclear as to what alleged actions and omissions by Plaintiffs are the basis for each cause of action, and because the majority of Lairtrust's counterclaim has been stayed, a more definite statement is required to permit Plaintiffs to frame a response. Plaintiffs motion for a more definite statement is GRANTED.

///

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' motion for a more definite statement is GRANTED;

2) Plaintiffs shall file a form of order consistent with this decision within five (5) days of electronic service of this decision; and

3) Lairtrust shall file an amended counterclaim within thirty (30) days following service of the order granting Plaintiffs' motion.

IT IS SO ORDERED.

**Dated:   June 27, 2011**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE