# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:03cv5439 OWW DLB<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL<br><br>(Document 614) |
| Plaintiffs, | | |
| v. | | |
| RICHARD SINCLAIR, et al., | | |
| Defendants. | | |

Plaintiffs, Defendants and/or Cross Defendants Fox Hollow of Turlock Owners Association ("Fox Hollow"), California Equity Management Group, Inc., ("CEMG") and Andrew Katakis (collectively "Plaintiffs") filed the instant Motion to Compel Responses to Requests for Production of Documents on June 6, 2011.  The motion was originally filed against Defendants Mauctrst, LLC, Capstone, LLC ("Capstone"), and Lairtrust, LLC ("Lairtrust"), but was withdrawn as to Mauctrst, LLC, on June 30, 2011.

Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

**BACKGROUND**

On June 3, 2011, the Court granted Plaintiff's Motion to Compel Responses to Requests for Production of Documents against Defendants Richard Sinclair and Brandon Sinclair.  The issues were almost identical to those presented in the instant motion.  Richard and Brandon

1

Sinclair answered Plaintiff's Requests for Production of Documents and Tangible Things, Set Number One with an identical response to each request: "Existing Exhibits from Superior Court of California, Stanislaus County and Master Document Ex A, attached hereto with supplements to follow when and if located and not privileged or objected to." No documents were produced.

In granting the motion, the Court found that the responses were "wholly inadequate" and demonstrated Defendants' failure to make a reasonable effort to respond to discovery as required by Federal Rule of Civil Procedure 34. The Court further explained that the responses failed to indicate whether Defendants had responsive documents and/or whether documents were being withheld pursuant to a privilege, failed to set forth any specific privileges or objections, and when a small number of documents were produced, Richard Sinclair failed to indicate to which request(s) the documents were related. The Court ordered Richard Sinclair and Brandon Sinclair to provide supplemental responses and pay sanctions in the amount of $3,886.00 within fourteen (14) days.[1]

On June 6, 2011, Plaintiffs filed the instant Motion to Compel. A Notice of Electronic Filing was served on Steven Stoker, counsel for Lairtrust and Capstone at the time of filing.

Later in the day on June 6, the Court held a hearing on Mr. Stoker's Motion to Withdraw as Counsel for Lairtrust, Capstone and Mauctrst, LLC. The Court granted the motion during the hearing and by written order on June 8, 20111. The Court ordered the entities to file proof of representation within ten days.

Lairtrust and Capstone failed to file proof of representation within the ordered time period and therefore, on June 29, 2011, Plaintiffs filed a Motion for Entry of Default and Motion to Dismiss against Lairtrust and Capstone. The Court held a hearing on August 8, 2011, and ordered further briefing. Another hearing is set for September 26, 2011.

## DISCOVERY AT ISSUE

Plaintiffs filed the this motion on June 3, 2011, after an unsuccessful meet and confer attempts with Mr. Stoker prior to his withdrawal.

---

[1] On June 13, 2011, Defendants filed a Motion for Reconsideration of the Court's June 3, 2011, order. The motion was denied on August 8, 2011, and Defendants were ordered to produce responses by August 30, 2011.

1     On June 24, 2011, Richard Sinclair filed an opposition to this motion, "appearing" for
2  Lairtrust and "specially appearing" for Capstone. Plaintiffs filed a report in lieu of a joint
3  statement on June 30, 2011.[2]
4     Plaintiffs move to compel responses to their Requests for Production of Documents and
5  Tangible Things, Set Number One. Specifically, Plaintiffs request further responses from
6  Lairtrust on Request Numbers 1 through 136, and from Capstone on Request Numbers 1 through
7  134. Plaintiffs also request monetary sanctions against each party and Richard Sinclair in the
8  amount of $2,684.50.
9     The Requests for Production were served in December 2010. In February 2011, Lairtrust
10 and Capstone provided an identical response to each request: "Existing Exhibits from Superior
11 Court of California, Stanislaus County and Master Document Ex A, attached hereto with
12 supplements to follow when and if located and not privileged or objected to." Declaration of D.
13 Greg Durbin ("Durbin Dec."), ¶ 6. No documents were produced.
14    During the meet and confer process with Mr. Stoker, certain issues were resolved. Mr.
15 Stoker confirmed that no documents were being held based on the general objections, that a
16 reasonable and diligent search had been made and that no documents were being withheld based
17 on objections as compound, vague and/or ambiguous. Though Mr. Stoker agreed to produce
18 certain documents and re-examine others, no supplemental responses or documents were
19 produced. Durbin Dec., ¶ 10.

