**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> MAUCTRST LLC; et. al., <br><br> Defendants. <br><br> AND CONSOLIDATED ACTIONS | Case No.  1:03-CV-05439-OWW-DLB <br><br> (Consolidated with 1:03-CV-5774 OWW SMS and Stanislaus County Superior Court Case No. 322675) <br><br> **ORDERS RE:** <br><br> **MOTION FOR RECONSIDERATION OF ORDER TO COMPEL [DOCKET # 621];** <br><br> **MOTION TO DISMISS [DOCKET # 645];** <br><br> **MOTION TO FILE CROSS-COMPLAINT [DOCKET # 659]; AND** <br><br> **MOTION FOR RECONSIDERATION OF DENIAL OF DISQUALIFICATION OF PLAINTIFF'S COUNSEL [DOCKET # 654]** |

On August 8, 2011, the following motions come on for hearing before the Court, the Honorable Oliver W. Wanger presiding:

(1)   Motion For Reconsideration of June 3, 2011 Order Granting Plaintiffs' Motion to Compel and Order Imposing Monetary Sanctions filed on June 13, 2011 [Docket #621] by Richard C. Sinclair *in pro per* and purportedly by Richard C. Sinclair specially appearing for Brandon Sinclair [Motion for Reconsideration of Discovery Order];

(2)   Motion  and Request of Plaintiffs, Defendants, Counter-Defendants and Cross-

1

Defendants FOX HOLLOW OF TURLOCK OWNERS ASSOCIATION and CALIFORNIA EQUITY MANAGEMENT GROUP, INC. and Defendant, Counter-Defendants and Cross-Defendant ANDREW KATAKIS (collectively the "CEMG/Fox Hollow Parties") for Entry of Defaults and Motion to Dismiss Against Lairtrust LLC and Capstone LLC and Motion for Sanctions Against Defendant Richard Sinclair filed on June 29, 2011 [Docket #645] by CEMG/Fox Hollow Parties (the "Motion to Dismiss");

(3)     Motion for Reconsideration of June 24, 2011 Order Denying Defendant's Motion to Dismiss Mr. Dunn and Mr. Durbin for Conflict of Interest, filed June 30, 2011 [Docket #654] by Richard C. Sinclair *in pro se* ("Motion for Reconsideration of Denial of Disqualification"); and

(4)     Motion to Allow Lairtrust LLC to file Cross-Complaint filed June 30, 2011 [Docket #659] by Richard C. Sinclair *in pro se* and purportedly as attorney and member manager for Lairtrust LLC ("Motion for Leave to File Cross-Complaint").

D. Greg Durbin and John M. Dunn appeared personally at such hearing on behalf of the CEMG/Fox Hollow Parties and Richard C. Sinclair appearing at the hearing by telephone *pro se*, and purportedly appearing as attorney for Lairtrust LLC and Capstone LLC and purportedly specially appearing for Brandon Sinclair.

Richard Sinclair was placed under oath at the hearing by the Court.

The Court having reviewed the papers filed with respect to each of the motions and having conducted a hearing thereon and having received the arguments and statements of counsel and good cause appearing:

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     The Motion for Reconsideration of the Discovery Order is denied. The Discovery Order is a valid order and no grounds for reconsideration are presented. Defendants Richard C. Sinclair and Brandon Sinclair are each hereby ordered to comply fully and completely with Judge Beck's Order issued on June 3, 2011 [Docket # 613] by not later than August 30, 2011.

2. With respect to the documents being produced in response to document request numbers 52 through 57 (for the organizational, ownership and other documents relating to Lairtrust LLC and Capstone LLC, all of which are included in Judge Beck's Order June 3, 2011 [these requests are set out in Docket # 595, Page 29 of 48 and 30 of 48]), Defendants Richard C. Sinclair and Brandon Sinclair are each hereby further ordered to deliver a copy of all such documents to the Clerk of this Court not later than August 30, 2011 (with a copy of the caption of this case and a statement the documents are for the September 26th Hearing).

3. The hearing on the Motion to Dismiss is continued until 11:00 am, Monday, September 26, 2011 (the "September 26th Hearing"), with the parties having a right to file supplemental briefs and evidence relating to the Motion to Dismiss not later than September 12, 2011.

4. The Motion for Leave to File a Cross-Complaint is denied without prejudice to filing of a proper motion. There is no such pleading under the Federal Rules of Civil Procedure as a Cross-Complaint. If he was not previously aware of this fact, Richard Sinclair was notified of this fact in this Court's Memorandum of Decision dated April 29, 2011. (Doc. 563, Memorandum Decision Regarding Plaintiffs' Motion To Sever And Stay, fn. 1.) Richard Sinclair was again reminded of this fact at the August 8, 2011 hearing.

5. The Court preliminarily denied the Motion for Reconsideration of the Denial of Disqualification. However, the Court instructs that the CEMG/Fox Hollow Parties shall have up to and including August 22, 2011 to file supplemental papers addressing the Motion for Reconsideration of Denial of Disqualification. The purpose of such supplemental papers shall be:

(1) to include information concerning, without limitation, whether any motions to disqualify McCormick Barstow, L.P. as counsel for the CEMG/Fox Hollow Parties were

filed in the State Court proceedings, the outcome of any such motions, and describing the proceedings therein; and

      (2)      otherwise addressing the Motion for Reconsideration of Denial of Disqualification on the merits.

Richard Sinclair shall have up to and including August 29, 2011, to file a reply thereto. Lairtrust, LLC was not a moving party on this Motion for Reconsideration and shall not be entitled to file a reply and shall not be heard on the Motion for Reconsideration. The Court previously struck Brandon Sinclair as a moving party on the Motion for Reconsideration.

      6.      For purposes of the consideration by the Court of the various sanctions requests against Richard Sinclair pending before the Court, the CEMG/Fox Hollow Parties shall file with the Court not later than September 12, 2011, a detailed statement of the alleged violations of this Court's orders and other conduct of Mr. Sinclair upon which such sanctions requests are based, and a declaration covering the fees and expenses incurred to such date upon which a claim of monetary sanctions is based.

      7.      Richard C. Sinclair is hereby ordered to appear personally at the September 26, 2011 Hearing and shall be subject to being placed under oath and questioned at such hearing.

IT IS SO ORDERED.

**Dated:   September 8, 2011**                **/s/ Oliver W. Wanger**
                                                   UNITED STATES DISTRICT JUDGE