# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SINCLAIR, et al., <br><br> Defendants. | 1:03cv5439 OWW DLB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL <br><br> (Document 633) |

Plaintiffs Fox Hollow of Turlock Owners Association ("Fox Hollow") and California Equity Management Group, Inc. ("CEMG") filed the instant motion to compel on June 17, 2011. The matter was heard on August 26, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Janlynn Fleener appeared on behalf of Defendant Stanley M. Flake. Greg Durbin appeared on behalf of Fox Hollow and CEMG. The Court continued the matter to September 23, 2011, and instructed the parties to attempt to resolve the issues.

The parties appeared before the Court again on September 23, 2011. Janlynn Fleer appeared on behalf of Mr. Flake and Greg Durbin appeared on behalf of Fox Hollow and CEMG.

**RELEVANT BACKGROUND**

On July 21, 2010, Fox Hollow and CEMG filed a Consolidated Complaint against Defendants Mauctrst, LLC, Gregory Mauchley, Richard C. Sinclair, Mr. Flake, individually and

as Trustee of the Julie Insurance Trust and as Trustee of the Capstone Trust, Brandon Sinclair, Lairtrust, LLC and Capstone, LLC.

The discovery at issue was served on Mr. Flake in December 2010 and January 2011.

Pursuant to the August 20, 2010, Supplemental Scheduling Conference Order, discovery closed on June 15, 2011. Trial is set for December 6, 2011.

Plaintiffs filed this motion against Mr. Flake on June 17, 2011. The parties filed a joint statement on August 19, 2011.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

## DISCUSSION

A.   Tax Returns

Many of the interrogatories and records requests at issue seek records of transactions related to the Fox Hollow Property. Mr. Flake initially took the position that he had provided all information, but after the August 26, 2011, hearing, he was able to locate and produce records from his accountant. He also made inquiries of his banks but was unable to obtain records because of the amount of time lapsed.

Although Mr. Flake contends that he has exhausted his search, the lack of documents is concerning. For example, Fox Hollow has identified about 50 financial transactions for which there should be records. At the hearing, Mr. Flake indicated that he has his personal tax returns and those of The F. Hanse Trust, but he believes that these are not relevant because they do not relate to the transactions at issue. The tax returns may, however, reflect certain transactions and/or provide information on how income related to the transactions was reported.

Accordingly, Mr. Flake SHALL PRODUCE his tax returns, along with the tax returns for The F. Hanse Trust, for the years at issue. This production shall be subject to a protective order.

B.       Protective Order- Request for Production Numbers 61 and 67

Mr. Flake requested that the proposed protective order be "Attorney's Eyes Only." Plaintiff disagreed, however, on the basis that some of the parties in this action are representing themselves and will need to review documents.

The Court agrees that the proposed protective order must permit pro se parties to view protected documents after the pro se parties agree to be bound by its terms.

C.       Request for Production Number 80

Finally, Mr. Flake objects to Request Number 80 as overbroad and the Court agrees. Plaintiff has agreed to propound one Special Interrogatory asking for documents related to specific transactions for a specific time period.

**ORDER**

Mr. Flake is ORDERED to produce the tax returns described above within twenty (20) days of the date of service of this order.

The parties SHALL submit a proposed protective order within ten (10) days of the date of service of this order.

Plaintiff SHALL propound a single Special Interrogatory on Mr. Flake within ten (10) days of the date of service of this order.  Mr. Flake shall submit his response within fifteen (15) days.

IT IS SO ORDERED.

Dated:   **September 28, 2011**                   /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE