UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SINCLAIR, et al., | CASE NO. 1:03-CV-5439 AWI DLB |
| Plaintiffs, | ORDER |
| v. | |
| FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, et al., | (Docs. 540, 550, 742, 745, 756, 784, 759, and 799) |
| Defendants. | |

## I. History

This dispute arises out of a housing development known as Fox Hollow of Turlock ("Property"). Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow HOA") is the homeowner's association. Plaintiff California Equity Management Group, Inc. ("CEMG") is the record owner of lots contained within the Property. Fox Hollow HOA, CEMG, and Andrew Katakis (collectively "Plaintiffs") are represented by the same counsel, and form one side of the litigation. Defendants Lairtrust, LLC ("Lairtrust"), Capstone, LLC ("Capstone"), Mauctrst, LLC ("Mauctrst") (collectively "LLC Defendants") are limited liability companies that were allegedly used to convert homeowners' association funds, effect property transfers, and commit other acts. Defendants Richard Sinclair, Brandon Sinclair, and Gregory Mauchley (collectively "Individual Defendants") were principals, directors, or employees of the LLC Defendants.

In 1988, Richard Sinclair and his wife purchased the Property and obtained approval from

the City of Turlock to construct a 35 unit town house complex.  They obtained a loan secured by a deed of trust on the Property.  They built an apartment complex on the Property.  In 1992, Richard Sinclair and his wife defaulted on the loan.  They obtained approval to subdivide the Property into 19 lots.  On June 8, 1994, Richard Sinclair filed for bankruptcy.  In 1995, Stanley Flake as Trustee of the Julie Insurance Trust purchased the Property.  In 1997 or 1998, Gregory Mauchley and Mauctrst acquired the Property.  Gregory Mauchley and Mauctrst obtained loans secured by the individual lots on the Property from various third parties.  They fell into default on those loans.  Fox Hollow HOA was established in December 2000.  Plaintiffs allege the Individual and LLC Defendants collected homeowners' association dues on lots already sold to help pay the cost of foreclosure litigation.  Through various legal processes and foreclosure, CEMG became the owner of 8 lots on the Property.  Defendants challenge CEMG's ownership based on allegations of wrongful foreclosure and interference with contract.

This case is a consolidation of three related cases: an action commenced by Fox Hollow HOA  against the Individual Defendants, LLC Defendants, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 ("Fox Hollow Action"); an action commenced by CEMG against the Individual Defendants, LLC Defendants, Diana Mauchley, Deborah Sinclair, Sinclair Enterprises, Inc., Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 ("CEMG Action"); and an action commenced by the LLC Defendants against Plaintiffs in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Action"). The Consolidated Federal Action is also related to another state court case (Stanislaus County Superior Court, Case No. 332233, originally filed on April 24, 2003) in which the Individual Defendants and LLC Defendants filed suit against Plaintiffs ("State Court Action").  Plaintiffs also filed a cross-complaint against Richard Sinclair, Gregory Mauchley, and Mauctrst.  The State Court Action dealt with the substance of the dispute between the parties (the foreclosure process, ownership of the individual lots on the Property).  A 36 day bench trial was held, starting on December 9, 2008.  On August 18, 2009, judgment was entered against the Individual

Defendants and LLC Defendants on the main complaint and judgment was entered against Plaintiffs on the cross-complaint. Doc. 433, Part 8. The State Court Action is on appeal.

The operative complaint in this Consolidated Federal Action was filed on July 21, 2010. Doc. 410. The Individual Defendants filed a document termed a cross-complaint ("Cross-Complaint) against Plaintiffs. Doc. 425. Lairtrust filed a counterclaim ("Counterclaim") against Plaintiffs. Doc. 471. Plaintiffs generally allege that the Cross-Complaint and Counterclaim are duplicative of the State Court Action. Richard Sinclair is a practicing attorney and has sought to represent both himself and other defendants in this case. The Consolidated Federal Action has proceeded in parallel to the State Court Action, but as stated above, the heart of dispute is contained in the State Court Action. The Consolidated Federal Action appears to be limited to ancillary disputes such as homeowners' association funds and the tactics each party used in prosecuting their cases. The parties filed a notice of settlement on July 16, 2007 ("2007 Settlement"). Doc. 303. Though the 2007 Settlement was meant to resolve all issues, that turned out not to be the case. Judge Wanger retired at the end of September 2011. The case was reassigned to the undersigned. Doc. 804. There were multiple motions that had been filed but not resolved at the time of transfer.

## II. Discussion

**A. Motion to Strike Cross-Complaint (Doc. 742)**

On August 10, 2010, the Individual Defendants filed the Cross-Complaint. Doc. 425. Plaintiffs made a motion dismiss, or in the alternative, to stay and sever. Doc. 431. Judge Wanger ordered the Cross-Complaint stayed "except for claims arising out of (i) Cross-Defendants' [Plaintiffs'] alleged breach of the 2007 settlement agreement, and (ii) Cross-Defendants' alleged conduct during and after trial of the state court action." Doc. 476, 2:8-11. Judge Wanger found the Cross-Complaint largely duplicative of the ongoing State Court Action. Plaintiffs filed a second motion to sever and stay the Cross-Complaint claims related to the alleged breach of the 2007 Settlement. Doc. 477. On May 13, 2011, Judge Wanger granted the motion. Doc. 572. Plaintiffs' also made a motion for partial summary judgment for those Cross-

Complaint claims related to Plaintiffs' conduct during and after trial in the State Court Action. Doc. 478.  On June 24, 2011, Judge Wanger granted the motion, finding that the Individual Defendants did not have standing to sue on those claims. Doc. 640.  On June 30, 3011, Lairtrust made a motion for leave to file or otherwise join in the Cross-Complaint to correct any deficiencies in standing. Doc. 659.  The motion was set for August 8, 2011.  On August 4, 2011, Richard Sinclair then filed a "First Amended Cross-Complaint" on behalf of himself and Lairtrust. Doc. 723.  At the August 8, 2011 hearing, Judge Wanger orally denied the motion with further review at a scheduled hearing on September 26, 2011. Doc. 725.  Before that later hearing date, Judge Wanger issued an order which stated "The Motion for Leave to File a Cross-Complaint is denied without prejudice to filing of a proper motion. There is no such pleading under the Federal Rules of Civil Procedure as a Cross-Complaint." Doc. 763: 3:13-15.

Plaintiffs seek to have the First Amended Cross-Complaint stricken. Doc. 742.  Leave to amend was denied.  Doc. 742 should be properly stricken as it was improperly filed.  Plaintiffs' motion to strike is granted.  All remaining claims in the Cross-Complaint are stayed.

**B. Motions to Strike Counterclaim (Docs. 742 and 799)**

On January 19, 2011, Lairtrust filed the Counterclaim. Doc. 471.  Plaintiffs made a motion to sever and stay all claims contained in the Counterclaim except those related to Plaintiffs' conduct during and after trial in the State Court Action. Doc. 480.  On May 11, 2011, Judge Wanger granted the motion in full. Doc. 576.  It should be noted that claims related to the 2007 Settlement were not excluded from the stay. Doc. 563:6:1-3.  Plaintiffs also made a motion for a more definite statement regarding those claims related to Plaintiffs' conduct during and after trial in the State Court Action. Doc. 485.  On July 7, 2011, Judge Wanger granted the motion and gave Lairtrust 30 days to file an amended Counterclaim. Doc. 667.  Lairtrust did not file an amended pleading before the deadline passed.  On August 22, 2011, Plaintiffs filed a motion to strike the Counterclaim. Doc. 742.  Lairtrust then filed the First Amended Counterclaim on September 12, 2011. Doc. 773.  Plaintiffs moved to strike the First Amended Counterclaim. Doc. 799.

1  Lairtrust missed the deadline for filing a First Amended Counterclaim. Further, the
2  document filed does not address the issues Judge Wanger discussed in granting the motion for
3  more definite statement. In his memorandum, Judge Wanger indicated:

> Lairtrust's allegations concerning the unstayed claims are unclear, but it appears Lairtrust's unstayed counterclaims are based on the following alleged conduct carried out by Plaintiffs: (1) Katakis assessed extra assessments on Lot 1 and then wrongfully foreclosed on Lot 1 during the operative time period; (2) the Fox Hollow HOA's accounting for Lot 1 contained 'numerous discrepancies' during the operative time period; and (3) Katakis excluded Lairtrust from voting and participating in the HOA....
>
> Lairtrust's counterclaim asserts twelve causes of action. It is unclear from the face of the counterclaim which of the twelve causes of action are based on conduct that is outside the scope of the issues that have already been stayed. For example, inter alia, Lairtrust's fraud cause of action does not reference specific conduct but rather makes general allegations that may or may not concern conduct and issues that are subject to the order staying portions of Lairtrust's counterclaim. Because the complaint is unclear as to what alleged actions and omissions by Plaintiffs are the basis for each cause of action, and because the majority of Lairtrust's counterclaim has been stayed, a more definite statement is required to permit Plaintiffs to frame a response.

Doc. 644, 3:7-15 and 4:15-26. The First Amended Counterclaim includes all original 12 causes of action and adds in fifteen more. Again, all of the detail is contained within the general allegations. Lairtrust has still not provided clarity as to which claims are stayed and which are not. The allegations of the First Amended Counterclaim are roughly the same as that of the original Counterclaim. Lairtrust continues to make claims based on alleged violation of the 2007 Settlement. None of the language contained in the individual causes of action make a distinction as to what is stayed and what is not. In opposition to the motion to strike the First Amended Counterclaim, Lairtrust states, "Although the factual allegations are similar to the factual allegations in the State Court case, they are included in the Counterclaim for background purposes. The various causes of action alleged in the Counterclaim, although similar to those included in the state Court case, are intended to address the ongoing wrongs conducted by Counter-defendants [Plaintffs] and therefore are ripe for inclusion in this litigation." Doc. 917, 4:1-5. Lairtrust's argument is insufficient; Lairtrust has not obeyed Judge Wanger's prior ruling, and has instead produced another pleading that mixes together what has been stayed and what is potentially not stayed. First, Lairtrust did not file the pleading within the time ordered by Judge Wanger. Second, the late pleading is inconsistent with Judge Wanger's substantive rulings.

Further, Plaintiffs note that the First Amended Countercomplaint is a near copy of the First Amended Cross-Complaint; Judge Wanger had already seen that document in denying leave to amend the original Cross-Complaint. Doc. 763.

As Plaintiffs point out "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. Rule Civ. Proc. 12(e).  As the court can not extricate the stayed and non-stayed claims, both the Counterclaim and First Amended Counterclaim are stricken in their entirety.  Lairtrust (and Lairtrust alone) is granted leave to amend the Counterclaim within 30 days of the filing of this order.  Lairtrust must explicitly distinguish between those claims which are stayed and those which are not.

**C. Motion for Reconsideration (Doc. 540)**

Plaintiffs made motions to stay and sever the Cross-Complaint and Counterclaim. Docs. 477 and 480.  On April 10, 2011, Richard Sinclair made an ex parte motion to continue the April 11, 2011 hearing until May 2011 due to an ongoing San Francisco Superior Court trial that was taking longer than expected. Doc. 533.  Judge Wanger convened the hearing on April 11, 2011.  As Richard Sinclair was not present, Judge Wanger continued the hearing until April 12, 2011, at 12:15 PM to allow a telephonic appearance. Doc. 536.  Richard Sinclair did not make an appearance on April 12, 2011.  Judge Wanger heard arguments and orally granted the motions to sever and stay. Doc. 538.

On May 2, 2011, Richard Sinclair made a "motion for reconsideration of the April 12, 2011 hearing." Doc. 540.  The motion only asks for a new hearing.  Plaintiffs opposed the motion, pointing out that Judge Wanger specifically scheduled the hearing so that Richard Sinclair could participate during the noon recess. Doc. 558.  Richard Sinclair filed a reply in which he noted that due to the quick changes in the schedule, he did not have the materials in this case with him in San Francisco. Doc. 560.  Judge Wanger subsequently issued a memorandum decision on the motions to sever and stay. Doc. 563.  On May 2, 2011, Judge Wanger held a hearing on Plaintiffs' motion for partial summary judgment regarding the cross-complaint;

Richard Sinclair was present at the hearing and was heard regarding his request for a hearing. Doc. 569.  There is no indication that Judge Wanger found a new hearing necessary as on May 11, 2011, Judge Wanger signed a written order granting the motions to sever and stay. Doc. 576.

Richard Sinclair's motion for reconsideration of the hearing is denied.

**D. Motion to Disqualify Plaintiffs' Attorneys (Doc. 745)**

Plaintiffs are represented by John M. Dunn and D. Greg Durbin of McCormick, Barstow, Sheppart, Wayte, & Carruth LLP.  On August 22, 2011, Lairtrust made a motion to have them disqualified due to a conflict of interest.  Lairtrust argues that it is a member of the Fox Hollow HOA and was wrongfully denied a director position; as a director, Lairtrust would have not consented to Mr. Dunn's and Mr. Durbin's representation of Fox Hollow HOA in opposition to Lairtrust's interests since 2003. Doc. 745, 4:17-5:8.  Plaintiffs point out that Lairtrust has filed this motion before.  On June 24, 2011, Judge Beck denied the motion. Doc. 642.  Lairtrust tried to seek reconsideration. Doc. 654.  Regarding Lairtrust's disqualification argument, Judge Wanger stated at the August 8, 2011 hearing that "if there was such an objection or an alleged conflict of interest that is so far waived, it is so far gone that it can't be resurrected. That would be - in this court, that's eight years later....It's, quite frankly, the same thing in corporate law as a derivative suit where a board won't act or where shareholders are at odds. There is no prohibition against attorneys representing the corporation and one faction of the board against a separate faction of the board or other officers and directors who have a disagreement and they have to be individually and separately represented." Doc. 777, Part 1, Exhibit 1, 29:24-30:12.

Lairtrust's motion to disqualify is denied.

**E. Motion Regarding Richard Sinclair's Representation of Brandon Sinclair and Gregory Mauchley (Doc. 550)**

In this case, Richard Sinclair has been representing various other defendants, including Brandon Sinclair and Gregory Mauchley.  On February 8, 2010, Judge Wanger found the representation improper due to potential conflict of interest, ruling "Mr. Sinclair shall not

7

represent any of the Defendants in the Within action other than himself, individually, and other than a non-individual Defendant in which he is and at all times has been the sole owner." Doc. 362, 3:5-7.  Notwithstanding the ruling, the matter remained unresolved for some time.  On August 20, 2010, he ordered "The issue of the representation of Brandon Sinclair and Gregory Mauchley shall be settled by October 26, 2010. Those parties will notify the Court as to whether they will proceed in pro se or shall designate counsel, who shall enter an appearance as counsel in this action for each individual Defendant." Doc. 430, 9:10-14.  Richard Sinclair continued to make filings on behalf of Brandon Sinclair and Gregory Mauchley.  In these filings, he claims to be "Attorney for In Pro Per. Specially Appearing for Brandon Sinclair. Specially Appearing for Gregory Mauchley." See, e.g. Docs. 493, 495, and 584.  On April 15, 2011, Plaintiffs made a motion to enforce Judge Wanger's ruling that prohibited this representation. Doc. 544.  Plaintiffs then filed an amended motion. Doc. 550.  Richard Sinclair opposes the motion, arguing that he "has only 'Specially Appeared' to ease the confusions and disarray that can occur if people appear personally without counsel." Doc. 584, 3:23-24.  A hearing on this motion was held on June 6, 2011. Doc. 616.  Judge Wanger allowed supplemental briefing.  At the hearing on August 8, 2011, Judge Wanger stated "You're purporting to specially appear for Brandon Sinclair. You cannot appear for Brandon Sinclair, you've been told that in at least five prior proceedings." Doc. 771, Part 1, Ex. 1, 6:23-25.

The issue is clear.  Richard Sinclair may not legally represent Brandon Sinclair and Gregory Mauchley in any capacity in this case.  Making special appearances on their behalf is prohibited.  Plaintiffs' motion to enforce Judge Wanger's ruling is granted.

**F. Motions for Sanctions (Docs. 784 and 785)**

Plaintiffs made a Request for Production of Documents and Tangible Things, Set Number One from the Individual and LLC Defendants in December 2010.  The Individual and LLC Defendants responded in January 2011 without producing documents, only stating "Existing Exhibits from Superior Court of California, Stanislaus County and Master Document Ex A, attached hereto with supplements to follow when and if located and not privileged or object to."

The parties met and some documents were provided in May 2011.  Plaintiffs made motions to compel against Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone. Docs. 571 and 614. Judge Beck granted these motions, stating the "initial January 2011 responses, as well as Richard Sinclair's May 2011 supplemental responses, are wholly inadequate and demonstrate that Defendants made no reasonable effort to respond to discovery as required by Federal Rule of Civil Procedure 34. The responses failed to indicate whether Defendants had responsive documents and/or whether documents were being withheld pursuant to a privilege. When a small number of documents were produced, Richard Sinclair failed to indicate to which request(s) the documents were related. Defendants have also failed to produce numerous documents identified in their Rule 26 initial disclosures." Doc. 613, 3:23-4:5; Doc. 727.

Plaintiffs filed motions for sanctions. Docs. 756 and 764.  Subsequently Capstone and Lairtrust responded to the requests on September 9 and 15, 2011.  These responses did not include any actual documents but instead consisted of boilerplate objections while stating "After a diligent search and reasonable inquiry, Defendant is unable to produce the requested documents because he has no responsive, non-privileged documents within his possession, custody, or control except those attached as Exhibit A which was provided in the Stanislaus Superior Court Case No: 332233. Discovery is continuing" or some minor variant thereof. Doc. 786, Parts 1 and 2; Doc. 769, Part 3.  There has been no response by Richard Sinclair or Brandon Sinclair.  These four Defendants are clearly in violation of Judge Beck's orders.  The request for sanctions is denied.  However, the court expects full compliance with Judge Beck's orders (Docs. 613 and 727) within the next 30 days.

Regarding sanctions generally, this case was transferred to the undersigned upon the retirement of Judge Wanger.  The docket is voluminous, with over 850 entries.  The thicket of litigation in this case has become close to impenetrable.  Sanctions are sought for alleged violations of past court rulings (written and oral) issued by Judges Wanger and Beck.  This court is still not familiar with all the intricacies of this case and is hesitant to grant sanctions without first becoming more conversant with the facts of this case.  The court notes that Judge Wanger has granted monetary sanctions against Richard Sinclair in the past. See Docs. 613 and 725.

1  Further, Judge Beck has also granted sanctions and has issued an order to show cause why further
2  sanctions should not be imposed against Richard Sinclair; the hearing was vacated pending
3  resolution of certain motions for reconsideration. See Docs. 643 and 726.  A pattern is clearly
4  forming.  Richard Sinclair and other Defendants are warned that all court orders must be obeyed
5  or serious sanctions (both monetary and litigation) are likely in the future.

### III. Order

The motion (Doc. 742) to strike the First Amended Cross-Claim (Doc. 723) is GRANTED.  Doc. 723 is ordered stricken from the record.

The motions (Docs. 742 and 799) to strike the Counterclaim (Doc. 471) and First Amended Counterclaim (Doc. 773)  are GRANTED.  Docs. 471 and 773 are stricken from the record.  Lairtrust is granted leave to amend.  Any amended Counterclaim must be filed within thirty (30) days of the filing of this order.

The motion (Doc. 540) for reconsideration is DENIED.

The motion (Doc. 745) to disqualify Plaintiffs' counsel is DENIED.

The motion (Doc. 550) to enforce prior court orders regarding representation of Brandon Sinclair and Greg Mauchley is GRANTED.  Richard Sinclair may not legally represent Brandon Sinclair and Gregory Mauchley in any capacity in this case.

The motions (Docs. 784 and 785) for sanctions are DENIED.  Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone are ordered to fully respond to the Request for Production in compliance with Judge Beck's orders within thirty (30) days of the filing of this order.

IT IS SO ORDERED.

Dated:     September 27, 2012                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE