UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MAUCTRUST, LLC et al.,<br><br>    Defendants. | CASE NO. 1:03-CV-5439 AWI SAB<br><br>ORDER RE: MOTION FOR JUDICIAL ESTOPPEL AND EQUITABLE ESTOPPEL |

## I. History

This dispute arises out of a housing development known as Fox Hollow of Turlock ("Property"). Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow HOA") is the homeowner's association. Plaintiff California Equity Management Group, Inc. ("CEMG") is the record owner of lots contained within the Property. Fox Hollow HOA, CEMG, and Andrew Katakis (collectively "Plaintiffs") are represented by the same counsel, and form one side of the litigation. Defendants Lairtrust, LLC ("Lairtrust"), Capstone, LLC ("Capstone"), Mauctrst, LLC ("Mauctrst") (collectively "LLC Defendants") are limited liability companies that were allegedly used to convert homeowners' association funds, effect property transfers, and commit other acts. Defendants Richard Sinclair, Brandon Sinclair, and Gregory Mauchley (collectively "Individual Defendants") were principals, directors, or employees of the LLC Defendants.

In 1988, Richard Sinclair and his wife purchased the Property and obtained approval from the City of Turlock to construct a 35 unit town house complex.  They obtained a loan secured by a deed of trust on the Property.  They built an apartment complex on the Property.  In 1992, Richard Sinclair and his wife defaulted on the loan.  They obtained approval to subdivide the Property into 19 lots.  On June 8, 1994, Richard Sinclair filed for bankruptcy.  In 1995, Stanley Flake as Trustee of the Julie Insurance Trust purchased the Property.  In 1997 or 1998, Gregory Mauchley and Mauctrst acquired the Property.  Gregory Mauchley and Mauctrst obtained loans secured by the individual lots on the Property from various third parties.  They fell into default on those loans.  Fox Hollow HOA was established in December 2000.  Plaintiffs allege the Individual and LLC Defendants collected homeowners' association dues on lots already sold to help pay the cost of foreclosure litigation.  Through various legal processes and foreclosure, CEMG became the owner of 8 lots on the Property.  Defendants challenge CEMG's ownership based on allegations of wrongful foreclosure and interference with contract.

This case is a consolidation of three related cases: an action commenced by Fox Hollow HOA  against the Individual Defendants, LLC Defendants, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 ("Fox Hollow Action"); an action commenced by CEMG against the Individual Defendants, LLC Defendants, Diana Mauchley, Deborah Sinclair, Sinclair Enterprises, Inc., Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 ("CEMG Action"); and an action commenced by the LLC Defendants against Plaintiffs in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Action"). The Consolidated Federal Action is also related to another state court case (Stanislaus County Superior Court, Case No. 332233, originally filed on April 24, 2003) in which the Individual Defendants and LLC Defendants filed suit against Plaintiffs ("State Court Action").  Plaintiffs also filed a cross-complaint against Richard Sinclair, Gregory Mauchley, and Mauctrst.  The State Court Action dealt with the substance of the dispute between the parties (the foreclosure process, ownership of the individual lots on the Property).  A 36 day bench trial was held,

starting on December 9, 2008.  On August 18, 2009, judgment was entered against the Individual Defendants and LLC Defendants on the main complaint and judgment was entered against Plaintiffs on the cross-complaint. Doc. 433, Part 8.  The State Court Action is on appeal.

The operative complaint in this Consolidated Federal Action was filed on July 21, 2010. Doc. 410.  The Individual Defendants filed a document termed a cross-complaint ("Cross-Complaint) against Plaintiffs. Doc. 425.  Lairtrust filed a counterclaim ("Counterclaim") against Plaintiffs. Doc. 471.  Plaintiffs generally allege that the Cross-Complaint and Counterclaim are duplicative of the State Court Action.  Richard Sinclair is a practicing attorney and has sought to represent both himself and other defendants in this case.  The Consolidated Federal Action has proceeded in parallel to the State Court Action, but as stated above, the heart of dispute is contained in the State Court Action.  The Consolidated Federal Action appears to be limited to ancillary disputes such as homeowners' association funds and the tactics each party used in prosecuting their cases.  The parties filed a notice of settlement on July 16, 2007 ("2007 Settlement"). Doc. 303.  Though the 2007 Settlement was meant to resolve all issues, it was not finalized.  The status of the 2007 Settlement is a contested issue in the State Court Action and not part of this case.  Judge Wanger retired at the end of September 2011.  The case was reassigned to the undersigned. Doc. 804.

Sinclair has made a motion to enforce the 2007 Settlement on grounds of judicial and equitable estoppel. Doc. 844. Plaintiffs oppose the motion. Doc. 848.

**II. Discussion**

Sinclair asks the court to apply judicial and equitable estoppel to enforce the 2007 Settlement. Doc. 844, 1:3-6.  Sinclair seeks to estop Plaintiffs from taking positions contrary to the terms of that agreement.  Plaintiffs argue that the 2007 Settlement is currently unenforceable as it is the subject of ongoing litigation in the State Court Action.  Judge Wanger ruled that "It is beyond dispute that one of the issues currently under review by the California Court of Appeal is the existence and enforceability of the 2007 settlement agreement. Individual Defendants do not content otherwise." Doc. 563, 5:14-17; see Doc. 477, Part 8, Ex. E, Notice of Appeal.  In

Superior Court, the trial judge had preliminarily accepted the settlement, but ultimately denied a formal motion to enforce the 2007 Settlement. On January 23, 2013, the Fifth District Court of Appeal issued a ruling, upholding the Superior Court's ruling, finding there was "no meeting of the minds on several material terms." Sinclair v. Katakis, 2013 Cal. App. Unpub. LEXIS 509, *43-44 (Cal. App. 5th Dist. 2013). However, the California Supreme Court's public online case information website shows that Sinclair has appealed that decision.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Critically, judicial estoppel requires that the earlier inconsistent position to have actually been relied on by a court: "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." New Hampshire v. Maine, 532 U.S. 742, 751 (2001), citations omitted. In this case, Plaintiffs' earlier inconsistent position was not relied upon by the California state courts as they have thus far declined to enforce the 2007 Settlement.

"[F]our elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." Driscoll v. Los Angeles, 67 Cal. 2d 297, 305 (Cal. 1967). In this circumstance, Sinclair argues his injury is that "there was a written agreement which caused the State Court trial to be vacated and also vacated this federal court action for a number of years." Doc. 844, 25:10-12. The fact that trial was delayed does not appear to be good grounds for applying equitable estoppel in this circumstance, especially since it has been Sinclair's legal appeals which have pushed out final resolution in the State Court Action. Further, this court would not interfere with the California Supreme Court's jurisdiction by collaterally enforcing the 2007 Settlement.

**III. Order**

Sinclair's motion is DENIED.

IT IS SO ORDERED.

Dated:   March 29, 2013

_____
SENIOR  DISTRICT  JUDGE