UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, et. al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>RICHARD SINCLAIR, et al.,<br><br>      Defendants. | CASE NO. 1:03-CV-5439 AWI SAB<br><br>ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS |

## I. History

This dispute arises out of a housing development known as Fox Hollow of Turlock ("Property"). Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow HOA") is the homeowner's association. Plaintiff California Equity Management Group, Inc. ("CEMG") is the record owner of lots contained within the Property. Fox Hollow HOA, CEMG, and Andrew Katakis (collectively "Plaintiffs") are represented by the same counsel, and form one side of the litigation. Defendants Lairtrust, LLC ("Lairtrust"), Capstone, LLC ("Capstone"), Mauctrst, LLC ("Mauctrst") (collectively "LLC Defendants") are limited liability companies that were allegedly used to convert homeowners' association funds, effect property transfers, and commit other acts. Defendants Richard Sinclair, Brandon Sinclair, and Gregory Mauchley (collectively "Individual Defendants") were principals, directors, or employees of the LLC Defendants.

In 1988, Richard Sinclair and his wife purchased the Property and obtained approval from

the City of Turlock to construct a 35 unit town house complex.  They obtained a loan secured by a deed of trust on the Property.  They built an apartment complex on the Property.  In 1992, Richard Sinclair and his wife defaulted on the loan.  They obtained approval to subdivide the Property into 19 lots.  On June 8, 1994, Richard Sinclair filed for bankruptcy.  In 1995, Stanley Flake as Trustee of the Julie Insurance Trust purchased the Property.  In 1997 or 1998, Gregory Mauchley and Mauctrst acquired the Property.  Gregory Mauchley and Mauctrst obtained loans secured by the individual lots on the Property from various third parties.  They fell into default on those loans.  Fox Hollow HOA was established in December 2000.  Plaintiffs allege the Individual and LLC Defendants collected homeowners' association dues on lots already sold to help pay the cost of foreclosure litigation.  Through various legal processes and foreclosure, CEMG became the owner of 8 lots on the Property.  Individual and LLC Defendants challenge CEMG's ownership based on allegations of wrongful foreclosure and interference with contract.

This case is a consolidation of three related cases: an action commenced by Fox Hollow HOA  against the Individual Defendants, LLC Defendants, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 ("Fox Hollow Action"); an action commenced by CEMG against the Individual Defendants, LLC Defendants, Diana Mauchley, Deborah Sinclair, Sinclair Enterprises, Inc., Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 ("CEMG Action"); and an action commenced by the LLC Defendants against Plaintiffs in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action"), removed to this Court and consolidated with the Fox Hollow and CEMG Actions by Order filed on October 6, 2003 ("Consolidated Federal Action"). The Consolidated Federal Action is also related to another state court case (Stanislaus County Superior Court, Case No. 332233, originally filed on April 24, 2003) in which the Individual Defendants and LLC Defendants filed suit against Plaintiffs ("State Court Action").  Plaintiffs also filed a cross-complaint against Richard Sinclair, Gregory Mauchley, and Mauctrst.  The State Court Action dealt with the substance of the dispute between the parties (the foreclosure process, ownership of the individual lots on the Property).  The parties filed a notice of settlement on July 16, 2007 ("2007 Settlement") both in federal and state court. Doc. 303.

Though the 2007 Settlement was meant to resolve all issues, it was not finalized.  The state trial court found it unenforceable and proceeded with the case.  The status of the 2007 Settlement is a contested issue in the State Court Action.  A 36 day bench trial was held, starting on December 9, 2008.  On August 18, 2009, judgment was entered against the Individual Defendants and LLC Defendants on the main complaint and judgment was entered against Plaintiffs on the cross-complaint. Doc. 433, Part 8.  The State Court Action is on appeal.

The operative complaint in this Consolidated Federal Action was filed on July 21, 2010. Doc. 410.  The Individual Defendants filed a document termed a cross-complaint ("Cross-Complaint) against Plaintiffs. Doc. 425.  Lairtrust filed a counterclaim ("Counterclaim") against Plaintiffs. Doc. 471.  Plaintiffs generally allege that the Cross-Complaint and Counterclaim are duplicative of the State Court Action.  Richard Sinclair is a practicing attorney and has sought to represent both himself and other defendants in this case.  The Consolidated Federal Action has proceeded in parallel to the State Court Action, but as stated above, the heart of dispute is contained in the State Court Action.  The Consolidated Federal Action appears to be limited to ancillary disputes such as homeowners' association funds and the tactics each party used in prosecuting their cases.

The present motion is a request for judgment on the pleadings, brought by the Plaintiffs. Doc. 869.  Plaintiffs assert that Mauctrst does not have the capacity to either sue or defend against any claims brought against it.  Thus, Plaintiffs seek (1) to have all claims brought by Mauctrst dismissed and (2) an entry of default on all claims against Mauctrst.  Mauctrst opposes the motion. Doc. 878.

## II. Discussion

Plaintiffs argue that Mauctrst "is wholly without capacity to sue, or defend itself in this action, thereby necessitating the dismissal of its operative claims as well as an entry of a default judgment." Doc. 870, 2:14-16.  As support, Plaintiffs cite to Fed. Rule Civ. Proc. 17(b), which states "Capacity to sue or to be sued is determined as follows....(2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court

3

1  is located."  For limited liability companies, "federal courts have noted that the law of the state in

2  which the district court is located should be applied in determining whether a LLC has capacity

3  to sue or be sued." <u>Global BTG LLC v. Nat'l Air Cargo, Inc.</u>, 2011 U.S. Dist. LEXIS 70386, *4

4  (C.D. Cal. 2011).  However, Rule 17 only discusses the capacity to sue or be sued, as distinct to

5  the right to defend itself.  Plaintiffs have not provided any case law that addresses Rule 17

6  application of state law concerning the capacity of an entity to defend itself in court.

7  Plaintiffs' argues that Mauctrst lacks the capacity to sue since it has completely wound up

8  its affairs as evidenced by the two certificates of cancellation filed with the California Secretary

9  of State by George Mauchley, the second of which was filed on June 13, 2011. Doc. 871, Part 2.

10  In deciding motions to dismiss and motions on the pleadings, "a court may take judicial notice of

11  matters of public record." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001), citing

12  Fed. Rule Civ. Proc. 201 and <u>Mack v. South Bay Beer Distrib.</u>, 798 F.2d 1279, 1282 (9th Cir.

13  1986).  The certificates of cancellation are judicially noticed.  Plaintiffs explain that "Under the

14  Limited Liability Company Cancellation Filing Requirements, by filing the certification of

15  cancellation, Mauctrst, LLC acknowledged that it had no debts or other liabilities, other than

16  potential tax liability and that all assets, if any had been distributed, or there were no known

17  assets ever acquired by the LLC. The Cancellation Filing Requirements make it clear that all

18  powers, rights and privileges of the LLC cease with the filing of the notice of cancellation." Doc.

19  880, 5:7-12.  As a result of the certificates of cancellation, "Mauctrst has ceased to exist." Doc.

20  870, 3:19.  Plaintiffs point out that Mauctrst asserts "the certificates of cancellation it filed were

21  ineffective." Doc. 880, 2:17-19.  Plaintiffs firmly disagree, finding Mauctrst's assertion to be a

22  "fundamentally faulty premise[]" that does not "prove[] correct." Doc. 880, 2:17-21.  Plaintiffs

23  point out that the Fifth District Court of Appeal has accepted the validity of the certificate of

24  cancellation as it dismissed Mauctrst's appeal in the State Court Action on the basis that

25  Mauctrst lacks the capacity to sue. Doc. 871, Part 3; see also <u>Sinclair v. Katakis</u>, 2013 Cal. App.

26  Unpub. LEXIS 509, *26 n. 3 (Cal. App. 5th Dist. Jan. 23, 2013) ("The appeal was dismissed as

27  to Mauctrst for lack of standing after the company filed a certificate of cancellation with the

28  Secretary of State and its powers, rights, and privileges ceased. (Corp. Code, § 17350.5, subd.

4

1  (c).)").

2      The California Corporations Code sets out the legal effect of cancellation on an LLC.

3  Plaintiffs argue "when a certificate of cancellation is filed by an LLC, its power, rights and

4  privileges cease *immediately*. [Cal. Corp. Code § 17356(b)(1)], § 17350.5(c). With the filing of

5  the certificate of cancellation, MAUCTRST immediately lost all powers, rights and privileges

6  afforded it under California law, including its ability to sue or defend any action. Id., §

7  17003(b)." Doc. 870, 3:3-6, emphasis in original.  An LLC "shall have all of the powers of a

8  natural person in carrying out its business activities, including without limitation, the power

9  to:...(b) sue, be sued, complain and defend any action, arbitration, or proceeding, whether

10  judicial, administrative, or otherwise, in its own name." Cal. Corp. Code § 17003(b).  Losing the

11  powers, rights, and privileges of an LLC appears to mean losing the capacity to sue and be sued.

12      Plaintiffs initially relied upon Section 17350.5, which states, "(a)...if a domestic limited

13  liability company has not conducted any business, only a majority of the members, or, if there are

14  no members, the majority of the managers, if any, or if no members or managers, the person or a

15  majority of the persons signing the articles of organization, may execute and acknowledge a

16  certificate of cancellation of articles of organization....(c) Upon filing a certificate of cancellation

17  pursuant to subdivision (a), a limited liability company shall be cancelled and its powers, rights,

18  and privileges shall cease." Cal. Corp. Code § 17350.5.  Mauctrst points out that Section 17350.5

19  does not apply as Mauctrst has conducted business for a number of years. Doc. 878, 5:4-5.  On

20  that basis, Mauctrst argues that the cancellation was ineffective.

21      Plaintiffs then shifted to rely on Section 17356, which discusses cancellation for LLCs

22  generally, "The managers or members who filed the certificate of dissolution shall cause to be

23  filed in the office of, and on a form prescribed by, the Secretary of State, a certificate of

24  cancellation of articles of organization upon the completion of the winding up of the affairs of

25  the limited liability company." Cal. Corp. Code §17356(b)(1).  Plaintiffs provide standardized

26  forms and instructions from the California Secretary of State for cancelling LLC. See Doc. 871,

27  Part 4, Ex. D.  These are public records subject to ready determination for accuracy and are

28  judicially noticed.  The materials provided by the California Secretary of State distinguishes

1    between cancellation under Section 17350.5 and 17356: "To cancel the Articles of Organization

2    of a domestic limited liability company (LLC), the domestic LLC must file a Certificate of

3    Dissolution (Form LLC-3) and Certificate of Cancellation (Form LLC-4/7). However, if all the

4    members vote to dissolve, only Form LLC-4/7 is required....In lieu of the above-mentioned

5    certificates, a domestic LLC man file a Short Form Certificate of Cancellation (Form LLC-4/8) if

6    the following requirements are met: [requirements set out in Section 17350.5]." Doc. 871, Part 4,

7    at 1. Mauctrst's two certificates of cancellation were filed on Form LLC-4/7. Doc. 871, Parts 1

8    and 2, Exs. A and B. That indicates that Mauctrst pursued cancellation under the general

9    provision, Section 17356 and not the inapplicable Section 17350.5. In describing the applicable

10   law, the instructions further state that "Upon the filing of the Certificate of Cancellation (Form

11   LLC-4/7) or Short Form Certificate of Cancellation (Form LLC-4/8) by the Secretary of State,

12   the Articles of Organization or Application for Registration of the LLC will be cancelled and the

13   powers, rights and privileges of the LLC will cease in California." Doc. 871, Part4, Ex. D, at 1.

14   This recognizes that the effect of cancellation under Sections 17356 and 17350.5 appear to be the

15   same, namely cessation of the LLC's "powers, rights and privileges."

16          The Fifth District Court of Appeal has accepted Mauctrst's certificate of cancellation as

17   effective. Based on the judicially noticed documents provided, the court also concludes that

18   Mauctrst filed the appropriate forms for cancellation. Mauctrst has not provided any argument

19   for why the certificates George Mauchley filed did not cancel Mauctrst under Section 17356.

20   Thus, the court accepts Plaintiffs' position that the certificates of cancellation filed by Mauctrst

21   are legally effective.

22          Plaintiffs have asked the court to apply California law concerning the capacity of LLCs to

23   sue and to defend based upon Fed. Rule Civ. Proc. 17(b). The court finds that applying

24   California law concerning the capacity of LLCs to sue and be sued to be the legally correct

25   position under Fed. Rule Civ. Proc. 17(b). Due to the certificates of cancellation, Mauctrst can

26   not sue or be sued. All of Mauctrst's claims must be dismissed. Furthermore, when an entity

27   lacks the capacity to be sued, all claims against that entity should be dismissed. See Dean v.

28   Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); In re: Dairy Farmers of Am., Inc., 767 F. Supp. 2d

1   880, 893 (N.D. Ill. 2011).  As a general matter, this result makes intuitive sense.  In the related

2   context of a corporation's capacity to be sued/defend itself, the California Supreme Court stated,

3   "Not only would it be unfair to sue an entity that was incapable of defending itself, it would also

4   be senseless to render judgment against an entity that had become nonexistent." Penasquitos, Inc.

5   v. Superior Court, 53 Cal.3d 1180, 1186 (Cal. 1991).

6

7                                    **III. Order**

8          Plaintiffs' motion on the pleadings is GRANTED in part and DENIED in part.  All claims

9   by and against Mauctrst, LLC are dismissed.  Mauctrst, LLC itself is dismissed from this case.

10   IT IS SO ORDERED.

11

12   Dated:   April 12, 2013                    _____
                                                  SENIOR  DISTRICT  JUDGE

13