# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX HOLLOW OF TURLOCK OWNERS' ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SINCLAIR, et al.,<br><br>Defendants. | Case No.  1:03-cv-05439-AWI-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1027-28, 1030, 1032-36, 1043, 1044, 1045, 1046-47, 1048-1050, 1052, 1053-54, 1060, 1061, 1062) |

On June 11, 2014, Richard Sinclair filed a motion for leave to amend the court schedule and requesting to reinstate his dismissed counterclaim claim. (ECF No. 1027.) On June 16, 2014, Stanley Flake filed a motion to amend the scheduling order to allow a dispositive motion and amended answer to be filed. (ECF No. 1030.) On June 26, 2014, Fox Hollow and California Equity Management Group filed a motion for sanctions to issue against Richard Sinclair, Brandon Sinclair, Lairtrust and Capstone, Inc. for failure to obey a court order. (ECF No. 1032.)  These motions were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 1029, 1031, 1037.)

On August 29, 2014, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  On September 10, 2014,

1

1  Richard Sinclair filed an Objection and Brandon Sinclair filed an Objection.  (ECF Nos. 1061,
2  1062.)  More than fourteen days have passed and no other party has filed a timely objection.
3     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted
4  a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the
5  Findings and Recommendations to be supported by the record and by proper analysis.
6     Litigation sanctions against Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone
7  (collectively "Sinclair Defendants") are justified.  These parties have been willfully disobedient
8  of several court orders in this case.  Magistrate Judge Beck ordered the Sinclair Defendants to
9  respond to a number of requests for documents in 2011. Docs. 613 and 727.  They have
10 repeatedly refused to comply despite multiple orders on the issue.  In March, the Sinclair
11 Defendants were given a final chance to comply, with the warning that "further refusal to follow
12 Judge Beck's ruling will likely result in severe litigation sanctions, namely the entry of default
13 judgment in favor of Plaintiffs in the Consolidated Federal Action. Each Defendant must comply
14 with the relevant provisions of Fed. Rule Civ. Proc. 34(b)(2) and provide a signed response to
15 **each request** that specifically states either (1) Defendants have no responsive documents in their
16 possession, custody or control; or (2) Defendants are producing all responsive documents and
17 specifically identify all documents produced for that request." Doc. 1014, March 31, 2014 Order,
18 19:28-20:7, emphasis added, citations omitted.  The Sinclair Defendants provided two boxes of
19 documents and an identical response to each request referring generally to the materials in the
20 boxes; they did not address each request specifically.  This makes it difficult to determine exactly
21 which requests the Sinclair Defendants have provided documents for.
22    More importantly, Plaintiffs assert that there are additional responsive documents known
23 to be in the Sinclair Defendants possession that have yet to be produced, namely documents
24 listed (but not ultimately used) as trial exhibits for the State Court Action and documents
25 concerning the ownership of Lairtrust and Capstone which Richard Sinclair told Judge Wanger
26 existed. Doc. 1035, June 26, 2014 Durbin Declaration, 10:18-11:18.  This assertion is somewhat
27 supported by Defendants' statements as Richard and Brandon Sinclair opposed the motion for
28 terminating sanctions by stating that Plaintiffs' claims of fraud "simply isn't true and they can't

1 prove it.  There are no other documents that Defendants have that would support it.  Only
2 documents that disprove it." Doc. 1043, Richard Sinclair Opposition, 2:1-3 and Doc. 1044,
3 Brandon Sinclair Opposition, 2:3-5.  Magistrate Judge Boone noted this problem and stated
4 "This leads the Court to infer that additional documents do exist that are responsive to the
5 requests.  The Sinclair Defendants may not decide which documents to produce; they must
6 produce all responsive documents." Doc. 1060, Findings and Recommendations, 17:15-17.  In
7 response, instead of directly addressing these specific issues, the Sinclair Defendants generally
8 state that "Sinclairs have provided all discovery in their care, custody, and control and have
9 nothing else in their care, custody, and control.  That is what the court ordered and Sinclairs have
10 complied.  Sinclairs also removed all objections and privileges and indicated that they had no
11 further documents." Doc. 1062, Brandon Sinclair Objections, 3:19-23.  The Sinclair Defendants
12 have not explained why they did not turn over the documents raised by D. Greg Durbin.  Indeed,
13 Richard Sinclair repeats the statement flagged by the court that Plaintiffs' claims of fraud
14 "simply isn't true and they can't prove it.  There are no other documents that Defendants have
15 that would support it.  Only documents that disprove it." Doc. 1061, Richard Sinclair Objections,
16 12:21-23.

17 Less drastic sanctions have been tried numerous times but they have not worked; the
18 Sinclair Defendants were specifically warned that default judgment would likely result if they
19 further failed to comply with Magistrate Judge Beck's 2011 orders.  The sanctions are
20 appropriate in this circumstance.

21 Accordingly, IT IS HEREBY ORDERED that:
22 1. The Findings and Recommendations, filed August 29, 2014, is adopted in full;
23 2. Richard Sinclair's Motion to Amend the Scheduling Order is DENIED;
24 3. Plaintiffs Fox Hollow and California Equity Management Group's Motion for
25     Sanctions against Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone is
26     GRANTED;
27 4. Richard and Brandon Sinclair's Answer to the Amended Complaint, filed August
28     10, 2010, is STRICKEN FROM THE RECORD;

5. Lairtrust and Capstone's answer to the amended complaint, filed January 18, 2011, is STRICKEN FROM THE RECORD;

6. Default is entered against Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone on the Consolidated Amended Complaint filed July 21, 2010; and

7. Stanley Flake's Motion to Amend the Scheduling Order and Motion to File an Amended Answer is DENIED.

IT IS SO ORDERED.

Dated:   September 25, 2014

_____
SENIOR DISTRICT JUDGE