## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, a California Nonprofit Mutual Benefit Corporation, et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**MAUCTRST, LLC, et al.,**<br><br>**Defendants** | CASE NO. 1:03-CV-5439 AWI SAB<br><br>ORDER RE: MOTION FOR ENTRY OF FINAL JUDGMENT<br><br><br><br>(Doc. 1015) |

This dispute arises out of a housing development known as Fox Hollow of Turlock ("Property"). Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow HOA") is the homeowner's association. Plaintiff California Equity Management Group, Inc. ("CEMG") is the record owner of lots contained within the Property. Fox Hollow HOA, CEMG, and Andrew Katakis (collectively "Plaintiffs") are represented by the same counsel, and form one side of the litigation. Defendants Lairtrust, LLC ("Lairtrust"), Capstone, LLC ("Capstone"), Mauctrst, LLC ("Mauctrst") (collectively "LLC Defendants") are limited liability companies that were allegedly used to convert homeowners' association funds, effect property transfers, and commit other acts. Defendants Richard Sinclair, Brandon Sinclair, and Gregory Mauchley (collectively "Individual Defendants") were principals, directors, or employees of the LLC Defendants (collectively "Defendants").

In 1988, Richard Sinclair and his wife purchased the Property and obtained approval from the City of Turlock to construct a 35 unit town house complex. They obtained a loan secured by a deed of trust on the Property. They built an apartment complex on the Property. In 1992, Richard

Sinclair and his wife defaulted on the loan.  They obtained approval to subdivide the Property into 19 lots.  On June 8, 1994, Richard Sinclair filed for bankruptcy.  In 1995, Stanley Flake as Trustee of the Julie Insurance Trust purchased the Property.  In 1997 or 1998, Gregory Mauchley and Mauctrst acquired the Property.  Gregory Mauchley and Mauctrst obtained loans secured by the individual lots on the Property from various third parties.  They fell into default on those loans.  Fox Hollow HOA was established in December 2000.  Plaintiffs allege the Individual and LLC Defendants collected homeowners' association dues on lots already sold to help pay the cost of foreclosure litigation.  Through various legal processes and foreclosure, CEMG became the owner of 8 lots on the Property.  Defendants challenge CEMG's ownership based on allegations of wrongful foreclosure and interference with contract.

This case is a consolidation of three related cases: an action commenced by Fox Hollow HOA against the Individual Defendants, LLC Defendants, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 ("Fox Hollow Action"); an action commenced by CEMG against the Individual Defendants, LLC Defendants, Diana Mauchley, Deborah Sinclair, Sinclair Enterprises, Inc., Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 ("CEMG Action"); and an action commenced by the LLC Defendants against Plaintiffs in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action").  These actions were removed to this court and consolidated with the Fox Hollow Action and CEMG Action on October 6, 2003.  The main operative complaint ("Consolidated Federal Action") traces back to the CEMG Action and Fox Hollow Action. Doc. 410.  Running concurrently is the operative complaint in the Lairtrust Action. Doc. 80.  The Individual Defendants filed a document termed a cross-complaint ("Cross-Complaint") against Plaintiffs. Doc. 425.  Lairtrust filed a counterclaim ("Counterclaim") against Plaintiffs. Doc. 471.

This federal case is also related to another state court case (Stanislaus County Superior Court, Case No. 332233, originally filed on April 24, 2003) in which the Individual Defendants and LLC Defendants filed suit against Plaintiffs ("State Court Action").[1]  Plaintiffs also filed a

---

[1] The Plaintiffs in this case are defendants in the State Court Action while Defendants are plaintiffs in that case.  When quoting from documents of the State Court Action, the court has changed the references to conform with the status of the parties in this federal case in an attempt to avoid confusion.  Plaintiffs are always Andrew Katakis,

cross-complaint against Richard Sinclair, Gregory Mauchley, and Mauctrst for abuse of process. The State Court Action dealt with the substance of the dispute between the parties (the foreclosure process, ownership of the individual lots on the Property). The parties filed a notice of settlement on July 16, 2007 ("2007 Settlement"). Doc. 303. Though the 2007 Settlement was meant to resolve all issues, that turned out not to be the case. In the State Court Action, it was determined that the 2007 Settlement was unenforceable. A 36 day bench trial was held, starting on December 9, 2008. On August 18, 2009, the Superior Court issued its judgment ("Trial Decision"), finding in favor of the defending parties on all claims; that court found in favor of Plaintiffs on the main complaint and Defendants on the cross-complaint. Doc. 433, Part 8. The parties appealed. On January 23, 2013, the Fifth District Court of Appeal issued an opinion ("Appellate Decision") affirming the Trial Decision, largely on grounds of unclean hands. Doc. 923-22; <u>Sinclair v. Katakis</u>, 2013 Cal. App. Unpub. LEXIS 509 (Cal. App. 5th Dist. Jan. 23, 2013). On April 10, 2013, the California Supreme Court denied the petition for review. <u>Sinclair v. Katakis</u>, 2013 Cal. LEXIS 3119 (Cal. Apr. 10, 2013).

This case was originally assigned to District Court Judge Oliver Wanger and Magistrate Judge Dennis Beck. This federal case has proceeded in parallel to the State Court Action. However, the heart of dispute is contained in the State Court Action. Judge Wanger determined that several of the issues in Counterclaim and Cross-Complaint had to be stayed pending resolution of the State Court Action as the cases deal with the same subject matter. Judge Wanger retired at the end of September 2011. The case was reassigned to the undersigned. Doc. 804. Multiple judges have sanctioned Defendants (Richard Sinclair in particular) for failure to follow rules and court orders.

Plaintiffs made several additional motions for sanctions. Docs. 901, 905, 973, 993, and 1002. Plaintiffs also sought to take the final judgment in the State Court Action and apply them to the Lairtrust Action, Counterclaim, and Cross-Complaint as res judicata. Doc. 921. Defendants sought to take the final judgment in the State Court Action and apply them to the Consolidated

---

CEMG, and Fox Hollow HOA or some subset thereof. Defendants are always Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, Capstone, and Mauctrst.

Federal Action as res judicata. Doc. 943.  Defendants also sought leave to amend the Counterclaim and to reopen discovery. Docs. 911 and 932.  Plaintiffs' motions for sanctions were granted and Defendants' motions were denied. Doc. 1014.  In key part, the Lairtrust Action, Counterclaim, and Cross-Complaint were dismissed with prejudice.

Plaintiffs have made a motion for entry of a final judgment pursuant to Fed. Rule Civ. Proc. 54(b) in favor of Katakis. Doc. 1016.  Katakis is not a plaintiff in the Consolidated Federal Action.  He was a defendant in the Lairtrust Action, Counterclaim, and Cross-Complaint.  Katakis is neither a plaintiff nor a defendant in any remaining active complaint.  Richard Sinclair opposed the motion, arguing that Defendants may be able to revive the claims contained in the Counterclaim. Doc. 1019, 6:18-21.  Richard Sinclair then made a motion to amend the scheduling order to reinstate the Counterclaim. Doc. 1027.

The Magistrate Judge recommended denying Richard Sinclair's motion as part of a Findings and Recommendations. Doc. 1060.  Brandon and Richard Sinclair objected. Docs. 1061 and 1062.  Upon review, the Findings and Recommendations were adopted in full. Doc. 1070.  Brandon and Richard Sinclair have appealed that order. Docs. 1072 and 1073.  As the question of whether the Counterclaim can be revived is before the Ninth Circuit, entry of final judgment in favor of Katakis is not appropriate at this point.

IT IS SO ORDERED.

Dated:   November 18, 2014                         _____
                                                                            SENIOR  DISTRICT  JUDGE