# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, a California Nonprofit Mutual Benefit Corporation, et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**MAUCTRST, LLC, et al.,**<br><br>**Defendants** | **CASE NO. 1:03-CV-5439 AWI SAB**<br><br>**ORDER RE: MOTION FOR CONTINUANCE** |

The default judgment prove-up hearing is set for May 10, 2016. On May 5, 2016, Defendant Richard Sinclair filed an ex parte motion to continue the hearing for at least 90 days. Doc. 1217. Sinclair makes two arguments. First, he asserts that he is preparing to file a "Rule 60d" motion based on an assertion of "fraud on the Court." Sinclair states "this default judgment hearing is not 'final' and would be subject to change if that motion/equity suit is successful." The term "Rule 60d" appears to reference Fed. Rule Civ. Proc. 60(d)(3) which provides for setting aside a judgment based on fraud on the court. However, Sinclair states that an earlier attempt to file this motion was "blocked in State Court Stanislaus County, by Mr. Durbin, due to Richard Sinclair's bankruptcy. The Bankruptcy Trustee by email in April, has now indicated that they release this matter for Richard Sinclair to refile" which suggests that Sinclair will be filing a motion in state court to reverse the 2009 state court judgment. It is not clear what motion Sinclair is planning to file. There is no explanation for why any reconsideration of the state court case would affect this default judgment, which is being imposed as a litigation sanction against the remaining Defendants for a consistent pattern of violating court orders. Second, Sinclair states

1 that due to his stroke last summer, his license has been suspended until the end of May.  He "has
2 no way to attend the hearing on the 10th of May, 2016 without his license and a vehicle. I have
3 limited funds and no way to get to the hearing."  The hearing date of May 10, 2016 has been set
4 since January 14, 2016; Sinclair has been on notice for months of this date and has attempted to
5 file several documents in preparation for the hearing.  Though he cannot drive himself, he has had
6 ample time to find some alternate form of transportation and must do so now.

7      Richard Sinclair's motion to continue the default judgment prove-up hearing is DENIED.

IT IS SO ORDERED.

Dated:   May 6, 2016                        _____
                                                  SENIOR  DISTRICT  JUDGE