# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FOX HOLLOW OF TURLOCK OWNER'S ASSOCIATION, a California Nonprofit Mutual Benefit Corporation, et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**MAUCTRST, LLC, et al.,**<br><br>**Defendants** | CASE NO. 1:03-CV-5439 AWI SAB<br><br>ORDER RE: MOTION FOR RECONSIDERATION<br><br><br>Doc. 1243 |

This dispute arises out of a housing development known as Fox Hollow of Turlock ("Property"). Plaintiff Fox Hollow of Turlock Homeowners' Association ("Fox Hollow HOA") is the homeowner's association. Plaintiff California Equity Management Group, Inc. ("CEMG") is the record owner of lots contained within the Property. Fox Hollow HOA, CEMG, and Andrew Katakis (collectively "Plaintiffs") are represented by the same counsel, D. Greg Durbin, and form one side of the litigation. Defendants Lairtrust, LLC ("Lairtrust"), Capstone, LLC ("Capstone"), Mauctrst, LLC ("Mauctrst") (collectively "LLC Defendants") are limited liability companies that were allegedly used to convert homeowners' association funds, effect property transfers, and commit other acts. Defendants Richard Sinclair, Brandon Sinclair, and Gregory Mauchley (collectively "Individual Defendants") were principals, directors, or employees of the LLC Defendants (collectively "Defendants").

In 1988, Richard Sinclair and his wife purchased the Property and obtained approval from the City of Turlock to construct a 35 unit town house complex. They obtained a loan secured by a deed of trust on the Property. They built an apartment complex on the Property. In 1992, Richard

Sinclair and his wife defaulted on the loan.  They obtained approval to subdivide the Property into 19 lots but did not complete the subdivision.  On June 8, 1994, Richard Sinclair filed for bankruptcy.  In 1995, Stanley Flake as Trustee of the Julie Insurance Trust purchased the Property.  In 1997 or 1998, Gregory Mauchley and Mauctrst acquired the Property.  Gregory Mauchley and Mauctrst obtained loans secured by the individual lots on the Property from various third parties.  They fell into default on those loans.  Fox Hollow HOA was established in December 2000.  Plaintiffs allege the Individual and LLC Defendants collected homeowners' association dues on lots already sold to help pay the cost of foreclosure litigation.  Through various legal processes and foreclosure, CEMG became the owner of 8 lots on the Property.  Defendants challenge CEMG's ownership based on allegations of wrongful foreclosure and interference with contract.

This case is a consolidation of three related cases: an action commenced by Fox Hollow HOA against the Individual Defendants, LLC Defendants, and Stanley Flake as Trustee of Capstone Trust, Case No. CV-F-03-5439 ("Fox Hollow Action"); an action commenced by CEMG against the Individual Defendants, LLC Defendants, Diana Mauchley, Deborah Sinclair, Sinclair Enterprises, Inc., Stanley Flake, and Stanley Flake as Trustee of the F. Hanse Trust and of the Julie Insurance Trust Case No. CVF- 03-5774 ("CEMG Action"); and an action commenced by the LLC Defendants against Plaintiffs in the Stanislaus County Superior Court, Case No. 322675 ("Lairtrust Action").  These actions were removed to this court and consolidated on October 6, 2003.  The main operative complaint ("Consolidated Federal Action") traces back to the CEMG Action and Fox Hollow Action. Doc. 410.  The primary subject matter of the Consolidated Federal Action concerns allegations that Defendants used the Fox Hollow HOA to frustrate Plaintiffs' attempts to subdivide and sell the Property in violation of the Racketeering and Corrupt Organizations Act.  The dispute over ownership of the individual lots is not part of the Consolidated Federal action.  Defendants had three complaints alleging causes of action against Plaintiffs.  The LLC Defendant filed the Lairtrust Action. Doc. 80.  The Individual Defendants filed a document termed a cross-complaint ("Cross-Complaint) against Plaintiffs. Doc. 425.  Lairtrust filed a counterclaim ("Counterclaim") against Plaintiffs. Doc. 471.

This federal case has proceeded in parallel to a related state court case (Stanislaus County

Superior Court, Case No. 332233, originally filed on April 24, 2003) in which the Individual Defendants and LLC Defendants filed suit against Plaintiffs ("State Court Action").[1] Plaintiffs also filed a cross-complaint against Richard Sinclair, Gregory Mauchley, and Mauctrst for abuse of process. The State Court Action dealt with the dispute over the foreclosure process (connected with the mortgages obtained in 1997-1998) and ownership of the individual lots on the Property. The parties filed a notice of settlement on July 16, 2007 ("2007 Settlement"). Doc. 303. Though the 2007 Settlement was meant to resolve all issues in both federal and state court cases, it did not accomplish that purpose. In the State Court Action, it was determined that the 2007 Settlement was unenforceable. A 36 day bench trial was held, starting on December 9, 2008. On August 18, 2009, the Superior Court issued its judgment, finding in favor of the defending parties on all claims; that court found in favor of Plaintiffs on the main complaint and Defendants on the cross-complaint. Doc. 433, Part 8. The parties appealed. On January 23, 2013, the Fifth District Court of Appeal issued an opinion affirming the trial court decision, largely on grounds of unclean hands. Doc. 923-22; Sinclair v. Katakis, 2013 Cal. App. Unpub. LEXIS 509 (Cal. App. 5th Dist. Jan. 23, 2013). On April 10, 2013, the California Supreme Court denied the petition for review. Sinclair v. Katakis, 2013 Cal. LEXIS 3119 (Cal. Apr. 10, 2013).

It was determined earlier that Defendants' claims against Plaintiffs involved issues being litigated in the State Court Action; the court ordered a stay on the parts of this case related to those issues. Docs. 473 and 563. After the State Court Action reached a final resolution, the Lairtrust Action and Cross-Complaint were dismissed due to res judicata. Doc. 1014. Meanwhile, Plaintiffs settled their dispute with Stanley Flake, individually and in his capacity as Trustee of the Julie Insurance Trust and the Capstone Trust, Gregory Mauchley, Diana Marchley, and Mauctrst. Docs. 1009 and 1179.

Throughout the long history of this case, multiple judges have sanctioned Defendants

---

[1] The Plaintiffs in this case are defendants in the State Court Action while Defendants are plaintiffs in that case. When quoting from documents of the State Court Action, the court has changed the references to conform with the status of the parties in this federal case in an attempt to avoid confusion. Plaintiffs are always Andrew Katakis, CEMG, and Fox Hollow HOA or some subset thereof. Defendants are always Richard Sinclair, Brandon Sinclair, Gregory Mauchley, Lairtrust, Capstone, and Mauctrst, or some subset thereof.

(Richard Sinclair in particular) for failure to follow rules and court orders.  The Counterclaim contained a mix of stayed and unstayed claims; District Judge Oliver Wanger ordered Lairtrust to file an amended pleading to clarify that distinction. Doc. 667.  Lairtrust's first amended Counterclaim complaint did not obey the earlier order; Lairtrust was again ordered to file an amended pleading that explicitly distinguished between the stayed claims and the unstayed claims. Doc. 860.  Lairtrust's second amended Counterclaim complaint again failed to follow the court's direction; Lairtrust was given one last opportunity to obey and specifically warned that failure to comply would result in dismissal of the Counterclaim as a litigation sanction. Doc. 891.  The third amended Counterclaim complaint again flouted the court's earlier orders; consequently, the Counterclaim was dismissed with prejudice. Doc. 1014.

Plaintiffs made a request for production in December 2010.  Defendants did not provide an adequate response.  In June and August 2011, Magistrate Judge Dennis Beck granted Plaintiffs' motions to compel, ordering Richard Sinclair, Brandon Sinclair, Lairtrust, and Capstone (collectively "Sinclair Defendants") to provide supplemental responses to each request for production. Docs. 613 and 727.  Additionally, Judge Beck sanctioned Richard and Brandon Sinclair for not acting in good faith in trying to resolve the discovery dispute. Doc. 613.  Richard Sinclair sought reconsideration of the order. Doc. 621.  Judge Wanger denied reconsideration. Doc. 763.  On September 28, 2012, this court found that the Sinclair Defendants had not yet complied with the discovery orders and warned that serious monetary and litigation sanctions would be imposed for continued disobedience on this issue. Doc. 860.  After receiving some additional documents, Plaintiffs made another motion for sanctions on this matter. Doc. 905.  On March 31, 2014, this court found that the Sinclair Defendants had not yet completely responded to the request for production; however, as they had taken some steps to comply, sanctions were not imposed at that time. Doc. 1014.  The Sinclair Defendants provided more documents and Plaintiffs made another motion for sanctions. Doc. 1032.  On August 29, 2014, Magistrate Judge Stanley Boone concluded that Sinclair Defendants had, once again, failed to comply with the discovery orders and recommended that default judgment against them be granted as a litigation sanction. Doc. 1060.  That Findings and Recommendation was adopted in full; the

4

Sinclair Defendants' answers to the Consolidated Federal Action were stricken from the record and default was entered against them. Doc. 1070.

Richard Sinclair filed bankruptcy. Doc. 1078. However, the bankruptcy court lifted the automatic stay with regards to this case and is permitting claims against Richard Sinclair to proceed in this case. Doc. 1091. On May 10, 2016, a default judgment prove up hearing was held on the claims contained in the Consolidated Federal Action. Doc. 1220. Plaintiffs made an appearance and presented evidence, but Defendants did not. Plaintiffs were ultimately awarded $8,705,832.30 and granted declaratory relief. Doc. 1238

Richard Sinclair has now filed a motion for reconsideration. Doc. 1243. His brief is not altogether clear, but it appears that he is seeking to have the judgment in the State Court Action overturned on the basis that Andrew Katakis committed fraud on the court in the state case. In this motion, he states

> Andrew Katakis was granted judgment against Defendant Sinclair on the basis of Unclean Hands submitted in the retiring brief of Defendant in case no 332233, Stanislaus County. We request the court to reconsider its decision on the basis of Corporations Code 2010. MR. KATAKIS WAS CHARGED AND CONVICTED OF CRIMINAL FORECLOSURE FAUD IN US. V. Chandler case no 11-511 in Sacramento USDC EADC. Katakisk not Sinclair has also had Obstruction of Justice added to his charges on May 8, 2013 for destroying evidence and refusing to comply with FBI attempts to complete discovery....He did the same criminal foreclosure fraud and Obstruction of Justice in Sinclair v. Fox Hollow case no: 332233, Stanislaus County Superior Court.
>
> Since he is now IN PRISON for committing the same crime against someone else, I request this Court to reconsider it's decision, since it was approved based on untrue facts in closing brief submitted by the knowingly untruthful Mr. Katakis. Please be reminded that in 2001, Mr. Katakis told me out of court, that 'he would use his entire $60 million to take me down.' His criminal actions are all premeditated.
>
> Sinclair has filed a reconsideration motion on the incorrect decision in 332233 Stanislaus County State Court to rectify it's decision due to Andrew Katakis's foreclosure fraud imprisonment.

Doc. 1243, Brief, 2:1-20. In his reply, Richard Sinclair asks that "A NEW TRIAL SHOULD BE GRANTED AND THE SETTLEMENT AGREEMENT REINSTATED AND THE DEBTS DISCHARGED." Doc. 1246, Reply, at 2. His main complaint is "The perpetration of Criminal foreclosure Fraud on Sinclair's to obtain Fox Hollow is clearly Fraud on the Court committed by Andrew Katakis and Greg Durbin and McCormick Barstow." Doc. 1246, Reply, at 3. These are

5

1 | all issues that are part of the State Court Action, not the present case.  The default judgment and
2 | damage award in this court is based on the Consolidated Federal Action.  The main substance of
3 | the Consolidated Federal Action centers on Defendants' actions to frustrate Plaintiffs'
4 | development of the Property in violation of the Racketeering and Corrupt Organizations Act.  The
5 | State Court Action concerns the dispute over ownership of individual lots of the Property and the
6 | associated foreclosures.  This court must accept as res judicata the judgment in the State Court
7 | Action.  The requests to reinstate the 2007 Settlement and to discharge his mortgage debt make
8 | clear that the aim of the motion is to reverse the State Court Action.

A combination of "misleading, inaccurate, and incomplete responses to discovery requests, the presentation of fraudulent evidence, and the failure to correct the false impression" can constitute fraud on the court.  Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1132 (9th Cir. 1995).  However, Richard Sinclair's allegations are not well substantiated and appear to pertain to the State Court Action; those allegations do not automatically apply to the present case.  He does state "I request this Court to reconsider it's decision, since it was approved based on untrue facts in closing brief submitted by the knowingly untruthful Mr. Katakis." Doc. 1243, Brief, 2:13-15.  Richard Sinclair has not stated what the allegedly untrue facts are.  Based on the limited detail he provides in his brief, the court presumes that he is referring to facts adjudicated in the State Court Action.  The appropriate forum for challenging these facts is the California state court system:

> Federal courts have expressed hostility to the proposition that a mere allegation that a previous judgment was obtained by 'fraud on the court' defeats the defense of res judicata. The federal courts will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action for damages. Such a claim is inconsistent with the facts underlying the prior judgment....The proper avenue for relief by a party who believes that a previous judgment was procured by fraud on the court is for the party to bring a post-judgment motion or an independent action in equity to vacate the judgment.  The universal rule in the federal courts, however, is that an equitable action to set aside a judgment may only be heard by the court whose judgment is challenged.  Thus, if plaintiff believes that the Probate Court judgment was induced by fraud, his remedy is to seek relief in the Probate Court, not to bring a collateral attack in the federal court.

LaMie v. Wright, 2014 U.S. Dist. LEXIS 59322, *32-33 (W.D. Mich. Mar. 14, 2014), citations omitted.  The judgment in the State Court Action can only be modified in state court.  Richard Sinclair has not shown how Andrew Katakis or any Plaintiff has committed fraud on the court in

this case.

Richard Sinclair's motion is DENIED.

IT IS SO ORDERED.

Dated:  May 11, 2018                         _____
                                             SENIOR  DISTRICT  JUDGE