**DISCUSSION**

21 A.    Discovery Responses
22    Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery
23 regarding any matter, not privileged, that is relevant to the claim or defense of any party,
24 including the existence, description, nature, custody, condition, and location of any books,

---

[2] The Court will decide this motion to compel despite the uncertainty as to whether Mr. Sinclair can represent Lairtrust and Capstone, which will likely be resolved with Plaintiffs' Motion to Dismiss. Both entities were represented during the meet and confer process and this Court has previously ruled on these requests with respect to Richard and Brandon Sinclair.

3

documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Plaintiffs contend that Lairtrust and Capstone (1) failed to designate documents for each request and failed to produce any documents in response to any request; (2) failed to list in Exhibit A documents that were clearly requested; (3) failed to provide a privilege log while limiting responses to "not privileged" documents; (4) asserted claims of a right to privacy, the Fourth Amendment, Fourteenth Amendment, Fifth Amendment and/or the California Constitution; and (5) made improper relevance objections.

Request Numbers 1 through 134 are identical to the requests that were the subject of the Court's June 3, 2011, order. Requests Numbers 135 and 136, to Lairtrust only, seek documents relating to Lairtrust's damages referenced in the initial disclosures.

In response, in addition to providing general objections, Lairtrust and Capstone repeat the response of Richard and Brandon Sinclair:

> Without waiving said objections, see Exhibits from Superior Court of California, Stanislaus County and Master Document Ex A, attached hereto with supplements to follow when and if located and not privileged or objected to.

The Court has previously ruled on the exact issues presented in this motion. Nonetheless, Mr. Sinclair, in his supposed representation of Lairtrust and Capstone, continues to make the same baseless objections.

The deficiencies have not changed. The responses are wholly inadequate and demonstrate that Lairtrust and Capstone made no reasonable effort to respond to discovery as required by Federal Rule of Civil Procedure 34. The responses fail to indicate whether they have responsive documents and/or whether documents were being withheld pursuant to a privilege. To the extent the "not privileged" limitation indicates that documents are being withheld, Defendants have not produced a privilege log. During the meet and confer process, Mr. Stoker agreed that a privilege log was necessary for all documents withheld on that basis.

In addition, numerous responses object on the basis of relevancy and a "right of privacy." However, after noting the objection, the responses state, "[w]ithout waiving said objections...see Exhibit A..." When responses are phrased in this manner, it is impossible for the propounding

party to know whether documents are being withheld.  During the meet and confer process, Mr. Stoker agreed to re-examine the relevancy objections and, if the objection was not proper, remove it.  No such re-examination has taken place.  In any event, the requests relate to loans and purchases of the properties at issue, organizational documents for the Defendant entities and trusts and financial records of Defendants.  The requested documents therefore relate directly to the financing of the loan transactions and the organizations of the entities and trusts involved.  Any concern about disclosure of private financial information can be adequately addressed by a stipulated protective order.

Finally, with respect to Numbers 30, 88 and 126, Mr. Stoker had indicated that Defendants do not have any responsive documents yet no supplemental response has been provided.

Based on the above, Plaintiffs' motion is GRANTED.  The Court ORDERS Lairtrust and Capstone to provide supplemental responses within fourteen (14) days of the date of service of this order.[3]  In providing supplemental responses, Defendants are directed to the requirements of Federal Rule of Civil Procedure 34(b)(2).  Defendants must provide a response to *each* request that specifically that states either (1) Defendants have no responsive documents in their possession, custody or control; or (2) Defendants are producing all responsive documents.  Defendants must also specifically identify all documents produced.

B.   Sanctions

Federal Rule of Civil Procedure 37(a)(5) permits the award of expenses where a discovery motion is granted.  While Lairtrust and Capstone failed to answer discovery that this Court has already ordered other Defendants to respond to, the Court will not impose sanctions given the changes in representation.

///

///

///

---

[3] Although the discovery deadline was June 15, 2011, and the non-dispositive motion deadline was July 29, 2011, any further motion practice for issues related to this motion will be permitted.

**ORDER**

Plaintiffs' Motion to Compel is GRANTED and Defendants Richard Sinclair and Brandon Sinclair are ORDERED to provide supplemental responses within fourteen (14) days of the date of service of this order. Plaintiffs' request for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **August 10, 2011**                     /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE